UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) | C/A No.   2:13-cv-01831-DCN |
| Plaintiff, | ) ) | |
| Versus | ) ) ) | **VERIFIED COMPLAINT** **(Jury Trial Demanded)** |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually, and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, South Dakota Trust Company, LLC as co-Trustee of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, Friendship Management, LLC, Friendship Partners, LP, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Now comes Plaintiff, Keith Wellin, by his undersigned attorneys and files this Complaint alleging the following:

## **PARTIES**

1.     Plaintiff, Keith Wellin, is and was at all times mentioned, domiciled in and a citizen of the State of South Carolina.

2.     Defendant Peter Wellin is, and was at all times mentioned, domiciled in and a citizen of the State of Maine.

3.     Peter Wellin is being sued in his individual capacity and in his capacity as co-Trustee and beneficiary of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

4.     Defendant Cynthia W. Plum is, and was at all times mentioned, domiciled in and a citizen of the State of Pennsylvania.

5.      Cynthia W. Plum is being sued in her individual capacity and in her capacity as co-Trustee and beneficiary of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

6.      Defendant Marjorie W. King is, and was at all times mentioned, domiciled in and a citizen of the State of Washington.

7.      Marjorie W. King is being sued in her individual capacity and in her capacity as co-Trustee and beneficiary of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

8.      Defendant South Dakota Trust Company, LLC is a Limited Liability Company organized under the laws of the State of South Dakota.

9.      South Dakota Trust Company, LLC is being sued in its capacity as co-Trustee of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

10.     Friendship Management, LLC is a Limited Liability Company organized under the laws of the State of Delaware.

11.     The registered agent for Friendship Management, LLC is Nationwide Information Services, Inc., 3500 South DuPont Highway, Dover, DE, 19901.

12.     Friendship Partners, LP is a Limited Partnership organized under the laws of the State of Delaware.

13.     The registered agent for Friendship Partners, LP is Nationwide Information Services, Inc., 3500 South DuPont Highway, Dover, DE, 19901.

## VENUE AND JURISDICTION

14.     The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

15.     Every issue of law and fact is wholly between citizens of different states.

16.     The United States District Court for the District of South Carolina has jurisdiction over this claim based on diversity jurisdiction pursuant to 28 U.S.C. § 1331.

17.     Venue is proper in this District and the Charleston Division pursuant to 28 U.S.C. § 1391(b)(2) and L.R. 3.01(A)(1) because a substantial part of the transactions or occurrences underlying Plaintiff's claims occurred within the Charleston Division of this District.

18.     Plaintiff received communication from Defendants regarding the three transactions that are the subject of this case while he was residing in Charleston, SC.

19.     Plaintiff executed the documents effectuating the three transactions that are the subject of this case in Charleston, SC.

## FACTUAL ALLEGATIONS

20.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

21.     Plaintiff is an 86 year-old entrepreneur and Wall Street investor.

22.     In the 1960s, Plaintiff purchased a large amount of Class A Berkshire Hathaway common shares.  The value of those shares have since grown and, with other investments, resulted in substantial wealth for the Plaintiff.

23.     Plaintiff is married to Wendy Wellin.

24.     Plaintiff has three children from a prior marriage: Defendants Peter J. Wellin, Marjorie W. King, and Cynthia W. Plum.

**Plaintiff's Estate Planning**

25.     As he grew older, Plaintiff sought to manage his assets in such a manner that his spouse, his children, his grandchildren, and future generations would be provided for financially with the least amount of tax consequences possible.

26.    The Keith S. Wellin Florida Revocable Living Trust was created on December 11, 2001.  Plaintiff was named Trustee, his son Defendant Peter Wellin as successor Trustee, and his daughter Defendant Cynthia W. Plum as backup successor Trustee.  Plaintiff held certain assets in this trust during his lifetime.

27.    Friendship Management, LLC, a Delaware Limited Liability Company was formed on December 8, 2003.

28.    The members of Friendship Management, LLC are The 2003 KSW Family Trust (40%), Defendant Peter Wellin (20%), Defendant Marjorie King (20%), and Defendant Cynthia Plum (20%).

29.    Pursuant to the Operating Agreement, Defendant Cynthia W. Plum is the sole Manager of Friendship Management, LLC and will serve in that capacity until the Plaintiff's death.

30.    Friendship Partners LP, a Delaware Limited Partnership with Plaintiff, as limited partner, and Friendship Management, LLC, as general partner, was formed on December 12, 2003.

31.    Plaintiff transferred 896 shares of Class A Berkshire Hathaway common shares (hereinafter BRKa) to Friendship Partners, LP upon the partnership's formation.

32.    Plaintiff owned 98.90% of Friendship Partners LP and the remaining percentage was owned by Friendship Management, LLC.

33.    In 2007, Plaintiff Keith S. Wellin, in his individual capacity, was replaced as limited partner by Plaintiff Keith S. Wellin, Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d 12/11/01.

