**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| KEITH WELLIN, | ) | |
| | ) | No. 2:13-cv-1831-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PETER J. WELLIN, *et. al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion for an expedited deposition filed by plaintiff Keith Wellin ("Keith"), ECF No. 94.[1] At a hearing held on February 4, 2014, plaintiff's counsel represented that Keith is in unstable health and that taking his deposition on an expedited basis would preserve his testimony in the event that his health takes a turn for the worse. Defendants Peter J. Wellin ("Peter"), Cynthia Wellin Plum

---

[1] Defendants recently filed two motions related to the scheduling of two mental examinations previously ordered by the court ("the exams"). ECF Nos. 90, 93. At the hearing held on February 4, 2014, counsel noted that the parties had settled the disputes that were the subject of these motions. As a result, the court will terminate these motions without ruling on them. However, for the sake of clarity, the court now repeats the terms that the parties have agreed will govern the exams.

The exams will take place on two different, not necessarily consecutive, days. It currently appears likely that Dr. Lori Culp will conduct Keith's neuropsychological exam on February 18, 2014 and that Dr. Larry Tune will conduct Keith's neuropsychiatric exam on February 21, 2014. The exams will occur in the home that Keith shares with his wife Wendy. The video cameras installed in the home will be turned off throughout the exams. Keith must be informed that the video cameras have been turned off for the duration of the exams. Wendy Wellin will not be present in the home during the exams, but she may choose to stay in the detached carriage house on the property. A neutral speech therapist, as well as one of Keith's doctors or nurses, will be available to Drs. Tune and Culp during the exams. Neither the speech therapist nor Keith's health care professional will attend the exams unless their presence is specifically requested by Drs. Tune or Culp.

("Ceth"), and Marjorie Wellin King ("Mari") oppose the motion. Defendants assert that there is no reason for Keith's attorneys to take his deposition on an expedited basis. Peter, Ceth, and Mari further contend that they may not be able to attend their father's deposition if it occurs this week.

For the reasons stated in open court, the court **GRANTS** Keith's motion. The deposition shall take place at Keith's home on Friday, February 7, 2014, at a time mutually agreed upon by the parties. Plaintiff's counsel will have thirty minutes to depose Keith, after which Keith will be allowed to rest for some period of time. After Keith has rested, but also on Friday, February 7, 2014, defendants' counsel will have thirty minutes to cross-examine Keith.

Because she is not a party in this case, Keith's wife Wendy will not be present in the home during Keith's deposition, rest period, and cross-examination.[2] Peter, Ceth, and Mari may choose to attend this deposition in person or via telephone. The video cameras installed in the home will be turned off for the duration of Keith's deposition, including the rest period and the cross-examination.

This order and the deposition it authorizes do not preclude defendants from completely deposing Keith at another time in the future.

---

[2] During Keith's deposition, rest period, and cross-examination, Wendy may, if she chooses, remain in the detached carriage house on the property.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 4, 2014**
**Charleston, South Carolina**

3