IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009,  and Friendship Management, LLC,<br><br>                                   Defendants. | Miscellaneous Case No.:<br>_____ |

Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,

            Plaintiff,

    vs.

Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009,  and Friendship Management, LLC,

            Defendants.

Miscellaneous Case No.:
_____

(Consolidated Cases Pending in the District of South Carolina Civil Action No.  2:13-cv-01831-DCN
and

Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust,

            Plaintiff,

    vs.

Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, Individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC,

            Defendants.

Civil Action No.  2:13-cv-03595-DCN)

**MOTION TO COMPEL DISCOVERY FROM NON-PARTY KIMERLY HENRY AND INCORPORATED MEMORANDUM OF LAW**

Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust,

           Counterclaim Plaintiffs,

    vs.

Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009,

           Counterclaim Defendants.

Defendants, by and through their undersigned attorneys, hereby move this Court, pursuant to Federal Rule of Civil Procedure 37(a), and Local Civil Rule 26.1(h)(2), for an Order compelling non-party Kimerly Henry: (i) to respond fully and completely to Defendants' February 26, 2014 Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises ("Requests," or "Subpoena"); (ii) to produce a privilege log for any documents withheld from production due to the assertion of any privilege; and (iii) to produce all electronically stored information and documents as originally requested by Defendants and as required by Federal Rule of Civil Procedure 45(e).

## I.    Background

Defendants' February 26, 2014 Subpoena to Kimerly Henry, attached hereto as Exhibit A, contains fourteen requests for information. These fourteen requests sought disclosure of materials in Mr. Henry's possession relevant to the financial status of and relationship between his sister, Wendy Wellin, and Wendy's husband Keith Wellin. In Mr. Henry's March 12, 2014 response, attached hereto as Exhibit B, Mr. Henry's counsel asserted a blanket objection as to all requests, stating that "the information sought is irrelevant and unrelated to the proceedings herein and will not lead to discoverable information, and further, the subpoena requests are each overbroad and unduly burdensome and require private information from a non-party in the actions." Thus, under Local Civil Rule 26.1(h)(2), Mr. Henry has asserted a blanket objection to all discovery from him, and Defendants have not listed each request separately.

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and the Local Rules, Defendants certify that they have attempted to confer with Mr. Henry in order to resolve the deficiencies identified herein. Defendants attempted to resolve Mr. Henry's objection in a letter dated March 14, 2014, attached hereto as Exhibit C, asserting the relevance of the requested documents and

2

offering an extension of Mr. Henry's response deadline in order to cure these deficiencies, to March 18, 2014, and expressing Defendants' willingness to discuss the matter further. As no response has been received to date, Defendants hereby seek the Court's intervention.

II.    **Motion to Compel**

Mr. Henry has provided no materials in response to Defendants' request. However, Mr. Henry does not contend that he possesses no responsive materials; rather, he cites irrelevance and undue burden, and objects to the request for "private information from a non-party in the actions."

First, Defendants note that Mr. Henry's non-party status is immaterial. Moreover, to the extent any "private" information sought is subject to a legal privilege, Defendants are entitled to a privilege log. *See* Fed. R. Civ. P. 45(e)(2). Defendants are entitled to any non-privileged material in Mr. Henry's possession that may shed light on the facts underlying and circumstances affecting the claims in these lawsuits.

As to Mr. Henry's claim of irrelevance, Defendants' requests were, in fact, narrowly tailored to the issues and claims in this lawsuit. The relevance requirement applicable to discovery under Federal Rule of Civil Procedure 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)). Discovery is not limited to issues raised by the pleadings, nor is it limited to the merits of the case. *Id.*

In this action, Mr. Wellin has alleged that Defendants breached various fiduciary duties by allowing him and/or tricking him to enter into "the 2009 transaction." One argument expressly made by Mr. Wellin to support this allegation is that the 2009 transaction has left him

3

in such a precarious financial situation that no fiduciary should have ever allowed him to enter into that transaction.  *See* Amended Verified Complaint, attached hereto as <u>Exhibit D</u>.  One of the defenses asserted is that Wendy Wellin has unduly influenced her husband, who is in poor health and may not have the requisite capacity to pursue this litigation himself.  *See* Answer to Amended Complaint, attached hereto as <u>Exhibit E</u>.[1]

Kimerly Henry is Wendy Wellin's brother, and is reasonably believed to possess materials relevant to Mr. and Mrs. Wellin's spending and financial status, as well as to the Defendants' claim that Wendy Wellin has unduly influenced her husband.  Accordingly, the fourteen requests for information directed to Mr. Henry sought information in his possession relating to Keith and Wendy Wellin's finances, Keith Wellin's estate planning, Keith Wellin's mental capacity and ability to manage his financial affairs, and Wendy Wellin's involvement in all of the above.  In short, the specific requests directed to Mr. Henry and related to Keith and Wendy Wellin's financial status, management, and planning are clearly and "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), bearing upon the financial matters and familial relationships at issue in this lawsuit.

