# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KEITH WELLIN, ) | |
| ) | No. 2:13-cv-1831-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PETER J. WELLIN, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| | |
| LESTER S. SCHWARTZ, *as Trust Protector* ) | |
| *of the Wellin Family 2009 Irrevocable Trust,* ) | |
| ) | No. 2:13-cv-3595-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| PETER J. WELLIN, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

These matters are before the court on two motions to compel that have been filed by defendants in Wellin v. Wellin ("Wellin I"), Docket No. 13-cv-1831, and Schwartz v. Wellin ("Schwartz"), Docket No. 13-cv-3595. For the reasons stated below, the court grants the motions, Wellin I, ECF Nos. 140 and 141, and Schwartz, ECF Nos. 77 and 79.

## I.  BACKGROUND

Because the parties are well-versed in the facts of these cases, the court recites only the procedural history relevant to the disposition of the motions at hand.

### A.  Wellin I

On July 3, 2013, Keith Wellin ("Keith") filed a complaint against Peter J. Wellin ("Peter"), Cynthia Wellin Plum ("Ceth"), and Marjorie W. King ("Mari") Friendship Management, LLC ("Friendship Management"), Friendship Partners, LP ("Friendship

1

Partners") and South Dakota Trust Company ("SD Trust"). After the court granted in part and denied in part two motions for judgment on the pleadings, Keith filed an amended complaint on February 28, 2014 against Peter, Ceth, Mari, and Friendship Management.

**B. Schwartz**

On December 17, 2013, Lester A. Schwartz ("Schwartz"), in his capacity as trust protector[1] of the Wellin Family 2009 Irrevocable Trust ("the Trust"), filed a complaint in Charleston County Probate Court against Keith, Peter, Ceth, Mari, Friendship Management, and Friendship Partners. Peter, Ceth, Mari, Friendship Management, and Friendship Partners removed the case to this court on December 27, 2013. Schwartz dismissed his claims against Keith and Friendship Partners on January 3, 2014. On January 17, 2014, defendants answered the complaint and asserted two counterclaims against Keith and Schwartz. Through these counterclaims, defendants seek declarations that: (i) Schwartz's appointment as trust protector was invalid; and (ii) any amendments to the Trust that Schwartz has made are therefore also invalid. On April 21, 2014, Keith filed a counterclaim seeking the removal of Peter, Ceth, and Mari as trustees of the Trust.

On April 17, 2014, the court issued an order finding that Schwartz must be dismissed from this case because he is not a real party in interest. On May 2, 2014, Schwartz and proposed additional plaintiff Larry S. McDevitt ("McDevitt") submitted a proposed amended complaint that asserts substantially the same claims as those asserted in the original complaint.

Wellin I and Schwartz have been consolidated for purposes of pretrial discovery.

---

[1] The parties hotly contest whether Schwartz has been validly appointed to this position.

On April 29, 2014, defendants filed a motion to compel Wendy Wellin's daughter Campbell Lane Hart ("Hart") to: (i) respond fully and completely to their February 26, 2014 subpoena for documents; (ii) produce a privilege log for any documents withheld on the basis of privilege; and (iii) produce all electronically stored information and documents as requested. Hart opposed this motion on May 27, 2014 and defendants filed a reply on June 6, 2014.

On May 2, 2014, defendants filed a motion to compel Wendy Wellin's brother, Kimerly Henry ("Henry") to: (i) respond fully and completely to their February 26, 2014 subpoena for documents; (ii) produce a privilege log for any documents withheld on the basis of privilege; and (iii) produce all electronically stored information and documents as requested. Henry responded to the motion on May 28, 2014 and, after receiving an extension of time, defendants filed a reply on June 13, 2014.

## II.  STANDARDS

Under Rule 45 of the Federal Rules of Civil Procedure, a "command in a subpoena to produce documents . . . requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). If the person commanded to produce documents makes a timely written objection, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). If the court orders compliance with the subpoena, production "may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Moreover,

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i)

>     expressly make the claim; and (ii) describe the nature of the withheld
>     documents . . . in a manner that, without revealing information itself
>     privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).  A court may, on timely motion, quash or modify a subpoena that subjects a person to undue burden or requires disclosure of privileged or other protected matter.  Fed. R. Civ. P. 45(d)(3)(A).  "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26."  HDSherer LLC v. Natural Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013).

>     Rule 26(b)(1) of the Federal Rules of Civil Procedure states:
>
>     Parties may obtain discovery regarding any nonprivileged matter that is
>     relevant to any party's claim or defense--including the existence,
>     description, nature, custody, condition, and location of any documents or
>     other tangible things and the identity and location of persons who know of
>     any discoverable matter. . . . Relevant information need not be admissible
>     at the trial if the discovery appears reasonably calculated to lead to the
>     discovery of admissible evidence.

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion."  Ardrey v. United Parcel Serv., 798 F.2d 679, 683 (4th Cir. 1986); Middleton v. Nissan Motor Co., No. 10-2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012).  The latitude given to district courts "extends as well to the manner in which [they] order[] the course and scope of discovery."  Ardrey, 798 F.2d at 683.

