# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| WENDY WELLIN, *as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:13-cv-1831-DCN |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.,* | ) ) | |
| Defendants. | ) | |
| LARRY S. McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:13-cv-3595-DCN |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.,* | ) ) | **ORDER** |
| Defendants. | ) | |

This matter is before the court on two motions filed by Keith Wellin ("Keith")[1]: a motion for <u>in camera</u> review and a motion to compel, both related to the same document. For the reasons stated below, the court grants both motions.

## I.   BACKGROUND

Because the parties are well-acquainted with the facts of this case, the court will discuss only the background directly relevant to the motions at issue.

---

[1] Since this motion was filed, Keith passed away and his window, Wendy Wellin, has been substituted as plaintiff in <u>Wellin v. Wellin</u>, No. 2:13-cv-1831.

In July of 2013, Peter J. Wellin, Cynthia W. Plum, Marjorie W. King, and Friendship Management LLC (collectively, "the Wellin children") retained Dr. Larry Tune to serve as an expert. The Wellin children intended to use Dr. Tune as a consulting expert and possibly as a testifying expert. On August 1, 2013, the Wellin children filed a motion seeking to have Dr. Tune perform a mental examination of Keith pursuant to Federal Rule of Civil Procedure 35. The court granted the motion and allowed the Wellin children to have their hired doctors, Dr. Laurie Culp and Dr. Tune, examine Keith. In February 2014, Dr. Tune and Dr. Culp examined Keith at his home pursuant to the court's order.

On May 9, 2014, Keith served his third requests for production on the Wellin children. Keith's Mot. to Compel Ex. B. Keith requested:

> Any and all documents, reports, correspondence, emails, text messages and/or memoranda sent to or received from the two (2) licensed physicians familiar with Keith S. Wellin certifying that Mr. Wellin is disabled, incapacitated and/or incompetent and referenced in the document entitled "Trust Protector Removal" executed on April 29, 2014.

Id. In their response, dated June 9, 2014, the Wellin children produced some documents, but asserted work product privilege over a "Draft Rule 26 Report" dated April 4, 2014 and a "Revised Draft Rule 26 Report" dated April 13, 2014. Keith's Mot. to Compel Ex. C.

On May 19, 2014, the Wellin children filed a response in opposition to Lester Schwartz's motion to substitute Larry McDevitt as plaintiff in McDevitt v. Wellin, No. 2:13-cv-3595-DCN. A document titled "Preliminary Psychiatric Report on Keith Wellin," prepared by Dr. Tune, a Review Ex. A (copy of preliminary report). Upon discovering that the preliminary report had been inadvertently attached to their response,

2

the Wellin children's counsel sent the other parties a letter on May 31, 2014 asserting that the preliminary report was protected from disclosure and requesting that counsel for the plaintiffs return any copies of the report.  Id. Ex. D.  On June 2, 2014, the Wellin children substituted a previously-filed letter from Dr. Tune for the report as exhibit D to their response.[2]  Id. Ex. E.  On June 5, 2014, counsel for Schwartz and McDevitt notified the Wellin children's counsel that their position was that the report was not privileged.  Schwartz's Reply Ex. 1.

On June 10, 2014, Keith filed a motion for an in camera review of the preliminary report, seeking an order that it was not protected from disclosure by the work product privilege.  Schwartz joined in the motion the same day.  The Wellin children responded on June 24, 2014 and Schwartz filed a reply on June 30, 2014.  On June 19, 2014, Keith filed a motion to compel, based on essentially the same arguments.  The Wellin children responded on July 7, 2014.  These motions have been fully briefed and are ripe for the courts review.

---

[2] The court notes that the Wellin children's attempt to claw-back the preliminary report from the court's docket was not in compliance with the Local Rules, which provide:

> Nothing in this rule precludes the clerk of court (1) on request of the filing party, from accepting and substituting a corrected document that properly redacts or removes any personal identifiers or other information protected from disclosure by statute, rule, regulation, or policy and procedures officially adopted by this district or (2) on request of a party with the consent of all other parties, from accepting and substituting a redacted document for a previously filed document for any other reason.  <u>All other requests to redact the content of a previously filed document, or to remove it from the docket, shall be granted only upon motion and order.</u>

Local Civ. Rule 37.01(A) (D.S.C.) (emphasis added).  The Wellin children should have filed a motion to remove the inadvertently filed attachment rather than unilaterally contact the clerk and request that it be removed.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 35(b)(1), "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." "The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests. Fed. R. Civ. P. 35(b)(2). "Rule 35 balances the privacy interests of the party examined with the interest of the party seeking the examination, the judicial system, and society as a whole in arriving at the truth of the matter at issue." Crowe v. Nivison, 145 F.R.D. 657, 658 (D. Md. 1993) (citation omitted). "In return for suffering an invasion of his person, the examined party is entitled to make use of such information as results from the examination." Crowe v. Nivison, 145 F.R.D. 657, 658 (D. Md. 1993).

The plain language of Rule 35(b) does not limit disclosure to only final reports submitted by the examiners and makes no distinction between draft reports and final reports. Other courts have ordered disclosure of draft reports and other materials relied upon by Rule 35 examiners, although admittedly none of these cases involve an identical factual scenario. See E.N. v. Susquehanna Twp. Sch. Dist., 2011 WL 2600870, at *5 (M.D. Pa. June 29, 2011) (requiring production of Rule 35 examiner's draft report); Pralinsky v. Mut. of Omaha Ins. Co., 2009 WL 4738199, at *2 (D. Neb. Dec. 4, 2009) (requiring Rule 35 examiner to "disclose all notes, writings, and recorded oral communications he has created in connection with his examination").

The Wellin children, who moved for Dr. Tune to examine Keith pursuant to Rule 35, cannot now avoid the mandatory disclosure provision of that rule. Dr. Tune

examined Keith Wellin on February 21, 2014 pursuant to this court's order. The preliminary report set forth opinions and findings based, in part, on Dr. Tune's court-ordered examination as well as Dr. Culp's court-order examination. The Wellin children have provided no authority that a party can avoid disclosing a report based on a Rule 35 examination because the examiner is also an expert witness. Such is the risk of seeking to have their expert examine Keith pursuant to Rule 35.

Based on the above, the court will consider the preliminary report a Rule 35(b) report and, as such, the Wellin children are required to produce it and all like reports.[3]

### III.  CONCLUSION

Based on the foregoing, the court **GRANTS** Keith's motions and **ORDERS** the Wellin children to produce the both Dr. Tune's reports withheld on the basis of work product privilege: the "Draft Rule 26 Report" dated April 4, 2014 and the "Revised Draft Rule 26 Report" dated April 13, 2014.

**AND IT IS SO ORDERED**.

                                                                    _____
                                                                    **DAVID C. NORTON**
                                                                    **UNITED STATES DISTRICT JUDGE**

**March 26, 2015**
**Charleston, South Carolina**

---

[3] Because the court finds that the reports must be produced pursuant to Rule 35, the court need not consider the issue of waiver.

5