# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| WENDY WELLIN, as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011, | C.A. NO. 2:13-CV-1831-DCN <br><br> **SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO COMPEL ECF No. 311 IN 2:13-CV-1831-DCN; ECF No. 318 IN 2:13-CV-3595-DCN; ECF No. 80 IN 2:14-CV-04067-DCN REGARDING FARACE PRIVILEGE LOG CATEGORY XIII DOCUMENTS** |
| PLAINTIFF, | |
| vs. | |
| PETER J. WELLIN, et al., | |
| DEFENDANTS, | |
| LARRY S. MCDEVITT, as Trustee of the Wellin Family 2009 Irrevocable Trust, | C.A. NO. 2:13-CV-3595-DCN |
| PLAINTIFF, | |
| vs. | |
| PETER J. WELLIN, et. al., | |
| DEFENDANTS, | |
| PETER J. WELLIN, et. al., | |
| PLAINTIFF, | |
| vs. | C.A. NO. 2:14-CV-4067-DCN |

| | |
|---|---|
| WENDY WELLIN, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011, | ) ) ) ) ) |
| DEFENDANT. | ) ) |

The above-captioned matter is before the undersigned, sitting as Special Master, pursuant to the Order of the United States District Court for the District of South Carolina, Charleston Division, Hon. David C. Norton presiding, dated February 17, 2015. See ECF Nos. 270, 258, and 35.[1]

### FACTS/PROCEDURAL HISTORY

These lawsuits involve multiple issues surrounding the handling and disposition of the assets, trusts, and estate of Keith S. Wellin (Keith). The factual allegations and procedural histories of these cases are extensively outlined in the Order of Judge Norton issued in *Wellin I*, ECF No. 158, filed on June 28, 2014, and in the Amended Report and Recommendation of the Special Master, ECF No. 320, filed on July 31, 2015.

On September 23, 2015, the undersigned Special Master issued a Report and Recommendation regarding the Defendants' Motion to Compel the documents withheld from the files of attorney Thomas Farace by Plaintiff under an assertion of attorney-client and work product privilege. See ECF No. 336 IN 2:13-CV-1831-DCN; ECF No. 3350 IN 2:13-CV-3595-DCN; ECF No. 107 IN 2:14-CV-04067-DCN. The documents withheld from production were listed on a privilege log, and were separated into categories. The Report recommended production of all categories of documents not previously provided, with the exception of those documents comprising Category XIII, listed as follows:

---

[1] The electronic case filing numbers refer to entries submitted in Case Nos. 2:13-cv-1831-DCN, 2:13-cv-3595-DCN, and 2:14-cv-4067-DCN respectively. These cases have been consolidated for pre-trial purposes. Hereinafter, unless

**XIII. Correspondence Between Nixon Peabody and Other Attorneys Acting on Keith Wellin's Behalf, including Martin Haines; the Hood Law Firm; and Evans, Carter, Kunes, & Bennett, P.A.**

Although the parties advised the undersigned that the issues of waiver submitted for consideration would apply to all documents on the privilege log, and *in camera* review would be unnecessary, the undersigned concluded the description of Category XIII documents did not provide enough information to allow for a determination regarding the privilege issues absent *in camera* review. Based upon this conclusion, the Category XIII documents have been provided to the undersigned by the Plaintiff, and review of those documents has been completed.

Having considered the arguments of counsel, and after reviewing the pleadings, memoranda and exhibits submitted by the parties, I make the following report and recommendations for disposition of the motion under consideration regarding category XIII documents.

In the Report and Recommendation Regarding the Motion to Compel the Farace documents, the undersigned concluded the documents were subject to disclosure for two reasons: 1) Keith Wellin waived the attorney-client privilege by authorizing his attorney, Tom Farace, to provide his three children with his privileged communications; and 2) Keith Wellin placed those communications directly in issue through the allegations contained in his Complaint and through his testimony in his deposition attacking the 2009 estate plan prepared by Tom Farace and the alleged failure to inform him of the tax and other consequences of the transaction. See ECF No. 336 IN 2:13-CV-1831-DCN; ECF No. 3350 IN 2:13-CV-3595-DCN; ECF No. 107 IN 2:14-CV-04067-DCN for the complete discussion of the factual and legal analysis for these conclusions.

---

otherwise indicated, all references to electronic filing numbers will be directed to filings in Case No. 2:13-cv-1831-DCN only.

Based upon the above determination, I conclude the category XIII documents are subject to disclosure because they involve the ongoing subject of Keith Wellin's estate plan, its administration and the related documentation, with the exception of the following communications:

> 11/20/13 Email from Edward G.R. Bennett to Tom Farace regarding Mediation Efforts;
>
> 2/19/14 Email from Stephanie Chickey of the Hood Law Firm to Tom Farace and Tina Gault of the Hood Law Firm enclosing letter from Jamie Hood about Subpoena;
>
> 2/24/14 Email from Jamie Hood to Tom Farace and Edward Bennett re: Subpoena and Motion to Quash.

As to these three communications, I conclude they are not subject to the attorney-client privilege or work product privilege asserted by Plaintiff. As noted previously, during the time Thomas M. Farace was serving as Keith Wellin's attorney, Keith Wellin placed his communications with Mr. Farace directly "in issue" by his assertions in the current litigation that he was never advised about the tax or other consequences of the 2009 transaction. See ECF No. 336 IN 2:13-CV-1831-DCN; ECF No. 3350 IN 2:13-CV-3595-DCN; ECF No. 107 IN 2:14-CV-04067-DCN. The above listed emails were exchanged after Keith Wellin terminated his attorney-client relationship with Mr. Farace and hired Edward Bennett as his estate planning attorney. It must also be noted that there is no claim of common interest exception. See In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129, 902 F.2d 244, 249 (4th Cir. 1990)("[A]s an exception to waiver, the joint defense or common interest rule presupposes the existence of an otherwise valid privilege . . .").

Based upon the above analysis, it is:

**Recommended** that the Court find that the attorney-client privilege has been waived as to the Nixon Peabody Category XIII documents listed on the Plaintiff's privilege log, that the work product privilege does not apply, and that the Court grant the Defendant's Motion to Compel production of the said documents.

Respectfully submitted this 14th day of October, 2015.

_____
William L. Howard, Special Master