IN THE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy C. H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,<br><br>            Plaintiff,<br><br>vs.<br><br>Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually, and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC,<br><br>            Defendants. | C/A No. 2:13-cv-01831-DCN<br><br><br><br>**CONSENT REPORT AND RECOMMENDATION REGARDING WENDY C.H. WELLIN'S MOTION TO QUASH [SERVICE] OR IN THE ALTERATIVE FOR A PROTECTIVE ORDER** (ECF No. 348, 2:13-cv-01831-DCN; ECF No. 370, 2:13-cv-03595-DCN; ECF No. 119, 2:14-cv-04067-DCN) |
| Larry S. McDevitt, as Trust Protector of the Wellin Family 2009 Irrevocable Trust,<br><br>            Plaintiff<br><br>vs.<br><br>Peter J. Wellin, et al.,<br><br>            Defendant(s). | C/A No. 2:13-cv-03595-DCN |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Revocable Trust,<br><br>            Counterclaim Plaintiffs,<br><br>vs.<br><br>Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, et al.,<br><br>            Counterclaim Defendants. | |
| Peter J. Wellin, et al.,<br><br>            Plaintiffs,<br>vs.<br><br>Wendy Wellin, Individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, and Hamilton College, | C/A No. 2:14-cv-04067-DCN |

1

The above-captioned matters came before the undersigned, sitting as Special Master, pursuant to the Order of the United States District Court for the District of South Carolina, Charleston Division, Hon. David C. Norton presiding, dated February 17, 2015. *See* ECF Nos. 270, 258, and 35.[1] The following non-dispositive discovery motion was heard on November 17, 2015:

1) Wendy C.H. Wellin's ("Wendy") Motion to Quash [Service] or in the Alternative for a Protective Order, ECF No. 348, 2:13-cv-01831-DCN; ECF No. 370, 2:13-cv-03595-DCN; ECF No. 119, 2:14-cv-04067-DCN.

The subpoena *duces tecum* at issue (ECF No. 348-1) in the above-referenced motion is directed to Joseph H. Amberson III, an attorney in Dallas, Texas (hereinafter the "Subpoena"). Mr. Amberson is the attorney who represented Nancy Negley, Keith S. Wellin's ("Keith") third wife during her divorce from Mr. Wellin. Mr. Wellin and Ms. Negley were married from approximately 1985 until they divorced in or around 2001. Thereafter, in 2002, Keith and Wendy married and remained so until Keith's death in September 2014. Keith and Wendy's relationship, which began in 1983, has spanned multiple decades and was ongoing during two of Keith's previous marriages, specifically his marriage to his second wife, Ariane Reed, and later Nancy Negley. (*See* ECF No. 40, p. 2, ¶ 9, in 2:14-cv-04067-DCN). The Subpoena (ECF No. 348-1) requested the following:

> Any and all non-privileged documents in your possession, custody or control relating in any manner to the relationship between Wendy Campbell Henry Lane ("Wendy Wellin") and Keith S. Wellin, including, but not limited to:
>
> 1. Any and all deposition transcripts of any party or witness taken in the divorce action between Nancy Negley and Keith S. Wellin (the "divorce action");

---

[1] These cases have been consolidated for pre-trial purposes.

  2. Any and all videotaped statements of any witness or party taken in connection with the divorce action;

  3. Any and all pleadings, affidavits, or statements relating to the divorce action; and

  4. Any other documentation of Keith Wellin's relationship with Wendy Wellin, including but not limited to, reports, photographs, emails, correspondence, voicemails, gifts made by Keith Wellin to Wendy Wellin, notes or other documents in any form.

Wendy moved to quash the Subpoena or, in the alternative, for a protective order to limit the scope of the subpoena. (ECF No. 348). Peter J. Wellin, Cynthia W. Plum and Marjorie W. King (collectively the "Wellin Children") opposed Wendy's motion. (ECF No. 362). On November 17, 2015, the Special Master heard oral argument on Wendy's motion.

During the course of the argument, the parties came to an agreement regarding the Subpoena, which I requested be memorialized in this Report. Under this agreement, the Subpoena will be limited to the following documents only as they relate to the relationship between Keith and Wendy Wellin:

  1. Any and all deposition transcripts of any party or witness taken in the divorce action between Nancy Negley and Keith S. Wellin (the "divorce action");

  2. Any and all videotaped statements of any witness or party taken in connection with the divorce action; and

  3. Any and all pleadings, affidavits, or statements relating to the divorce action;

Additionally, the documents will be produced to counsel for Wendy Wellin, individually. Counsel for Wendy Wellin will then review those documents and mark "confidential", if necessary, and produce the documents to all parties. Should counsel for Wendy Wellin believe

3

documents produced by Mr. Amberson as responsive to the Subpoena are outside what has been agreed to in this Order, Wendy Wellin may at that time move for a protective order with regard to those particular documents, and this Court will receive arguments regarding those documents.

Based upon the arguments and agreement made by counsel, I recommend the Subpoena be served upon Mr. Amberson, and any response Mr. Amberson provides be handled in the method laid out by the parties' agreement in this Report and Recommendation.

**THIS CONSENT REPORT AND RECOMMENDATION IS RESPECTFULLY SUBMITTED THIS __24th__ DAY OF NOVEMBER, 2015.**

_____
William L. Howard, Special Master