IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WENDY WELLIN, as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011,<br><br>PLAINTIFF,<br><br>vs.<br><br>PETER J. WELLIN, et al.,<br><br>DEFENDANTS, | C.A. NO. 2:13-CV-1831-DCN |
| LARRY S. MCDEVITT, as Trustee of the Wellin Family 2009 Irrevocable Trust,<br><br>PLAINTIFF,<br><br>vs.<br><br>PETER J. WELLIN, et. al.,<br><br>DEFENDANTS, | C.A. NO. 2:13-CV-3595-DCN |
| PETER J. WELLIN, et. al.,<br><br>PLAINTIFF,<br><br>vs.<br><br>WENDY WELLIN, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011,<br><br>DEFENDANT. | C.A. NO. 2:14-CV-4067-DCN |

1

**SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: PLAINTIFF SCHWARTZ/McDEVITT'S MOTION TO COMPEL – ECF No. 183 IN 2:13-CV-3595-DCN AND PLAINTIFF WENDY WELLIN'S MOTION TO COMPEL IN ECF No. 234 IN 2:13-CV-1831-DCN PERTAINING TO WELLIN CHILRDEN'S PRIVILEGE LOG DOCUMENTS: CP_Priv_000064; PW_Priv_0000009-11; PW_Priv_0000078-79; PW_Priv_0000113-114.**

The above-captioned matter is before the undersigned, sitting as Special Master, pursuant to the Order of the United States District Court for the District of South Carolina, Charleston Division, Hon. David C. Norton presiding, dated February 17, 2015.  See ECF Nos. 270, 258, and 35.[1]

## FACTS/PROCEDURAL HISTORY

These lawsuits involve multiple issues surrounding the handling and disposition of the assets, trusts, and estate of Keith S. Wellin (Keith).  The factual allegations and procedural histories of these cases are extensively outlined in the Order of Judge Norton issued in *Wellin I*, ECF No. 158, filed on June 28, 2014, and in the Amended Report and Recommendation of the Special Master, ECF No. 320, filed on July 31, 2015.

In the above referenced Amended Report and Recommendation of the Special Master, the undersigned ruled on Plaintiff McDevitt's Motion to Compel Production of Documents, ECF No. 83, filed on May 7, 2014 in McDevitt v. Peter J. Wellin, et. al., 2:13-cv-03595-DCN.[2]  As a part of that ruling, the undersigned recommended that four documents the Defendants withheld from production on the basis of privilege be produced for *in camera* inspection, to wit: CP_Priv_000064; PW_Priv_0000009-11; PW_Priv_0000078-79; and PW_Priv_0000113-114. The Court subsequently ordered production for *in camera* inspection, which has now been

---

[1] The electronic case filing numbers refer to entries submitted in Case Nos. 2:13-cv-1831-DCN, 2:13-cv-3595-DCN, and 2:14-cv-4067-DCN respectively.  These cases have been consolidated for pre-trial purposes.

[2] In the consolidated case of Wendy C.H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 v. Peter J. Wellin, et. al., the Plaintiff, Wendy C.H. Wellin also filed a Motion against the Defendants to Compel Discovery, ECF No.234 in Civil Action No. 2:13-cv-01831-DCN, and join in the current arguments asserted by Plaintiff McDevitt in his

2

completed. Having considered the arguments of counsel, including the memoranda and exhibits submitted and after reviewing of the documents themselves, I make the following report and recommendations for disposition of the motion under consideration.

The Plaintiffs first re-assert that the attorney-client privilege as to these four documents has been waived by Defendants based upon the fact that no privilege log was provided contemporaneously with the responses to the Requests for Production, and the Defendants only asserted the work product privilege in their initial, untimely privilege log, claiming the attorney-client privilege for the first time in an amended privilege log provided approximately three months later. Furthermore, Plaintiffs argue the privilege log is deficient because it fails to provide the identity of the recipient of the communications.

Fed. R. Civ. P. 26 (b)(5)(A) reads as follows:

> *Information withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

As noted in my initial ruling on these issues in the Amended Report and Recommendation, ECF No. 320 in Civil Action 2:13-cv-01831-DCN, filed on July 31, 2015, Rule 26 is silent with regard to the time within which the information must be provided. However, courts have generally found that the failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege. AVX Corp. v. Horry Land Co., Inc., 2010 WL 4884903 (D.S.C. Nov. 24, 2010); Herbal Life Int.'l, Inc. v. St. Paul Fire and Marine Is. Co., 2006 WL 2715164 at 4 (N.D.W.Va. September 22, 2006)("Failure to timely produce a

---

memoranda in support of the Motion to Compel. For purposes of this Report and Recommendation, Plaintiff McDevitt and Plaintiff Wendy C.H. Wellin will be collectively referred to as "Plaintiffs."

