IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Wendy C.H. Wellin, as the Special Administrator of the Estate of Keith S. Wellin, and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) ) ) | Civil Action No. 2:13-cv-01831-DCN |
| Plaintiff, | ) | **THE WELLIN CHILDREN'S RESPONSE IN OPPOSITION TO WENDY WELLIN'S MOTION FOR PROTECTIVE ORDER** |
| vs. | ) ) | |
| Peter J. Wellin, et al., | ) ) | |
| Defendants. | ) ) | |
| Larry S. McDevitt, as Trustee of the Wellin Family 2009 Irrevocable Trust, | ) ) ) | Civil Action No. 2:13-cv-03595-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Peter J. Wellin, et al., | ) ) ) | |
| Defendants. | ) ) | |
| Peter J. Wellin, et al., | ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Larry S. McDevitt, Esq., as Trustee of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, et al., | ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| Peter J. Wellin, et al. | ) ) | Civil Action No. 2:14-cv-04067-DCN |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Wendy Wellin, Individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) | |
| Defendant. | ) ) | |

Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King (the "Wellin Children"), by and through their undersigned counsel, hereby submit this response in opposition to the motion for protective order (ECF No. 480)[1] filed by Wendy Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Trust u/a/d December 11, 2001 ("Wendy"), in which Wendy asks the Court to prohibit the Wellin Children from taking a deposition of the Estate of Keith S. Wellin (the "Estate") pursuant to Federal Rule of Civil Procedure 30(b)(6).

In her motion, Wendy argues that the unambiguous language in Rule 30(b)(6) allowing an "entity" to be deposed should be interpreted to mean that only "business entities" may be deposed. Wendy argues that, even if that is not what the Rule says, interpreting the Rule to allow the deposition of a non-business entity such as an estate does not make sense from a policy perspective. The Court should deny Wendy's motion. Wendy's policy arguments are unpersuasive and, in any event, do not give the Court license to re-write Rule 30(b)(6) to restrict the types of entities that may be deposed. As the Fourth Circuit has held: "The function of the judiciary is to apply the law, not to rewrite it to conform with the policy positions of litigants. When the statutory language is clear, as it is in this case, our inquiry must end." *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013).

## ARGUMENT

"[T]he deposition-discovery rules are to be accorded a broad and liberal treatment. . . . Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 413 (D.S.C. 2014) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Under Rule 26(c) of the Federal Rules of Civil

---

[1] Unless otherwise indicated, all references to ECF numbers are to civil action number 2:13-cv-1831.

Procedure, a court may grant a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. However, "[t]he party moving for a protective order bears the burden of establishing good cause[,]" *Nix v. Holbrook*, No. CIV.A. 5:13-02173-JM, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015) (internal quotations omitted), which this Court recently described as a "requirement [that] creates a rather high hurdle for the moving party." *Wilson v. First Class Patrol Officers Michael Slager*, No. 2:15-CV-02170-DCN, 2016 WL 1253179, at *4 (D.S.C. Mar. 31, 2016) (internal quotations omitted).  In fact, the good cause standard is even higher when the moving party seeks to prohibit the taking of a deposition altogether. *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (holding that the moving party "assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances." (internal quotations omitted)).

Here, Wendy's motion for protective order seeking to prohibit a deposition of the Estate fails to explain how granting a protective order would fulfill any of the purposes listed in Rule 26(c), that is, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  More importantly, Wendy has failed to meet her high burden of establishing that good cause (much less "extraordinary circumstances") exists to prohibit the taking of a deposition altogether. Instead, Wendy is asking this Court to ignore the plain language chosen by the drafters of the Federal Rules of Civil Procedure and to insert words into the Rule that the drafters easily could have included if they had so chose. Specifically, Wendy is asking this Court to rewrite Rule 30(b)(6) by inserting "business entity" in place of the term "entity".

Accepting Wendy's argument that Rule 30(b)(6) only applies to "business entities" would: 1) contradict a plain reading of Rule 30(b)(6); 2) contradict the intention of the drafters of the Rules; 3) contradict the South Carolina Probate Code's interpretation and treatment of an estate; and 4) prevent Rule 30(b)(6) from fulfilling its purpose of enabling parties to discover the positions of entities via depositions of individuals who are required to familiarize themselves with information known or reasonably available to those entities.

