**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| WENDY WELLIN, as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011, | ) ) ) ) ) ) ) ) ) ) ) ) | **C.A. NO. 2:13-CV-1831-DCN**<br><br>**SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: PLAINTIFF WENDY WELLIN'S MOTION FOR PROTECTIVE ORDER PREVENTING 30(b)(6) DEPOSITION, ECF NO. 480 IN 2:13-CV-01831-DCN** |
| PLAINTIFF, | ) ) ) | |
| vs. | ) ) | |
| PETER J. WELLIN, et al., | ) ) | |
| DEFENDANTS, | ) ) | |
| LARRY S. MCDEVITT, as Trustee of the Wellin Family 2009 Irrevocable Trust, | ) ) ) | **C.A. NO. 2:13-CV-3595-DCN** |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | |
| PETER J. WELLIN, et. al., | ) ) | |
| DEFENDANTS, | ) | |
| PETER J. WELLIN, et. al., | ) ) | |
| PLAINTIFF, | ) ) | **C.A. NO. 2:14-CV-4067-DCN** |
| vs. | ) ) ) ) | |

WENDY WELLIN, individually and as )
Trustee of the Keith S. Wellin Florida )
Revocable Living Trust u/a/d December )
11, 2011, )
                                                                  )
                              DEFENDANT.         )
_____ )

Currently before the undersigned in Civil Action No. 2:13-CV-01831-DCN is the motion

of the Plaintiff for protection from the Defendants' Notice of the taking of a video deposition of

the Estate of Keith S. Wellin, pursuant to Fed.R.Civ.P. 30(b)(6).

The motion is before the undersigned, sitting as Special Master pursuant to the February

17, 2015 Order of the United States District Court for the District of South Carolina, Charleston

Division, Hon. David C. Norton presiding. See ECF Nos. 270, 258, and 35. [1]

**FACTS/PROCEDURAL HISTORY PERTINENT TO THE MOTION**

On July 8, 2016, the Wellin Children provided notice to Plaintiff of their intention to seek

the 30(b)(6) deposition of the Estate of Keith S. Wellin. They thereafter circulated a draft of the

notice setting forth twenty-nine topics about which they sought to have a "managing agent of the

Estate" testify. On July 15, 2016, Plaintiff objected to the proposed deposition on the grounds

that the Estate is not an organization that may be deposed under Rule 30(b)(6).

The parties conferred in an attempt to resolve the objection on July 22, 2016, but were

unable to do so. Thereafter, Plaintiff filed this Motion for Protective Order on August 3, 2016.

---

[1] The electronic case filing numbers refer to the entries submitted in Case Nos. 2:13-cv-1831-
DCN, 2:13-cv-3595-DCN, and 2:14-cv-4067-DCN, respectively.  These cases have been
consolidated for pre-trial purposes.  Hereinafter, unless otherwise indicated, all references to
electronic filing numbers will be directed to filings in Case No. 2:13-cv-1831-DCN only.

## DISCUSSION

Since this action is founded upon diversity of citizenship this Court must look to state law where substantive law questions are involved and to federal law for those of a procedural nature. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "It appears settled beyond controversy that where the substance/procedure distinction is important (diversity actions), the state substantive law determines the nature of the interest sought to be enforced while the Federal Rules control the procedural aspects of the litigation." *Cleaves v. De* Louder, 302 F. Supp. 36, 37 (N.D.W.Va. 1969) (citing *Osborne v. Campbell*, 37 F.R.D. 339 (S.D.W.Va. 1965); 2 Barron & Holtzoff 482 (Wright ed. 1961); *Hayhurst v. Henry*, 102 F.Supp. 306 (N.D.Texas 1951); Annot. 13 A.L.R.3d 140, 151 (1967); and Lavine & Horning, Manual of Federal Practice, 3.107 (1967)).

Plaintiff seeks an order forbidding the taking of the deposition in its entirety on the grounds that the Estate is not an organization within the contemplation of the Rule. Rule 26(c), Fed.R.Civ.P., provides in pertinent part that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery. Should Plaintiff fail in her attempt to prevent the deposition, Plaintiff would intend to object to various individual subjects identified in the notice by subsequent motion.