**Plaintiff's Health**

34.    In 2006, Plaintiff's health began to deteriorate.

35.     On May 23, 2006, Plaintiff executed a Florida General Power of Attorney and a New York Durable General Power of Attorney making his physician son, Defendant Peter J. Wellin, his attorney-in-fact.  These documents also made Defendant Cynthia W. Plum Plaintiff's successor attorney-in-fact.  Plaintiff executed both documents from his home in Charleston, SC.

36.     On September 20, 2006, Plaintiff executed a South Carolina General Durable Power of Attorney, a Georgia Financial Power of Attorney, and a Maine General Durable Power of Attorney, all appointing his physician son, Defendant Peter Wellin, his attorney-in-fact. These documents made Defendant Cynthia W. Plum Plaintiff's successor attorney-in-fact.

37.     In or around 2008, Plaintiff was diagnosed with and treated for tongue cancer.

38.     In and throughout 2009, the Plaintiff experienced other adverse health problems which required him to take various medications.

39.     In 2011, Plaintiff suffered a stroke.

40.     Plaintiff's medical conditions and medications at times rendered him unable to manage the complexities of his financial affairs.

41.     Due to Plaintiff's age and temporary and permanent health problems, he relied upon Defendant Peter Wellin's knowledge, expertise, personal integrity and relationship as his son and placed special trust and confidence in him regarding the care, welfare and administration of Plaintiff's property and assets.

42.     Due to Plaintiff's age and temporary and permanent health problems, he relied upon Defendant Cynthia W. Plum's education, knowledge, expertise, personal integrity and relationship as his daughter and placed special trust and confidence in her regarding the care, welfare and administration of Plaintiff's property and assets.

43.     At all times relevant to the allegations contained in this Complaint, Defendant Peter J. Wellin was empowered to act on Plaintiff's behalf and bind Plaintiff in business transactions by way of five (5) different powers of attorney.

44.     At all times relevant to the allegations contained in this Complaint, Plaintiff reposed special confidence in Defendant Peter Wellin to act in good faith with respect to Plaintiff's interests.

45.     At all times relevant to the allegations contained in this Complaint, Plaintiff reposed special confidence in Defendant Cynthia W. Plum to act in good faith with respect to Plaintiff's interests.

46.     At all times relevant to the allegations contained in this Complaint, Plaintiff was in a confidential relationship with his son, Defendant Peter Wellin, as his attorney-in-fact, who had the highest fiduciary duty under the law.

47.     At all times relevant to the allegations contained in this Complaint, Plaintiff was in a confidential relationship with his daughter, Defendant Cynthia W. Plum, as his successor attorney-in-fact, who had the highest fiduciary duty under the law.

48.     Due to the serious breaches of fiduciary duty committed by Defendants Peter Wellin and Cynthia W. Plum, which are described below, Plaintiff revoked the five Durable Powers of Attorney on June 20, 2013.

49.     Defendant has named his wife, Wendy Wellin, as his new attorney-in-fact.

**The November 2009 Transaction**

50.     In November 2009, Defendant Peter Wellin visited Plaintiff to propose that the Plaintiff execute a two-part "tax advantaged transaction" (hereinafter the "November 2009 Transaction").

6

51.    This conversation took place in Charleston, SC.

52.    Defendants Peter Wellin and Cynthia W. Plum failed to inform Plaintiff that this transaction would actually cause Plaintiff to lose control of his limited partnership interest and expose Plaintiff to significant income tax liability without corresponding access to cash flow, which could render him bankrupt.

53.    Defendants Peter Wellin and Cynthia W. Plum failed to raise any concern with Plaintiff that the November 2009 Transaction would severely decrease Plaintiff's net worth and liquidity.

54.    Defendants Peter Wellin, Cynthia W. Plum and Marjorie W. King participated in the execution of documents to effectuate the November 2009 Transaction.  All were fully aware that the November 2009 Transaction would substantially decrease Plaintiff's net worth and liquidity.

55.    Defendants Peter Wellin and Cynthia W. Plum induced the Plaintiff to create the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009 (hereinafter "Wellin Family 2009 Irrevocable Trust.").  The Wellin Family 2009 Irrevocable Trust was created on November 2, 2009.

56.    The trustees of the Wellin Family 2009 Irrevocable Trust are (1) Defendant Peter Wellin; (2) Defendant Marjorie W. King; (3) Defendant Cynthia W. Plum; and (4) Defendant South Dakota Trust Company, LLC.

57.    The beneficiaries of the Wellin Family 2009 Irrevocable Trust are (1) Defendant Peter Wellin; (2) Defendant Marjorie W. King; and (3) Defendant Cynthia W. Plum, and their respective issue.

58.     Defendants Peter Wellin and Cynthia W. Plum then induced the Plaintiff to sell his 98.90% limited partnership interest in Friendship Partners LP to the newly formed Wellin Family 2009 Irrevocable Trust.

59.     At the time of the sale of Plaintiff's partnership interest, the value of the 896 BRKa shares originally held by Plaintiff and then held by Friendship Partners LP, was approximately $90,000,000.