Finally, counsel for Defendants sought in their March 14, 2014 letter to confer with Mr. Henry's counsel regarding the vague contention that Defendants' requests were "overly broad and unduly burdensome." Ex. C.  As described in more detail above, Defendants' Requests were tailored to the issues raised in this litigation.  Defendants have received no information or specific contentions from Mr. Henry attempting to resolve any issue of over-breadth or undue burden.  "Objections that state that a discovery request is 'vague, overly broad, or unduly

---

[1] Defendants have not attached the voluminous exhibits to the amended complaint and answer to amended complaint, which are available on ECF and which Defendants will gladly provide the Court upon request.

burdensome' are, standing alone, meaningless . . . ." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012). As counsel for Mr. Henry has failed to respond to Defendants' request for a more specific statement with regard to this vague objection, or to Defendants' offer to discuss any issues of cost, *see* Ex. C, Defendants must seek an order from this Court compelling Mr. Henry to provide the requested materials.

### III.    Conclusion

Kimerly Henry has failed to adequately respond to the Defendants' Subpoena, and his objections as to relevance and undue burden remain unjustified. Defendants have sought to confer with Mr. Henry's counsel in order to avoid the necessity for this Court's intervention, but have yet to receive any communications attempting to resolve the insufficiencies in his response. For the reasons stated above, Defendants seek an order from this Court compelling Kimerly Henry (i) to respond fully and completely to Defendants' February 26, 2014 Subpoena; (ii) to produce a privilege log for any materials withheld from production due to the assertion of any privilege; and (iii) to produce all electronically stored information and documents as originally requested by Defendants and as required by Federal Rule of Civil Procedure 45(e).

### IV. Request for Oral Argument

Pursuant to Local Civil Rule 7.1(b)(2), Defendants hereby request oral argument on this motion. The reason Defendants request a hearing is that this motion is being filed in connection with two consolidated cases pending in the United States District Court for the District of South Carolina, and Defendants respectfully submit that a hearing may be useful to further inform the Court about the background of these cases and to answer any questions the Court may have as to why the documents sought are both relevant and critical to these consolidated cases. Defendants estimate that no more than forty-five minutes would be required for a hearing on this motion.

## V.   Certification of Attempt to Confer

Pursuant to Local Civil Rule 7.1(a)(3), the undersigned certifies that counsel has attempted to confer with counsel for Mr. Henry.  Specifically, the undersigned's colleagues sent Mr. Henry's counsel a letter on March 14, 2014, and attached hereto as Exhibit C, requesting that Mr. Henry remove his blanket objections to all requests in the subpoena and produce responsive documents.  In the letter, Mr. Henry's deadline to respond to the subpoena was extended to March 18.  To date, no response from Mr. Henry's counsel has been received.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Jacksonville, Florida
April 1, 2014

### NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Frank Morreale

Frank Morreale
E-Mail: frank.morreale@nelsonmullins.com

Robert H. Brunson
Federal Bar No. 4971
E-Mail: robert.brunson@nelsonmullins.com
Bryson M. Geer
Federal Bar No. 7011
E-Mail: bryson.geer@nelsonmullins.com
Merritt G. Abney
Federal Bar No. 9413
E-Mail: merritt.abney@nelsonmullins.com
Patrick C. Wooten
Federal Bar No. 10399
E-Mail: patrick.wooten@nelsonmullins.com
Lindsay E. Stewart
Federal Bar No.: 11816
E-Mail: lindsay.stewart@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

Attorneys for Peter J. Wellin, Cynthia W. Plum and Marjorie
W. King, individually and as co-Trustees and beneficiaries of
the Wellin Family 2009 Irrevocable Trust u/a/d November 2,
2009, and Friendship Management, LLC

~#4842-1481-0905~

7