### III.  DISCUSSION

Defendants ask the court to compel Hart's and Henry's compliance with subpoenas issued on February 26, 2014.  Defendants contend that Hart's and Henry's responses are insufficient because the documents have been redacted even though neither party has asserted privilege over the redacted text.  Defendants also object that the

documents produced do not comply with the subpoenas' instructions that all responsive materials be produced in their native formats.

### A. Redaction of Responsive Documents

Initially, Hart and Henry responded to their respective subpoenas by broadly objecting to all subpoena requests as irrelevant, overly broad, unduly burdensome, and seeking private information from a non-party. In an amended response dated May 27, 2014, Hart produced twenty-four pages of documents and stated that she had no other responsive documents. In an amended response dated May 28, 2014, Henry produced seventeen pages of documents and stated that he had no other responsive documents. The documents produced have clearly been redacted: portions of sentences, email addresses, and entire paragraphs are missing from the documents produced.

> The court begins its analysis by recalling that:
>
> Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, see Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.

David v. Alphin, No. 07-11, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010) (citing Evon v. Law Offices of Sidney Mitchell, No. 09-0760, 2010 WL 455475, at *2 n.1 (E.D. Cal. Feb. 3, 2010)). Accord In re MI Windows & Doors, Inc. Products Liab. Litig., Docket No. 12-mn-0001, 2013 WL 268206 at *3 (D.S.C. Jan. 24, 2013) ("It is apparent to the court that partial redaction cannot be accomplished easily or accurately. As a result, it will not be done at all."); In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig., Nos. 08-1945, 08-333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions [of non-responsive information] are generally unwise.

They breed suspicions, and they may deprive the reader of context. Rule 26(b)(1) says that information is relevant as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'"); In re FedEx Ground Package Sys., Inc. Emp't Practices Litig., No. 05-527, 2007 WL 79312, at *5 (N.D. Ind. Jan. 5, 2007) ("[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored.").

Hart and Henry have neither explained their redactions nor asserted privilege over any of the redacted information. As a result, the court cannot divine any reason – good, bad, or otherwise – why these passages have been redacted. The redaction of irrelevant information, even when sparingly done, deprives defendants of context for the relevant information. See Bartholomew v. Avalon Capital Grp., 278 F.R.D. 411, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information."). The "attendant expense and delay" hampers the discovery efforts of all parties. Orion Power Midwest, L.P. v. Am. Coal Sales Co., No. 05-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008).

Because Henry and Hart have provided no explanation for their redactions and because they have not asserted privilege over the redacted material, the court will require them to reproduce all responsive documents in their complete form.

### B. Production of Documents in Native Format

Defendants also contend that the court should require Hart and Henry to produce all responsive electronic data in its native format, as requested by the subpoenas.[2]

---

[2] The subpoenas issued to Hart and Henry stated: "For all electronic data, you are requested to provide the responsive electronic data in its native-application electronic format on read-only media. When producing electronic data in its native-application format, include all meta-data." Hart Subpoena ¶ 5; Henry Subpoena ¶ 5.

Instead of producing responsive material in its native format, Hart and Henry printed out responsive emails and provided photocopies of certain portions of those emails to defendants. Additionally, Hart provided the content of several text message exchanges and Facebook posts by transcribing those messages on loose-leaf paper.

Rule 45 explains how parties who have been served with subpoenas may object to those subpoenas.

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B). "The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

Hart and Henry have not served written objections to the requests to produce all electronic data in its native format, including all metadata.[3] The time to object to such

---

[3] The Fourth Circuit recently defined "metadata" as "data that provides information about other data." Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 253 n.4 (4th Cir. 2013) (quotation omitted). The court further explained that

> Metadata may be totally innocuous, such as formatting instructions and margin determinations, but sometimes metadata provides crucial evidence that is not available in a paper document. Metadata may reveal who worked on a document, the name of the organization that created or worked on it, information about prior versions of the document, recent revisions, and comments inserted in the document during drafting or editing. The hidden text may reflect editorial comments, strategy considerations, legal issues raised by the client or the lawyer, or legal advice provided by the lawyer. Metadata may provide information that a paper document would not provide or information that differs from a paper document. Metadata may also reveal that a document has been changed or backdated.

Id. (quotation omitted).

production has long since passed. Because Hart and Henry have not objected to producing responsive documents in their native format, any such objection has been waived. See, e.g., Hanwha Azdel, Inc. v. C & D Zodiac, Inc., Docket No. 6:12-cv-00023, 2013 WL 3660562, at *2 (W.D. Va. July 11, 2013). The court will require Hart and Henry to reproduce all responsive documents in their native format, including metadata for responsive electronic documents.

### III.   CONCLUSION

In light of the foregoing, the court **GRANTS** defendants' motion to compel Campbell Lane Hart's compliance with the February 26, 2014 subpoena, Wellin I, ECF No. 140 and Schwartz, ECF No. 77. The court also **GRANTS** defendants' motion to compel Kimerly Henry's compliance with the February 26, 2014 subpoena, Wellin I, ECF No. 141 and Schwartz, ECF No. 79.

The court **DIRECTS** Hart and Henry to produce all responsive documents in their native format and without redaction within thirty (30) days of the date of this order. For all responsive electronic documents, metadata should also be produced.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 14, 2014**
**Charleston, South Carolina**