3

privilege log or the production of inadequate privilege log may constitute waiver of any asserted privileges."); Ruran v. El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168-69 (D. Conn. 2005) (finding attorney-client privilege waived because Defendant failed to provide a privilege log and consequently failed to perfect privilege claim); Banks v. The Office of Senate Sergeant-At-Arms, 222 F.R.D. 7, 20-21 (D.D.C. 2004) (question of withholding of such a privilege log may . . . be viewed by the court as a waiver of any privilege or protection).

However, as the court noted in Smith v. James C. Hormel School of Virginia Inst. of Autism, 2010 WL 3702528 (W.D.Va). September 14, 2010):

> Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith. First Savs. Bank, 902 F. Supp. at 1361; Dept. of Justice Subpoenas to ABC 263 F.R.D. at 71 (stating waivers are appropriate when conduct evinces a 'deliberate pattern of delay' and is 'egregious'); Welch v. Eli Lilly Co., 2009 WL 700199 at 14 (S.D.Ind. March 16, 2009) (noting waiver is a serious sanction and declining to find the privilege waived despite Defendants inadequate privilege log and failure to meet their burden of proving the documents were indeed privileged); White, 586 F. Supp. 2d. at 1266 (D.Kan. 2008) ("Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery.").

Smith v. James C. Hormel School of Virginia Inst. of Autism, 2010 WL 3702528 (W.D.Va). September 14, 2010); See also In re Infinity Business Group, Inc., 530 B.R. 316 (D.S.C. 2015)(declining to find waiver of the attorney-client privilege where privilege log was allegedly deficient because it failed to name the author or recipient of several documents, considering the substantial number of documents subject to review and the absence of evidence of bad faith or unjustifiable delay in providing the privilege logs, and the fact that the Trustee agreed to provide revised privilege logs to satisfy these requirements).

In this case, there is no evidence of bad faith or unjustifiable delay on the part of the Defendants in connection with the preparation of the privilege log or its supplementation. Although approximately three months lapsed from the time the Requests for Production were initially answered and the privilege log was in fact produced, as noted in the Amended Report

4

and Recommendation above referenced, this production has been made in connection with multiple cases and significant discovery requests by multiple parties. In view of the substantial number of documents that were and are subject to review in response to the identified Requests for Production, the absence of evidence of any bad faith or unjustifiable delay on the part of the Defendants in the preparation of the privilege log and its supplementation, and the absence of any showing of prejudice by the Plaintiff, I concluded a waiver of the attorney-client privilege is not justified.

Turning next to the individual documents under consideration, I make the following recommendations regarding disclosure.

### 1) CP_Priv_000064 – E-mail chain concerning legal advice of Robert Brunson, Esq. about anticipated litigation

I conclude this document is an email communication between two of the Defendant Wellin Children that is not protected by the attorney-client privilege or the work product privilege, with the exception of the reference to statements made by attorney Robert Brunson. The document concerns the execution of the engagement letter, a subject which is generally not protected by the attorney-client privilege. See Special Master's Report and Recommendation Re: Defendants Motion to Compel Production of Bennett and Hood Law Firm Engagement Letters, ECF No. 330 in 2:13-CV-1831-DCN; ECF No. 344 in 2:13-CV-3595-DCN; and ECF No. 99 in 2:14-CV-04067-DCN; State v. Catch the Bear, 352 N.W.2d 640, 645 (1984)("the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege unless they reveal motive of the client in seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law.

Brennan v. Western National Mutual Insurance Company, 199 F.R.D. 660 (2001), citing Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992); Strickland v. Capital City Mills, 74 S.C. 16, 7 L.R.A.N.S. 426 (1906)(the fee contract, whether regarded as made preliminary to the relation of attorney and client, or at the close of such relation in compensation for services rendered, or whether made during the existence of such relation, is really collateral to the professional relation, is not strictly a part of it, and has no bearing upon the merits of the latter, upon which the professional aid was invoked); N.L.R.B. v. Harvey, 349 F.2d 900, 904 (C.A. 4th Cir. 1965)("[g]enerally, the identity of the attorney's client is not considered privileged matter.")(quoting United States v. Pape, 144 F.2d 778, 782 (2nd Cir. 1944), cert. denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602 (1944)("The authorities are substantially uniform against any privilege as applied to the fact of retainer or identity of the client. The privilege is limited to confidential communications, and a retainer is not a confidential communication, although it cannot come into existence without some communication between the attorney and the – at that stage prospective – client.").