**I.     The Plain Meaning Rule requires the Court to interpret Rule 30(b)(6) to allow the deposition of an "entity," even if it is not a "business entity".**

"[T]he Federal Rules of Civil Procedure have the force and effect of law, and the Supreme Court has made clear that district courts are bound by the canons of statutory construction in interpreting them." *Samsung Elecs. Co. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 506 (E.D. Va. 2006). Thus, as with statutes, the Federal Rules of Civil Procedure are enforced according to the plain meaning of their terms. *See, e.g.*, *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning[.]"); *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013) ("The function of the judiciary is to apply the law, not to rewrite it to conform with the policy positions of litigants. When the statutory language is clear, as it is in this case, our inquiry must end.").

Under the Plain Meaning Rule, "unless there is some ambiguity in the language of a statute [or Rule], a court's analysis must end with the statute's [or Rule's] plain language." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001). Furthermore, "[u]nder the first and 'cardinal canon' of statutory construction, 'courts must presume that a legislature says in a statute what it means and means in a statute what it says.'" *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 243 (4th Cir. 2009). Thus, courts must refrain from inserting words into a Rule that were omitted by the drafters, just as courts must refrain from inserting words into statutes

4

that were omitted by the legislature. *See, e.g.*, *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir.) ("The instructions sought by Sonmez effectively would have added the word 'sole' to the statute[.] . . . We will not construe the statute in such a manner, because we are required to interpret statutory language as written and are not permitted to add words of our own choosing."); *Dean v. United States*, 556 U.S. 568, 572 (2009) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face."); *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 562 (9th Cir. 2016) ("As the Supreme Court has long held, '[i]t is our judicial function to apply statutes on the basis of what Congress has written, not what Congress might have written.'"); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 624–25 (7th Cir. 2013) ("A court has no right . . . to either add words to or eliminate words from the language used by congress. We have no right to add words into the text of § 1963, and we certainly have no right to add a restriction that is not already there."); *State ex rel. Purdy v. Clermont Cty. Bd. of Elections*, 673 N.E.2d 1351, 1353 (Ohio 1997) ("It is the duty of the court to give effect to the words used and not to insert words not used."). Likewise, when a court is interpreting a Rule or statute, the Court is only allowed to consider evidence beyond the plain language when the language of the Rule or statute is ambiguous. *United States v. Hatcher*, 560 F.3d 222, 226 (4th Cir. 2009) ("Only if we determine that the terms of a statutory provision are ambiguous are we then permitted to consider other evidence to interpret the meaning of the provision, including the legislative history and the provision's heading or title."); *see also Ratzlaf v. United States,* 510 U.S. 135, 147–48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear.").

Here, Rule 30(b)(6) unambiguously allows a party to "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or *other entity*[.]"

5

(emphasis added). Fed. R. Civ. P. 30(b)(6). Wendy does not argue that the language of the Rule is ambiguous, nor could she. Nevertheless, Wendy asks the Court to interpret the Rule by inserting the word "business" before the word "entities." Wendy Motion, ECF No. 480 at 5 ("This portion of Rule 30 was adopted as a method of deposing corporations and other business entities, which act only through their authorized agents and employees."). Such an interpretation would plainly run afoul of the Fourth Circuit's prohibition on rewriting the law to conform to litigants' policy positions. Had the drafters of the Rule intended for Rule 30(b)(6) to be limited to "business" entities, or any other subset of entities, they certainly could have drafted such a limitation into the Rule. *Cf.* S.C. Code §§ 62-1-201(30), 62-1-201(32), and 62-1-501(3) (South Carolina Probate Code statutes differentiating between legal entities, commercial entities, and business entities). Moreover, Wendy's arguments ask the Court to consider evidence beyond the language of the Rule itself notwithstanding the Rule's unambiguous language. The Court should follow the law by enforcing the Rule as written and denying Wendy's motion for protective order.

Thus, Rule 30(b)(6) allows for the deposition of any entity and is not limited to business or legal entities.[2]

## II.   An estate is an "entity" and therefore may be deposed pursuant to Rule 30(b)(6).[3]

Rule 30(b)(6) allows a party to depose an "entity." Fed. R. Civ. P. 30(b)(6). As noted above, Wendy does not argue, at least not explicitly, that an estate is not an entity at all; rather, she only argues that it is not a "business entity." Indeed, Wendy cites a secondary source for the

---

[3] Ironically, when making the disconnected argument that Rule 30(b)(6) does not apply to an estate because an estate cannot sue or be sued, Wendy quotes the following from an Estate Planning Treatise: "Underlying many cases is the historic civil procedure notion that *an entity such as a trust or estate . . .* [.]" *See* ECF No. 480 at 9-10.