Fed.R.Civ.P. 30(b)(6) reads in applicable part as follows:

**(6) *Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons

designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Plaintiff argues in support of the motion that this portion of Rule 30 was adopted as a method of deposing corporations and other business entities, which act only through their authorized agents and employees. *See* Fed.R.Civ.P. 30(b)(6) Advisory Committee's note (1970); 18 Am. Jur. 2d *Corporations* § 2 (Lexis, 2016)(noting corporations act through their officers, directors, agents and employees). As Plaintiff points out, the Rule 30(b)(6) deposition was described by the 1970 Advisory Committee as a procedure to supplement the existing practice for corporate depositions, and enable an organization to identify an individual person to testify to the facts it knows and the actions it took.[2]

In 2007, Rule 30(b)(6) was amended to add the phrase "other entity" to the description of organizations that may be deposed under this section. In relation to this amendment, the Advisory Committee noted:

> "'[O]ther entity' is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries."

Fed.R.Civ.P. 30(b)(6) Advisory Committee's note (2007).

---

[2] As the 1970 Advisory Committee noted: "The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a 'managing agent.' It will curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it."

As Plaintiff points out, scholarly works also describe Rule 30(b)(6) in the context of discovery involving corporations. *See*, e.g. James C. Winston, *Corporate Representative Depositions Revisited*, 65 BAYLOR L. REV. 938, 943 (2013)("Rule 30(b)(6) was adopted to strike a balance between the needs of those seeking discovery from corporations and the needs of the corporation itself."). Furthermore, Plaintiff notes the vast majority of legal authority on Rule 30(b)(6) discusses the rule in the context of business or other corporate entity.[3] Indeed, there is no reported case in the country found by either party or by the undersigned discussing or considering the applicability of Rule 30(b)(6) to a probate estate.

Needless to say, Defendants disagree with Plaintiff's analysis. Defendants point out that the discovery rules are to be accorded "a broad and liberal treatment," premised upon the belief that "[m]utual knowledge of all of the facts gathered by both parties is essential to proper litigation." *Addison v. CMH Homes, Inc.,* 47 F.Supp.3d 404, 413 (D.S.C. 2014)(quoting *Hickman v. Taylor*, 329 SU.S. 495, 507 (1947)). Although Rule 26 authorizes a court to grant an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, the party seeking the order has the burden of establishing good cause to warrant such relief, "a requirement [that] creates a rather high hurdle for the moving party." *Wilson v. First Class Patrol Officers Michael Slager,* No. 2:15-cv-02170-DCN, 2016 WL 1253179, at *4 (D.S.C. Mar. 31, 2016)(internal quotations omitted); *see also Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979)("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Static Control*

---

[3] *E.g., McCray v. Allstate Ins. Co.,* No. 3:14-cv-02623-TLW, 2015 U.S. Dist. LEXIS 143494 (D.S.C. Oct. 22, 2015); *I/P Engine, Inc. v. AOL, Inc.,* 283 F.R.D. 322, 323 (E.D.Va. 2012); *Kinetic Concepts, Inc. v. Convatec, Inc.,* 268 F.R.D. 255 (M.D.N.C. 2010); *Murphy v. K-Mart Corp.,* 255 F.R.D. 497 (D.S.D. 2009); *Spicer v. Universal Forest Prods.,* No. 7:-07-cv- 462, 2008 U.S. Dist. LEXIS 77232 (W.D.Va. Oct. 1, 2008); *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626 (D. Kan.1999); 2 FEDERAL LITIG. GUIDE §§ 16.03 & 16.04 Lexis, 2016); 7 MOORE'S FEDERAL PRACTICE – CIVIL § 30.25 (Lexis, 2016); Sidney I. Schenkier, *Turning the Table, Deposing Corporations and Other Fictive Persons: Some Thoughts on Rule 30(b)(6),* 29 LITIG. 20 (2003).

*Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001)(holding that the moving party "assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances." (internal citations omitted)).