60.     In return for selling his 98.90% interest in Friendship Partners LP, Plaintiff received a Promissory Note (hereinafter "Note") with a nominal of $49,802,115.00 from the Wellin Family 2009 Irrevocable Trust.

61.     The terms of the Note show that it was not a fair market transaction.

62.     The principal amount of the Note was not due for nine (9) years and was not callable prior to the maturity date.

63.     When the Note comes due, repayment is not required to be made in cash, but rather can be made by transferring an illiquid limited partnership interest in Friendship Partners LP back to the Plaintiff, with respect to which the Plaintiff has no right to compel distributions or liquidation.

64.     The Note contains only a nominal interest rate. Under the terms of the Note, interest could be paid with (i) interests in Friendship Partners LP, or (ii) another note in the amount of the interest, with terms substantially similar to the original Note.

65.     The appraisal for Plaintiff's partnership interest was significantly undervalued.

66.     Plaintiff unknowingly sold his partnership interest for less than market rate while also retaining the income tax liability should any of the BRKa shares be sold.

67.     Today, a sale of the Plaintiff's 896 BRKa shares held by the Friendship Partners LP would generate approximately forty million dollars ($40,000,000.00) in tax liability to the Plaintiff, which would lead to Plaintiff's insolvency.

68.     Prior to Spring 2013, Plaintiff did not know or understand that he had lost all control over and access to his securities, which are now solely in control of his children through the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Friendship Partners, LP.

69.     Defendant Peter Wellin induced the Plaintiff to execute the November 2009 Transaction while he was Plaintiff's attorney-in-fact and in a confidential relationship with the Plaintiff.

70.     Defendants Peter Wellin and Cynthia W. Plum orchestrated the November 2009 Transaction at a time when Plaintiff was vulnerable and unable to appreciate the complexities of the transaction.

**2013 Gifts**

71.     In January of 2013, Plaintiff received a financial statement from UBS stating that he had in excess of $220 million in liquid assets.

72.     Unbeknownst to Plaintiff, this financial statement actually included assets of the Friendship Partners, LP which were not assets that Plaintiff had within his control or possession.

73.     Based upon this financial statement, Plaintiff mistakenly believed that he had the financial capacity to make substantial gifts to his children without damaging his own liquidity. Accordingly, he liquidated enough shares of BRKa to make a gift of $10,000,000 each to Defendants Peter Wellin, Defendant Cynthia W. Plum, and Defendant Marjorie W. King (hereinafter the "2013 Gifts").

74.     Plaintiff was in a compromised mental state at the time of the 2013 Gifts due to his health conditions and medications.  Also, at this time, Plaintiff was in a fiduciary and confidential relationship with his son, whom he had appointed his attorney in fact, and relied upon his son's advice and counsel with regard to the 2013 Gifts.

75.     He also gifted $10 million to his wife, Wendy Wellin.

76.     Plaintiff mistakenly believed that he had liquid assets in such an amount sufficient to cover the 2013 Gifts and allow his to retain sufficient liquid assets to maintain his lifestyle and cover gifts intended in his Will and Revocable Trust, of which Defendant Peter Wellin was aware.

77.     In order to give the 2013 Gifts, the Plaintiff liquidated stock into cash which caused Plaintiff to owe substantial sums to the IRS in both income tax and gift tax.  This liquidation was at the behest of Defendant Peter Wellin, as a gift of stock would have required the Defendants to pay any income tax due when they liquidated the stock.

78.     As a result of the 2013 Gifts, the Plaintiff now faces income tax liability in the amount of approximately $27 million.

79.     Plaintiff did not know that making the 2013 gifts would so drastically decrease his financial assets to the point of insolvency.

80.     Plaintiff did not know the full impact of the tax consequences of the 2013 Gifts.

81.     Defendants Peter Wellin and Cynthia W. Plum, failed to raise the issue of the tax consequences Plaintiff would incur in making the 2013 Gifts to the individual Defendants.

82.     Defendants Peter Wellin and Cynthia W. Plum failed to inform Plaintiff that making the 2013 Gifts would leave Plaintiff in a precarious financial situation.

83.     Defendants Peter Wellin and Cynthia W. Plum failed to inform Plaintiff that the financial statement issued by UBS did not accurately reflect Plaintiff's actual financial condition.

84.     Defendants Peter Wellin and Cynthia W. Plum failed to encourage, suggest or insist that Plaintiff obtain independent, professional legal advice regarding thes2013 Gifts.

85.     Defendant Peter Wellin discussed the 2013 Gifts with Plaintiff's long-time accountant, who advised against the gifts.  Plaintiff himself did not have an opportunity to speak to his accountant.

86.     Defendant Peter Wellin failed to consult the Plaintiff's long-time tax lawyer regarding the 2013 Gifts, even though Defendant Peter Wellin regularly consulted with such attorney regarding the Plaintiff's estate planning.