However, as to the reference to statements made by the Defendant Wellin Children's litigation counsel, Robert Brunson of Nelson Mullins Riley and Scarborough, these fit within the category of communications protected from disclosure on the basis of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Consequently, these references should be redacted from the email prior to its disclosure.

### 2) PW_Priv_0000009-11 – Factual Summary and Call Preparation Notes Created for Counsel For Use in Anticipated Litigation

At the request of the undersigned, the Defendants filed a Supplemental Memorandum to provide further descriptive information regarding the above referenced document. Thereafter, in

reply to the Plaintiffs' Supplemental Memorandum in support of their Motion to Compel Production of the documents under consideration, Defendants provided an affidavit from the Defendants' attorney, Johnathan T. Harris, which clarified the nature of the above referenced document, providing information enabling the undersigned to understand the identity of the creator, sender, and recipient of the document.

I conclude from the document that it contains the advice of counsel to his client regarding the manner in which to handle communications with a third party. As such, I conclude this document contains the impressions, opinions and advice of counsel to his client, and is protected by the attorney-client privilege. In re Grand Jury Proceedings, 102 F.3d 748, 750 (4th Cir.1996)("No doubt exists that under normal circumstances, an attorney's advice provided to a client, and communications between attorney and client are protected by attorney-client privilege."); State v. Owens, 309 S.C. 402, 424 S.E.2d 473, 476 (1992)(citing State v. Love, 275 S.C. 55, 271 S.E.2d 110 (1991))("The attorney/client privilege protects against disclosure of confidential communications by a client to his attorney"); Marshall v. Marshall, 282 S.C. 534, 538-539, 320 S.E.2d 44, 48 (Ct. App. 1984)("The attorney-client privilege also applies to communications originating from the lawyer rather than from the client.").

3) **PW_Priv_0000078-79 and PW_Priv_000113-14- Factual Summary and Call Preparation Notes Created for Counsel For Use in Anticipated Litigation.**

In their supplemental memorandum, Defendants provided the undersigned with the email chain which established that both of the above referenced communications were emailed to Defendants' attorney, Robert Brunson and were produced by Peter Wellin at or near the time they were transmitted by the email. Defendants argue these attachments to the emails constitute information sent to their attorney for the purpose of seeking his advice, and are protected by attorney-client privilege.

7

Plaintiffs disagree with this assertion, pointing out that the notes and summaries were prepared by the Defendants prior to June of 2013, including the documents in question, and were previously determined by the Court not to be protected from disclosure by the work-product privilege because they were not prepared in anticipation of litigation, but were, instead, prepared to perpetuate evidence with the general possibility of litigation in mind.

Unlike the other notes and summaries, these two documents were sent via email to Defendants' attorney, Robert Brunson, within one day of the events contained within the communication. Thus, Defendants argue these two documents were not prepared at some earlier time with the general possibility of litigation in mind, but were prepared instead to send as communications to their attorney for the purpose of seeking advice. Nevertheless, these documents are described by Defendants in their privilege log as "factual summary and call preparation notes."

The attorney/client privilege protects against disclosure of confidential communications by a client to his attorney. State v. Owens, 309 S.C. 402, 424 S.E.2d 473, 476 (1992)(citing State v. Love, 275 S.C. 55, 271 S.E.2d 110 (1991)). The privilege is to be construed strictly, State v. Doster, 276 S.C. 647, 284 S.E.2d 218, 219 (1981), and balanced against the public interest in the proper administration of justice. Id. at 220 (citing NLRB v. Harvey, 349 F.2d 900 (4th Cir. 1965)); Sepler v. State, 191 So.2d 588 (Fla.Dist.Ct.App. 1966). To be privileged, the communication must relate to a fact of which the attorney was informed by her client, outside the presence of strangers, for the purpose of securing primarily an opinion on law, legal services, or assistance in some legal proceeding. Marshall v. Marshall, 282 S.C. 534, 320 S.E.2d 44, 47 (Ct. App. 1984).