6

proposition "that *an entity such as a trust or an estate* has no jural personality and cannot sue or be sued." ECF No. 480 at 9. In any event, an estate is, in fact, an "entity."

When a particular term is not defined by the Rule, courts are to "apply the fundamental canon of statutory construction that words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Serafini*, No. 15-4383, 2016 WL 3209482, at *2 (4th Cir. June 10, 2016) (internal quotations omitted). Courts routinely use encyclopedias and dictionaries to determine the common meaning of a term. *See, e.g.*, *Oneida Tribe of Indians of Wisconsin v. State of Wis.*, 951 F.2d 757, 761 (7th Cir. 1991) ("Thus we turn to dictionaries and encyclopedias for the plain meaning of 'lotto.'"). One encyclopedia that courts regularly use to establish the common meaning of a term is West's Encyclopedia of American Law. *See, e.g.*, *Foss Mar. Co. v. Easly*, 544 F. App'x 706, 707 (9th Cir. 2013); *Citizen Ctr. v. Gessler*, 770 F.3d 900, 918 (10th Cir. 2014); *A.W. v. Peterson*, No. 8:14CV256, 2016 WL 1092477, at *7 (D. Neb. Mar. 21, 2016).

While Black's Law Dictionary does not define the term "entity," West's Encyclopedia of American Law defines an "entity" as follows:

> A real being; existence. An organization or being that possesses separate existence for tax purposes. Examples would be corporations, partnerships, *estates*, and trusts. The accounting entity for which accounting statements are prepared may not be the same as the entity defined by law.
>
> Entity includes corporation and foreign corporation; not-for-profit corporation; profit and not for-profit unincorporated association; Business Trust, *estate*, partnership, trust, and two or more persons having a joint or common economic interest; and state, U.S., and foreign governments.
>
> An existence apart, such as a corporation in relation to its stockholders.
>
> Entity includes person, *estate*, trust, governmental unit.

*West's Encyclopedia of American Law*, 2nd ed. (2008) (emphasis added).

Moreover, South Carolina law views an estate as a "legal entity." *See, e.g.*, *Brown v. Coe*, 365 S.C. 137, 142, 616 S.E.2d 705, 708, *order clarified,* 365 S.C. 664, 620 S.E.2d 323 (2005) ("[T]he estate is a separate legal entity [from its administrator] with interests other than [the administrator's] alone."); S.C. Code § 62-1-201(30) ("'Organization' includes . . . [an] estate . . . or any other legal entity."); § 62-1-201(32) ("'Person' means an . . . estate . . . or any other legal or commercial entity.").

> **III.     To the extent the Court looks beyond the plain language of Rule 30(b)(6), the Advisory Committee Notes, the South Carolina Probate Code, and the purpose behind the Rule weigh in favor of denying Wendy's motion.**

As explained above, courts should only look at evidence beyond the language in the Rules when the language is ambiguous. *United States v. Hatcher*, 560 F.3d 222, 226 (4th Cir. 2009) ("Only if we determine that the terms of a statutory provision are ambiguous are we then permitted to consider other evidence to interpret the meaning of the provision, including the legislative history and the provision's heading or title."). If the Court somehow finds an ambiguity in the Rule, the Advisory Committee Notes, the South Carolina Probate Code, and the purpose of the Rule strongly indicate that an estate governed by South Carolina law is the type of entity or organization that may be deposed.

> **A.     The Advisory Committee Notes and the Probate Code weigh in favor of denying Wendy's motion.**

While the plain language of Rule 30(b)(6) allows the deposition of an "entity," the Rule and its Advisory Committee Notes contain many references to depositions of an "organization" under the Rule. In fact, the term "entity" or "entities" is used a total of three times in the Rule and its Advisory Committee Notes (once in the Rule, and twice in the Advisory Committee Notes), whereas the term "organization" is used twenty-two times. For instance, Rule 30(b)(6), which is titled "Notice or Subpoena Directed to an *Organization*", states:

8

> The named *organization* must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty *organization* of its duty to make this designation. The persons designated must testify about information known or reasonably available to the *organization*.

Fed. R. Civ. P. 30(b)(6) (emphasis added). Furthermore, in its explanation of the "other entity" language used in the Rule, the Advisory Committee Notes state:

> "[O]ther entity" is added to the list of *organizations* that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an *organization* no matter what abstract fictive concept is used to describe the *organization*.

(Emphasis added).