As Defendants point out, Rule 36(b)(6) was amended to include "other entity" without further qualification. They argue there is no basis upon which to "rewrite" the Rule to limit "other entity" to business entities.

The district courts are bound by the rules of statutory construction in interpreting the Federal Rules of Procedure. *Samsung Elecs. Co. v. Rambus, Inc.*, 440 F.Supp.2d 495, 506 (E.D. Va. 2006). Thus, as the Supreme Court has stated, "[w]e give the Federal Rules of Civil Procedure their plain meaning[.]" *Pavelic & LeFlore v. Marvel Entm't Grp.,* 493 U.S. 120, 123 (1989); *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013). Under the plain meaning rule, the court's analysis ends with the plain language of the Rule unless there is some ambiguity in the Rule. *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001). Therefore, courts must presume that a legislature says in a statute what it means and means in a statute what it says, and they must refrain from inserting words that were omitted by the drafters. *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 243 (4th Cir. 2009); *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir. ????): *Dean v. United States*, 556 U.S. 568 (2009)("[W]e ordinarily resist reading words or elements into a state that do not appear on its face.").

Applying this rule of statutory construction, Defendants assert Rule 30(b)(6) applies to allow the deposition of any entity, and an estate is an "entity." Interpreting the word "entity" according to its "ordinary, contemporary, common meaning", *United States v. Serafini*, No. 15-4383, 2016 WL 3209482, at *2 (4th Cir. June 10, 2016)(internal citations omitted), they point out

that although Black's Law Dictionary does not define the word "entity," West's Encyclopedia of American Law does define an "entity" as follows:

> A real being: existence. An organization or being that possesses separate existence for tax purposes. Examples would be corporations, partnerships, *estates*, and trusts. The accounting entity for which accounting statements are prepared may not be the same as the entity defined by law.

> Entity includes corporation and foreign corporation; not-for-profit corporation; profit and not for-profit unincorporated association; Business Trust; *estate*, partnership, trust, and two or more persons having a joint or common economic interest; and state, U.S. and foreign governments.

> An existence apart, such as a corporation in relation to its stockholders.

> Entity includes person, *estate*, trust, governmental unit.

*West's Encyclopedia of American Law*, 2nd ed. (2008)(emphasis added).

South Carolina law also identifies an estate as an entity. *See Brown v. Coe*, 365 S.C. 137, 142, 616 S.E.2d 705, 708, *order clarified*, 365 S.C. 664, 620 S.E.2d 323 (2005)("The estate is a separate legal entity [from its administrator] with interests other than [the administrator's] alone."). Furthermore, the South Carolina Probate Code defines an "organization" as follows:

> "Organization includes a corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, or any other legal entity."

S.C. Code § 62-1-201 (30).

and (32) a "person" as an "estate . . .or any other legal or commercial entity."

Defendants argue that the purpose of Rule 30(b)(6) is served by allowing the deposition. They explain that they seek to ask questions of the Estate concerning the nature and value of its assets and liabilities at certain relevant points in time, the taxes owed by the Estate and the positions the Estate has taken with the I.R.S., as well as the nature and details of the expenses and income of the Estate. They surmise the Plaintiff, Wendy Wellin, as Special Administrator of

the Estate, could (and likely would) disclaim knowledge of the facts, only to later call another witness, such as the attorney or accountant for the Estate, who may have knowledge of the facts but does not speak for the Estate. They candidly acknowledge they seek to require the Estate to designate one or more individuals who are knowledgeable about various aspects of the Estate, and regardless of whether the designee provides an answer or disclaims knowledge, binds the Estate.