87.     Defendant Peter Wellin improperly used the confidential relationship imposed upon him by each of the five (5) Durable Powers of Attorney in failing to advise Plaintiff as to the financial and tax effects of the 2013 Gifts and in actively encouraging him to incur the additional income tax liability caused by making the 2013 Gifts in cash rather than stock.

88.     Through the November 2009 transaction and the 2013 Gifts, Defendants Peter Wellin, Cynthia W. Plum and Marjorie W. King have taken advantage of their vulnerable father and effectively siphoned off a substantial portion of Plaintiff's assets, leaving Plaintiff with such a large tax liability that he will soon be insolvent.

### FOR A FIRST CAUSE OF ACTION
**(Breach of Fiduciary Duty as to Peter Wellin)**

89.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

90.     Defendant Peter Wellin acted as an agent for Plaintiff pursuant to five (5) different Durable Powers of Attorney.

91.     Defendant Peter Wellin, in accepting appointment under one or more of the Florida General Power of Attorney, South Carolina Durable General Power of Attorney, Georgia Financial Power of Attorney, New York Durable General Power of Attorney and Maine General Durable Power of Attorney, all appointing his son, Defendant Peter Wellin, his attorney-in-fact, accepted this fiduciary duty.

92.     At the time of the transactions at issue, Defendant Peter Wellin was a successor trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 and, therefore, owed Plaintiff a fiduciary duty.

93.     Defendant Peter Wellin owed Plaintiff the utmost duty of care, loyalty and good faith.

94.     Plaintiff reposed a special confidence and trust in Defendant Peter Wellin and Defendant owed Plaintiff a fiduciary duty to act in Plaintiff's best interests.

95.     Defendant Peter Wellin, as Plaintiff's attorney-in-fact, had a fiduciary duty of loyalty to the Plaintiff.

96.     Defendant Peter Wellin, under the duty of loyalty, had the obligation to act in the best interests of Plaintiff.

97.     Defendant Peter Wellin breached his fiduciary duty to Plaintiff by, among other things:

     a.  Failing to safeguard Plaintiff's funds;

     b.  Failing to act in Plaintiff's best interests;

     c.  Breaching his duty of loyalty to the Plaintiff;

     d.  Failing to fully inform Plaintiff of the impact on Plaintiff's financial condition the November 2009 Transaction and 2013 Gifts would have;

     e.  Failing to fully inform Plaintiff of the tax implications the November 2009 Transaction and 2013 Gifts;

f.  Making misrepresentations to Plaintiff about Plaintiff's financial condition and the consequences of the November 2009 Transaction and the 2013 Gifts;

g.  Violating the terms of the five Durable Power of Attorney documents under which he was designated Plaintiff's attorney-in-fact;

h.  Misleading Plaintiff;

i.  Taking advantage of Plaintiff's compromised mental state, whether due to medications or temporary or permanent physical conditions or illnesses;

j.  Retaining Plaintiff's funds for his own benefit;

k.  Putting Defendant's own personal interests over those of Plaintiff; and

l.  Failing to reimburse Plaintiff for the 2009 Transaction and 2013 Gifts

98.  Defendant/Agent Peter Wellin is responsible to Plaintiff, as his principal, for any and all losses, including interest, lost appreciation on the BRKa shares, gift and income taxes incurred, and attorney fees that occurred as a result of Peter Wellin's negligence or bad faith.

99.  There is a presumption of undue influence as Defendant Peter Wellin was in a confidential relationship with Plaintiff and there were suspicious circumstances surrounding the preparation, formulation, or execution of the November 2009 Transaction and the 2013 Gifts.

100.  The Plaintiff suffered financial loss as a direct and proximate result of Defendant Peter Wellin's breach of fiduciary duty.

101.  Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

102.  Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as this Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty as to Cynthia W. Plum)

103.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

104.    Defendant Cynthia W. Plum was appointed Successor Power of Attorney under Plaintiff's Florida General Power of Attorney, South Carolina General Durable Power of Attorney, Georgia Financial Power of Attorney, New York General Durable Power of Attorney and Maine General Durable Power of Attorney and, therefore, owed Plaintiff a fiduciary duty.

105.    At the time of the transactions at issue, Defendant Cynthia W. Plum was a backup successor trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 and, therefore, owed Plaintiff a fiduciary duty.

106.    Defendant Cynthia W. Plum owed Plaintiff the utmost duty of care, loyalty and good faith.

107.    Plaintiff reposed a special confidence and trust in Defendant Cynthia W. Plum and Defendant owed Plaintiff a fiduciary duty to act in Plaintiff's best interests.

108.    Defendant Cynthia W. Plum had a fiduciary duty of loyalty to the Plaintiff.

109.    Defendant Cynthia W. Plum, under the duty of loyalty, had the obligation to act in the best interests of Plaintiff.