Under South Carolina law, the burden of proof falls to the party asserting the privilege. City of Myrtle Beach v. United Nat'l Ins. Co., No, 4:08-1183-TLW-SVH, 2010 WL 3420044 at 5 (D.S.C. Aug. 27, 2010)(applying South Carolina law); Tobaccoville USA, Inc. v. McMaster, 387 S.C. 287, 692 S.E.2d 526, 529 (2010). As Judge Hemphill articulated in Duplan Corp. v. Deering Milliken, Inc., 397 F.Supp. 1148, 1160 (D.S.C. 1974)(citing 8 Wigmore Evidence § 2292 (McNaughton rev. 1961)), "[t]here can be little doubt in the case of *in camera* review of documents that the burden of proof should be upon the party asserting the claim of privilege. The adverse party, by virtue of the obvious fact that it has not seen the documents, cannot be expected to bear the burden of establishing a lack of privilege." Duplan Corp., 397 F.Supp. at 1160. Furthermore, as Judge Hemphill observed, "[t]he mere existence of an attorney-client relationship does not raise a presumption of confidentiality." *Id.*

After careful consideration of the Defendants' arguments, I conclude that they have not carried their burden of establishing that these two documents are protected from disclosure by the attorney-client privilege. Both documents are summaries of events prepared by the Defendant, Peter Wellin, during the time that this Court has already determined there was only a general possibility of litigation, and thus, the notes and summaries in the hands of the client were not protected by the work product privilege.

Defendants have not articulated any other basis for asserting privilege other than the subsequent transmittal of the documents to their attorney for the purpose of seeking advice. But as the Court noted in Evergreen Trading, LLC ex rel. Nussdorf, 80 Fed.Cl. 122, 138 (2007) " . . . a 'pre-existing document which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice.'" (quoting Fisher v. United

9

States, 425 U.S. 391, 403-4, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)). The case law is clear that "if a document is not privileged in the hands of the client, it does not become privileged merely because it is given to an attorney." Duplan Corp., 397 F.Supp. at 1168 (citing Radiant Burners, Inc. v. American Gas Assn., 320 F.2d 314, 324 (7th Cir. 1963), cert. denied, 375 U.S. 929, 84 S. Ct. 330, 11 L.Ed.2d 262; Evergreen Trading, 80 Fed.Cl. at 138 (2007)("[D]ocuments do not acquire protection under the attorney-client privilege merely because they were transferred from client to attorney.").

The Defendants have not produced any evidence that distinguishes these two documents from the notes and summaries of events previously determined to be discoverable other than the temporal proximity of their transmittal to their attorney. There is no communication from client to attorney or from attorney to client contained within the summaries themselves. In this regard, it should be noted that the Plaintiffs do not seek the actual email communications within which the summaries were contained as attachments.

The immediacy of the transmittal does not justify an inference that these documents differ from other notes and summaries maintained by the Defendants during this time frame. Furthermore, I conclude the fact that they were attached to email communications from the client to the attorney does not integrate them into the communication within the emails themselves, which is protected by the attorney-client privilege, and thus transform them into privileged communications. There is no justification for making these distinctions, and to allow such an inference would, in essence, allow a party to acquire protection for documents under the attorney-client privilege merely by transferring them to his or attorney.

Based upon the above analysis, it is

**Recommended** that the Court find that the email listed on Defendants' privilege log as **CP_Priv_0000064**, is not protected from disclosure by the attorney-client or work product privilege, with the exception of the reference to statements made by the Defendants' litigation counsel, Robert Brunson of Nelson Mullins Riley and Scarborough. As to these statements, it is recommended the Court find they fit within the category of communications protected from disclosure by the attorney-client privilege on the basis of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Consequently, it is recommended that the Court order that these references be redacted from the email prior to its disclosure;

**Recommended** that the Court find the document listed on Defendants' privilege log as **PW_Priv_000009-11** is protected from disclosure by the attorney-client privilege, and accordingly, that the Plaintiffs' Motion to Compel as to this document be denied.

**Recommended** that the Court find the documents listed on Defendants' privilege log as **PW_Priv_000078-79, and PW_Priv_000113-14** are not protected from disclosure by the attorney-client privilege, and accordingly, that the Plaintiffs' Motion to Compel as to these two documents be granted.

Respectfully submitted this 4th day of December, 2015.

_____
William L. Howard, Special Master