Wendy argues that "[t]o evaluate [sic] an estate to the position of a business entity would upend probate law and create a new fictional entity in violation of the South Carolina Probate Code." *See* ECF No. 480 at 11. Although Wendy cites S.C. Code Ann. § 62-1-201(11) to define "estate"—which she cites in the context of making the unsupported argument that Rule 30(b)(6) only applies to entities or organizations that have standing to sue or be sued—conspicuously absent from her argument is the Probate Code's definition of "organization" located in the very same Code section:

> "Organization" includes a corporation, government or governmental subdivision or agency, business trust, *estate*, trust, partnership or association, two or more persons having a joint or common interest, or any other legal entity.

S.C. Code Ann. § 62-1-201(30) (emphasis added).[4]  Indeed, while Wendy compares the Estate to "a stack of money" in her motion, an estate, unlike a stack of money, files tax returns and has

---

[4] Wendy also argues that an estate cannot be deposed because it is not treated as a "person" or "fictional person" like other entities such as corporations. *See* ECF No. 480 at 10. However, under the S.C. Probate Code:

> "Person" means an individual, corporation, business trust, *estate*, trust, partnership, limited liability company, association, joint venture, government or

9

assets, liabilities, income, and expenses. Thus, to the extent the Court considers evidence beyond the plain language of the Rule in interpreting the meaning of "other entity", the Rule, its Advisory Committee Notes, and the South Carolina Probate Code's treatment of an estate strongly supports holding that an estate may be deposed under Rule 30(b)(6).

### B. Allowing a Rule 30(b)(6) of an estate fulfills the purpose of the Rule and discovery rules more generally.

The Wellin Children seek to take the 30(b)(6) deposition of the Estate to discover certain information about the Estate as an organization. For example, the Wellin Children seek to ask questions of the Estate about the nature and value of its assets and liabilities at certain relevant points in time, the taxes owed by the Estate and the positions the Estate has taken with the IRS, and the nature and details of the expenses and income of the Estate. The Advisory Committee Notes explain that Rule 30(b)(6) requires the named organization to designate a person "to appear and testify on its behalf with respect to matters known or reasonably available to the organization" which will help to "curb the 'bandying' by which officers or managing agents of a corporation [or entity] are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *See* Fed. R. Civ. P. 30(b)(6), Advisory Committee Notes.

Without a Rule 30(b)(6) deposition of the Estate, Wendy, as Special Administrator of the Estate, could (and likely would) disclaim knowledge of various facts relating to the Estate in her deposition, only to later call at trial someone who may have knowledge of the facts but who does not speak for the Estate, such as Edward Bennett, Patty Scarborough, Mike Simon, or Barry Gumb, for example. The Wellin Children seek to require the Estate to designate one or more

---

governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity.

S.C. Code Ann. § 62-1-201(32) (emphasis added).

individuals who are knowledgeable about various aspects of the Estate and, regardless of whether the designee provides an answer or disclaims knowledge, binds the Estate. That is, the Wellin Children seek to take a 30(b)(6) deposition of the Estate for the same reason parties seek to take depositions of business entities. Likewise, limiting the Wellin Children to serving written discovery requests on Wendy and taking Wendy's deposition is insufficient for the same reasons limiting a party to serving written discovery requests, on and taking a deposition of, an officer of a business entity is often insufficient. In short, the rationale for Rule 30(b)(6) applies with equal force to an Estate as it does with a corporate or business entity.

## CONCLUSION

The plain and unambiguous language chosen by the drafters of Rule 30(b)(6) establishes that the Rule applies to entities. There is nothing in the language of the Rule limiting its application to any specific type of entity such as a "business entity," and this Court is bound to apply the Rules as written and to refrain from inserting or deleting words that were not inserted or deleted by the drafters. As explained above, an estate 1) fits within the common definition of the term "entity"; 2) is defined by the South Carolina Probate Code as an example of an "entity" and an "organization"; and 3) is an entity whose 30(b)(6) deposition would fulfill the purpose of the Rule and liberal discovery rules as a whole. For all of these reasons, the Court should deny Wendy's motion and allow the deposition.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: s/PATRICK C. WOOTEN
Robert H. Brunson
Federal Bar No. 4971
E-Mail: robert.brunson@nelsonmullins.com
Merritt G. Abney
Federal Bar No. 9413
E-Mail: merritt.abney@nelsonmullins.com
Patrick C. Wooten

        Federal Bar No. 10399
        E-Mail: patrick.wooten@nelsonmullins.com
        151 Meeting Street / Sixth Floor
        Post Office Box 1806 (29402-1806)
        Charleston, SC  29401-2239
        (843) 853-5200

        *Attorneys for the Wellin Children*

Charleston, South Carolina
August 22, 2016