However, notwithstanding Defendants' arguments, I conclude Rule 30(b)(6) does not apply to allow a 30(b)(6) deposition of the Estate. Although an organization is defined to include an estate under South Carolina Law and is further identified as an entity, South Carolina has long recognized that an estate of a deceased person is composed of the decedent's property. *See, e.g. Carter v. Wroten,* 187 S.C. 432, 198 S.E. 13 (1932)("The estate of a deceased person, as commonly understood, consists of real and personal property, choses in action, debts, etc. An estate as such cannot hold legal title to lands, because it is neither a person nor a legal entity."). The South Carolina Probate Code, Section 62-1-102(11), states "Estate includes the property of the decedent, trust, or other person whose affairs are subject to this Code as originally constituted and as it exists from time to time during administration." Under §62-1-102(35), "Probate Estate means the decedent's property passing under the decedent's will plus the decedent's property passing by intestacy." Section  62-1-102(37) defines "property" to include both real and personal property or any interest therein and means anything that may be the subject of ownership.

Recently, the South Carolina Supreme Court did describe an estate as a separate legal entity from the administratrix. *Brown v. Coe,* 365 S.C. 137, 616 S.E.2d 705 (2005). In *Brown,* the administratrix, a non-lawyer, sought to represent the estate in an appeal. *Id.* The court ruled

that S.C. Code Section 40-5-310, prohibiting the unauthorized practice of law, prevented the administratrix, who was not a lawyer, from representing the estate "because the estate is a separate legal entity with interests other than [the administratrix] alone."

The court's ultimate disposition, however, is telling in that the court declined to dismiss the appeal as a nullity, granting the *administratrix* a reasonable amount of time to retain counsel to represent the estate in the appeal. There was no discussion or consideration of allowing the estate, as its own "legal entity", to pursue the appeal on its own behalf as a *pro se* litigant. This is so because the estate is made up of property, lacking any ability to act except through its appointed representative. *See* 31 Am.Jur.2d *Executors and Administrators* § 1093 (Lexis, 2016)("Underlying many cases is the historic civil procedure notion that an entity such as a trust or an estate has no jural personality and cannot sue or be sued. Instead the fiduciary (not the estate/trust, and not any beneficiary) is the party to sue or be sued, in a representative capacity." Ronald D. Acutt, ed., 41-1 UNIV. OF MIAMI L. CENTER ON EST. PLAN. § 106.5 (Lexis, 2016); *see also, Glenn v. E.I. Dupont De Nemours & Co.*, 245 S.C. 128, 174 S.E.2d 155 (1970).

As the Bankruptcy Court for the Southern District of Alabama aptly noted, "'[p]roperty', of course, is inanimate, and therefore lacks the ability to do anything other than exist, much less file a lawsuit, or engage a lawyer to do so, or perform any other of the myriad of tasks involved in prosecuting a lawsuit. Hence, the necessity for a personal representative." *In re Eldridge*, 348 B.R. 834, 845 (S.D. Ala. Bankr. 2006); *see also Estate of Norton v. Hines,* 354 S.E.2d 663, 664 (Ga. 1936)("A dead man cannot be sued. The estate of a dead man is mere inanimate property. Suits to bind the estate of a dead man should be brought in the name of a personal representative – an executor, administrator, etc. This is no mere technicality.")(quoting *Knight's Pharmacy Co. v. McCall*, 183 S.E. 497 (Ga 1936)).

South Carolina law is in harmony with the above description. As the South Carolina Court of Appeals recognized in *Fisher ex. Rel. Shaw-Baker v. Huckabee*, 415 S.C. 171, 781 S.E.2d 156 (Ct. App 2015):

> Under the modern Probate Code, the personal representative is the central figure responsible for the orderly management of the decedent's estate. *See* S..C. Code Ann. §§ 62-3-701 through -721 (Supp.2014). The personal representative, for example, is afforded the same standing to sue that the decedent had immediately prior to death. S.C.Code Ann. § 62-3-703© (Supp.2014). The personal representative also may prosecute and defend against claims for the protection of the estate. S.C.Code Ann. § 62-3-715(20).

*Id.* 415 S.C. at 179, 781 S.E.2d at 160; *see also Carson v. CSX Transp., Inc.*, 400 S.C. 221, 242, 734 S.E.2d 148, 159 (2012).