110.    Defendant Cynthia W. Plum breached her fiduciary duty to Plaintiff by, among other things:

    a.    Failing to safeguard Plaintiff's funds;

    b.    Failing to act in Plaintiff's best interests;

    c.    Breaching her duty of loyalty to the Plaintiff;

    d.    Failing to fully inform Plaintiff of the impact on Plaintiff's financial condition the November 2009 Transaction and 2013 Gifts would have;

e.   Failing to fully inform Plaintiff of the tax implications the November 2009 Transaction and 2013 Gifts;

f.   Violating the terms of the five Durable Power of Attorney documents under which she was designated Plaintiff's successor attorney-in-fact;

g.   Misleading Plaintiff;

h.   Taking advantage of Plaintiff's compromised mental state, whether due to medications or temporary or permanent physical conditions or illnesses;

i.   Retaining Plaintiff's funds for her own benefit;

j.   Putting her own personal interests over those of Plaintiff; and

k.   Failing to reimburse Plaintiff for the 2009 transaction and 2013 Gifts

111.   Defendant/Agent Cynthia W. Plum is responsible to Plaintiff, as her principal, for any and all losses, including interest, lost appreciation on the BRKa shares, gift and income taxes incurred, and attorney fees that occurred as a result of her negligence or bad faith.

112.   There is a presumption of undue influence as Defendant Cynthia W. Plum was in a confidential relationship with Plaintiff and there were suspicious circumstances surrounding the preparation, formulation, or execution of the November 2009 Transaction and the 2013 Gifts.

113.   The Plaintiff suffered financial loss as a direct and proximate result of Defendant Cynthia W. Plum's breach of fiduciary duty.

114.   Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Cynthia W. Plum for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

115.   Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Cynthia W. Plum for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as this Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR A THIRD CAUSE OF ACTION
### (Aiding and Abetting Breach of Fiduciary Duty as to Marjorie King)

116.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

117.    Defendants Peter Wellin and Cynthia W. Plum breached the fiduciary duties they owed to Plaintiff, as described in the paragraphs above.

118.    Defendant Marjorie W. King knowingly participated in the breach of fiduciary duty by participating in effectuating the November 2009 Transaction.

119.    Defendant Marjorie W. King knowingly participated in the breach of fiduciary duty by supporting, receiving and retaining the 2013 Gifts.

120.    The Plaintiff suffered financial loss as a direct and proximate result of Defendant Marjorie W. King aiding and abetting Defendants Peter Wellin and Cynthia W. Plum's breach of fiduciary duty.

121.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Marjorie W. King for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

122.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Marjorie W. King for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR A FOURTH CAUSE OF ACTION
### (Fraud as to Peter Wellin)

123.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

16

124.    Defendant Peter Wellin made a false representation that the November 2009 transaction was a "tax advantaged transaction" and was in Plaintiff's best interest.

125.    Defendant Peter Wellin made false representations to the Plaintiff that Plaintiff had the solvency to afford the 2013 Gifts and the tax consequences for the same.

126.    The false representations made to the Plaintiff were significant and material representations, leading to Plaintiff's damages.

127.    Defendant Peter Wellin had either knowledge of the falsity of these statements or acted with a reckless disregard for the truth or falsity of the statements.

128.    Defendant Peter Wellin made these representations to Plaintiff with the intent that Plaintiff would act upon the statements by (1) consenting to and executing documents to effectuate the November 2009 Transaction without question and (2) making the 2013 Gifts to the Defendants Peter Wellin, Cynthia W. Plum and Marjorie W. King.

129.    Plaintiff was ignorant of the falsity of Defendant Peter Wellin's representations regarding the alleged tax advantages and financial implications of the November 2009 Transaction.

130.    Plaintiff relied on the truth of the representations made by Defendant Peter Wellin.

131.    Plaintiff had the right to rely on the truth of the statements made by his attorney-in-fact and son, Peter Wellin.

132.    The Plaintiff suffered financial loss as a direct and proximate result of reliance on the Defendant Peter Wellin's above-alleged representations.

133.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

134.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR A FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation as to Peter Wellin)

135.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

136.    Defendant Peter Wellin made a false representation that the November 2009 Transaction was a "tax advantaged transaction" and was in Plaintiff's best interest.

137.    Defendant Peter Wellin made false representations to the Plaintiff that Plaintiff had the solvency to afford the 2013 Gifts and the tax consequences for the same.

138.    Defendant Peter Wellin had a pecuniary interest in making the false representation to the Plaintiff that the 2009 Transaction was in the Plaintiff's best interest.

139.    Defendant Peter Wellin had a pecuniary interest in making the false representation to the Plaintiff that Plaintiff was in a sufficient financial condition to make the 2013 Gifts to the Defendants.

140.    Defendant Peter Wellin owed a duty of care to the Plaintiff to see that truthful information was communicated to the Plaintiff regarding management of Plaintiff's finances and Plaintiff's financial condition.

141.    Defendant breached his duty of care to the Plaintiff by failing to exercise due care and willfully, recklessly and intentionally misrepresenting facts to the Plaintiff.

142.    The Plaintiff was justified in relying on Defendant Peter Wellin's misrepresentations as to the November 2009 Transaction and the 2013 Gifts.

143.    The Plaintiff suffered financial loss as a direct and proximate result of reliance on Defendant's misrepresentations.