Defendants argue the ordinary, contemporary, common meaning of the words "organization" and "entity" include an estate, and thus, to exclude estates as deponents under Rule 30(b)(6) would violate the plain meaning canon of statutory (and Rule) interpretation. But under South Carolina Law (1) a decedent's estate is composed of inanimate property; (2) the personal representative is charged with the "duty to settle and distribute the estate of the decedent in accordance with the terms of a probated and effective will and [The Probate Code] . . . as expeditiously and efficiently as is consistent with the best interests of the estate, S.C.Code Ann. § 62-1-703; and (3) the personal representative is charged with the responsibility to "[p]rosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties, S.C.Code Ann. § 62-1-715 (20),' I conclude it is not possible to reconcile the purpose or the operation of the 30(b)(6) deposition with these concepts.

Under Rule 30(b)(6), the deposing party notices the deponent organization for the taking of its deposition, and has the obligation to designate the areas of inquiry with reasonable

particularity. *United States v. J.M. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996). The deponent organization then has the obligation to designate witnesses to address the areas of inquiry, and to prepare them so they are able to give complete, knowledgeable and binding answers on behalf of the organization. *Id.* at *360-361.*

However, unlike corporations, partnerships, or other entities of like nature, an estate of a decedent has only the jural personality of the one party in charge of its administration – the personal representative. Thus, separate and apart from its representative, the inanimate property making up an estate has no ability to comply with a Rule 30(b)(6) deposition notice. In this case, the personal representative is Wendy Wellin, an individual, not an organization. In essence, then, to allow a 30(b)(6) deposition of the Estate would, under these circumstances, provide a second deposition of the Plaintiff, Wendy Wellin, in her role as Special Administrator, implicating Rule 30(a)(2)(A)(ii), Fed.R.Civ.P.

Black's Law Dictionary defines "organization" as follows:

"A group of people, structured in a specific way to achieve a series of shared goals. Relationships within an organization are determined by its structure and are typically based upon role and function. As the external environment can effect and be affected by organizations, they are considered open systems."

Merriam-Webster's Learner's Dictionary defines the word "Organization" as "a company, business, club, etc., that is formed for a particular purpose."[4] The Oxford Dictionary provides this same definition for the term, defining organization as "[a]n organized group of people with a particular purpose, such as business or government department." West's Encyclopedia of American Law, edition 2, Copyright 2008 The Gale Group, Inc., defines "organization" as [a]

---

[4]Although not relevant to this discussion, "organization" is also defined as "the act or process of putting the different parts of something in a certain order so that they can be found or used daily;" and as "the act or process of planning and arranging the different parts of an event or activity."

generic term for any type of group or association of individuals who are joined together either formally or legally."

Applying these definitions of the word organization in Rule 30(b)(6), the plain meaning of the text excludes an estate of a deceased person because it is not an organization subject to the Rule. It is not made up of two or more persons, nor is it formed for a particular purpose or formed to achieve a series of goals.

This conclusion is further supported by application of the established interpretive canon of *ejusdem generis*. Rule 30(b)(6) governs "Notice or Subpoena Directed to an Organization." It reads, in applicable part, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity . . .". Under the canon *ejusdem generis*, "'[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" *Washington State Dept. of Social and Health Services*, 537 U.S. 371, 383, 123 S.Ct. 1017, 1025, 154 L.Ed.2d 972 (2003)(quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-115, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001)). Applying that interpretive canon, it seems clear Rule 30(b)(6) is intended to apply to organizations formed for a particular purpose or for the purpose of achieving a series of goals. Each of those preceding words enumerated in the Rule contain this common element. This conclusion is also corroborated by the 1970 and 2007 Advisory Committee notes previously identified and discussed in this Report.

Based upon the above analysis, I conclude Plaintiff has met her burden of establishing that allowing a 30(b)(6) deposition of the Estate of Keith S. Wellin would be unwarranted, and would place an undue burden upon the Plaintiff.

For the forgoing reasons, it is recommended that the Plaintiff's Motion for Protective Order be GRANTED and that the 30(b)(6) deposition notice of the Estate of Keith Wellin, deceased, be QUASHED.

Respectfully submitted this ___14th___ day of November, 2016.

William L. Howard, Special Referee.