144.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

145.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

**FOR A SIXTH CAUSE OF ACTION**
**(Breach of Contract as to Peter Wellin)**

146.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

147.    On May 23, 2006, Plaintiff executed a Florida General Power of Attorney and a New York Durable General Power of Attorney making his son, Defendant Peter J. Wellin, his attorney-in-fact.

148.    On September 20, 2006, Plaintiff executed a South Carolina General Durable Power of Attorney, a Georgia Financial Power of Attorney, and a Maine General Durable Power of Attorney, all appointing his son, Defendant Peter Wellin, his attorney-in-fact.

149.    Each of these written Durable Powers of Attorney is a formal contract that created a principal-agency relationship between Plaintiff and Defendant Peter Wellin.

150.    The contractual principal-agent relationship was predicated upon Defendant Peter Wellin acting in Plaintiff's best interests regarding all transactions related to the Plaintiff.

151.    Defendant Peter Wellin breached each of the Durable Power of Attorney contracts by his false representations, omissions and conduct connected with the November 2009 Transaction and the 2013 Gifts.

152.    Defendant Peter Wellin breached each of the Durable Power of Attorney contracts by inducing Plaintiff to make the 2013 Gifts.

153.    The Plaintiff suffered financial loss as a direct and proximate result of Defendant Peter Wellin's breach of contract.

154.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

155.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract Accompanied by Fraudulent Act)

156.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

157.    For the reasons alleged in Plaintiff's Sixth Cause of Action, Defendant Peter Wellin breached each of the five Durable Power of Attorney contracts that created the agency relationship between Plaintiff and Defendant.

158.    Defendant Peter Wellin breached these contracts by failing to act honestly and in Plaintiff's best interests related to the November 2009 Transaction and the 2013 Gifts.

159.    Defendant Peter Wellin had a fraudulent intent when he breached these contracts.

160.    Defendant Peter Wellin's false representation that the November 2009 Transaction was a "tax advantaged transaction" that was in Plaintiff's best interest was a fraudulent act that shows Defendant's fraudulent intent.

161.    Defendant's actions in connection with the November 2009 Transaction were characterized by dishonesty in fact or unfair dealing.

162.    Defendant Peter Wellin's representation that Plaintiff had the solvency to afford the 2013 Gifts and their tax consequences was a fraudulent act that shows Defendant's fraudulent intent.

163.    Defendant Peter Wellin's failure to inform Plaintiff of the financial consequences of the 2013 Gifts and their tax implications was a fraudulent act that shows Defendant's fraudulent intent.

164.    Defendant's actions in connection with the 2013 Gifts were characterized by dishonesty in fact or unfair dealing.

165.    The Plaintiff suffered financial loss as a direct and proximate result of Defendant Peter Wellin's breach of contract with fraudulent intent.

166.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

167.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

## FOR AN EIGHTH CAUSE OF ACTION
**(Violation of the South Carolina Uniform Securities Act of 2005, S.C. Code §35-1-101, et seq. as to Defendant Peter Wellin, individually and as co-Trustee of the Wellin Family 2009 Irrevocable Trust)**

168.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

169.     The November 2009 Transaction involved a contract of sale, contract to sell, or disposition of a security or interest in a security for value.

170.     Pursuant to the South Carolina Uniform Securities Act of 2005, S.C. Code §35-1-501, it is unlawful for a person, in connection with the offer, sale, or purchase of a security, directly or indirectly:

    a.  to employ a device, scheme, or artifice to defraud;

    b.  to make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c.  to engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

171.     Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, employed a device, scheme, or artifice to defraud Plaintiff in connection with the November 2009 Transaction.

172.     Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, made an untrue statement of a material fact when he told Plaintiff that the November 2009 Transaction was a "tax advantaged transaction" that was in Plaintiff's best interest.

173.     Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, omitted the following material facts necessary to make his statement that the November 2009 Transaction was a "tax advantaged transaction" not misleading:

   a.     Defendant failed to inform Plaintiff of the overall impact the November 2009 Transaction would have on Plaintiff's finances;

   b.     Defendant failed to inform Plaintiff that Plaintiff will lose all access to and control over his assets, but still would be left with tax liability; and

   c.     Defendant failed to inform Plaintiff that the November 2009 Transaction was not advantageous from a tax perspective for Plaintiff during his lifetime.

174.     Through the above-referenced untrue statements of a material fact and omissions, Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, engaged in an act, practice or course of business that operated as a fraud or deceit upon Plaintiff.

175.     Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, entered into the November 2009 Transaction in violation of S.C. Code Ann. §35-1-501.

176.     Plaintiff, as seller in the November 2009 Transaction, was unaware of Defendant's untruths and omissions.

177.    Defendant Peter Wellin, individually and as co-trustee of the Wellin Family 2009 Irrevocable Trust, knew, or in the exercise of reasonable care, could have known of his untruths and omissions.

178.    Defendant Peter Wellin's violation of the South Carolina Uniform Securities Act of 2005, proximately caused Plaintiff significant financial damages.

179.    Under the South Carolina Uniform Securities Act of 2005, Plaintiff is entitled to recover the securities and any income received on the securities, costs, and reasonable attorney's fees to be determined by the court.

## FOR A NINTH CAUSE OF ACTION
### (Constructive Fraud as to Peter Wellin)

180.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

181.    Defendant Peter Wellin made a false representation that the November 2009 transaction was a "tax advantaged transaction" and was in Plaintiff's best interest.

182.    Defendant Peter Wellin made false representations to the Plaintiff that Plaintiff had the solvency to afford the 2013 Gifts and the tax consequences for those gifts.

183.    The false representations made to the Plaintiff were significant and material representations, leading to Plaintiff's damages.

184.    Defendant Peter Wellin had either knowledge of the falsity of these statements or acted with a reckless disregard for the truth or falsity of the statements.

185.    Plaintiff was ignorant of the falsity of Defendant Peter Wellin's statements.

186.    Plaintiff relied on the truth of the representations made by Defendant Peter Wellin.

187.    Plaintiff had the right to rely on the truth of the statements made by his attorney-in-fact and son, Peter Wellin.

188.    Plaintiff was subsequently financially injured by the statements.

189.    Constructive fraud has the same legal effect as actual fraud.

190.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

191.    Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendant Peter Wellin for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon

### FOR A TENTH CAUSE OF ACTION
**(Rescission of 2013 Gifts based on Mistake of Fact as to Defendants Peter Wellin, Cynthia W. Plum and Marjorie W. King)**

192.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

193.    Plaintiff was informed and believed that he had sufficient cash flow to make the 2013 Gifts.

194.    The 2013 Gifts were induced by fraud, error or misrepresentation, which invalidates the 2013 Gifts.

195.    The 2013 Gifts were induced by mistake of fact as to Plaintiff's financial condition and his solvency to make the 2013 Gifts.

196.    The 2013 Gifts were induced by mistake of fact as to the tax consequences of such 2013 Gifts and how significantly the tax consequences would diminish Plaintiff's solvency.

197.     Plaintiff is entitled to rescission of the 2013 Gifts based upon his Mistake of Fact.

## FOR AN ELEVENTH CAUSE OF ACTION
### (Unjust Enrichment as to all Defendants)

198.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

199.     Defendants obtained and wrongfully retained money and securities that belong to the Plaintiff.

200.     Defendants have been unjustly enriched by the retention of these funds.

201.     The Plaintiff suffered financial loss as a direct and proximate result of Defendants' retention of Plaintiff's BRKa shares transferred by the November 2009 Transaction and funds from the 2013 Gifts.

202.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendants, jointly and severally, for actual damages with pre-judgment and post-judgment interest thereon.

203.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined at trial, for the fees and costs of this action, and for such other and further relief as the Court may deem just and proper, all with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit.

## FOR A TWELFTH CAUSE OF ACTION
### (Constructive Trust as to all Defendants)

204.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

205.    There existed a confidential relationship between Plaintiff as the principal and Defendant Peter Wellin as his attorney-in-fact.

206.    Defendant Peter Wellin abused his confidential relationship as Plaintiff's attorney-in-fact by inducing Plaintiff through misrepresentations to make the November 2009 Transaction and 2013 Gifts that transferred significant assets to Defendants.

207.    Plaintiff allowed these transfers in reliance on the above-described representations of Defendant Peter Wellin.

208.    Defendants obtained funds through the November 2009 transaction and 2013 Gifts through fraud, bad faith, abuse of confidence and/or violation of a fiduciary duty, which gives rise to an obligation in equity to make restitution to Plaintiff.

209.    Defendants Peter Wellin, Cynthia W. Plum and Marjorie W. King participated in and ratified the November 2009 Transaction and 2013 Gifts to the detriment of Plaintiff.

210.    All Defendants have retained Plaintiff's assets transferred through the November 2009 Transaction and 2013 Gifts.

211.    All Defendants have been unjustly enriched as a result of the November 2009 Transaction and 2013 Gifts.

212.    The abuse of confidence committed by Defendants Peter Wellin and Cynthia W. Plum with respect to Plaintiff's property renders it unconscionable and inequitable for Defendants to retain the property transferred through the November 2009 Transaction and 2013 Gifts.

213.    The Plaintiff suffered financial loss as a direct and proximate result of Defendants retention of funds from the November 2009 Transaction and 2013 Gifts.

214.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to the imposition of the equitable remedy of a constructive trust.

215.     Based upon the foregoing, Plaintiff is informed and believes that he is entitled to restitution in the amount unjustly retained, including interest and attorney fees and expenses for having to bring this lawsuit.

**FOR A THIRTEENTH CAUSE OF ACTION**
**(Appointment of a Receiver as to Peter J. Wellin, Cynthia W. Plum, Marjorie W. King, and South Dakota Trust Company, LLC, as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009)**

216.     The preceding paragraphs are incorporated by reference as if stated herein verbatim.

217.     Plaintiff has a right under the terms of the Note and the security interest granted by the Trust to secure the Note to the limited partnership interest in Friendship Partners LP that is currently being held by Defendants Peter Wellin, Cynthia W. Plum, Marjorie W. King and South Dakota Trust Company, LLC, as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

218.     The partnership interest currently being held by Defendants Peter Wellin, Cynthia W. Plum, Marjorie W. King and South Dakota Trust Company, LLC as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009 is the subject of this action.

219.     The partnership interest is in the possession of the Defendants as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

220.     Defendants Peter Wellin, Cynthia W. Plum, Marjorie W. King and South Dakota Trust Company, LLC as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d

November 2, 2009 could sell or encumber the partnership interest that is the subject of this suit, causing irreparable harm to the Plaintiff.

221.    The subject property is in danger of being lost, materially injured or impaired.

222.    Appointment of a receiver is necessary to preserve the subject property.

223.    Through the acts or misconduct of co-Trustees Peter Wellin, Cynthia W. Plum and Marjorie W. King, the trust property is in danger of misapplication, waste or other serious loss.

224.    The facts of this case, as alleged, warrant the appointment of a receiver to take control of and preserve the assets of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009.

## FOR AN FOURTEENTH CAUSE OF ACTION
### (Appointment of a Receiver as to Friendship Management, LLC and Friendship Partners, LP)

225.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

226.    Plaintiff has a right to a substantial portion of the BRKa shares held by Friendship Partners, LP and controlled by Defendant Friendship Management, LLC.

227.    The BRKa shares currently being held by Defendant Friendship Partners, LP and controlled by Defendant Friendship Management, LLC are the subject of this action.

228.    The BRKa shares are in possession of Defendant Friendship Partners, LP.

229.    Cynthia W. Plum, as Manager of Friendship Management, LLC, could cause the sale or encumbrance of the BRKa shares that are the subject of this suit, causing irreparable harm to the Plaintiff.

230.    The subject property is in danger of being lost, materially injured or impaired.

231.    Appointment of a receiver is necessary to preserve the subject property.

232.    Through the acts or misconduct of the Defendants to this action, the securities held by Friendship Partners, LP and controlled by Friendship Management, LLC are in danger of misapplication, waste or other serious loss.

233.    The facts of this case, as alleged in this Complaint, warrant the appointment of a receiver to take control of and preserve the assets of Friendship Partners, LP and Friendship Management, LLC.

**FOR A FIFTEENTH CAUSE OF ACTION**
**(Reformation of the Promissory Note as to Peter J. Wellin, Cynthia W. Plum and Marjorie W. King and South Dakota Trust Company, LLC as co-Trustees of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009)**

234.    The preceding paragraphs are incorporated by reference as if stated herein verbatim.

235.    In the alternative to the requested rescission of the November 2009 Transaction, equity requires reformation of the Promissory Note from the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009 payable to the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001.

236.    For the reasons alleged in the above paragraphs, Defendant Peter Wellin fraudulently induced Plaintiff to consent to the November 2009 Transaction.

237.    The terms of the Promissory Note are egregiously below fair market value at the time it was signed.

238.    The appraisal of Plaintiff's limited partnership interest that was sold to the Wellin Family 2009 Irrevocable Trust was significantly undervalued.

239.    Plaintiff did not have an understanding of the inequity of the terms of the Promissory Note, nor did he understand what such a transaction would do to his finances.

240.    Equity requires reformation of the Promissory Note so that it reflects fair market interest rate, duration, valuation and repayment terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Award judgment against Defendants, jointly and severally, for actual damages with pre-judgment and post-judgment interest thereon and attorney fees and expenses for having to bring this lawsuit;

B.    Award judgment against the Defendants, jointly and severally, for punitive damages in an amount to be determined at trial;

C.    Award judgment against the Defendants, jointly and severally, for the fees and costs of this action;

D.    Imposition of a Constructive Trust;

E.    Appointment of a Receiver to take control of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, Friendship Partners, LP and Friendship Management, LLC;

F.    Rescission of the November 2009 Transaction or, in the alternative, reformation of the Promissory Note;

G.    Rescission of the 2013 Gifts to Individual Defendants;

H.    A Temporary Restraining Order barring Defendants from selling, trading, gifting, transferring, negotiating, or otherwise disposing of any or all of the 897 BRKa shares owned by Friendship Partners LP without the express, written, and notarized consent of the Plaintiff or his attorney-in-fact; and

I.     Such other and further relief as this Court may deem just and proper, all with pre-judgment and post-judgment interest thereon.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
Email: Info@hoodlaw.com


**s/ Robert H. Hood**
Robert H. Hood (1939)
Molly H. Craig (6671)
James B. Hood (9130)
Jeffrey M. Bogdan (10453)

Attorneys for the Plaintiff
Keith Wellin, individually and as Trustee of the
Keith S. Wellin Florida Revocable Living Trust
u/a/d December 11, 2001

**July 3, 2013**
Charleston, South Carolina