# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | ) ) | **ORDER** |
| -vs- | ) ) ) | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | ) ) ) | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) ) | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| -vs- | ) ) ) | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

Peter J. Wellin, Cynthia Wellin Plum, and )        C/A No. 2:14-cv-4067 DCN
Marjorie Wellin King, Individually and as )
Co-Trustees and Beneficiaries of the Wellin )
Family 2009 Irrevocable Trust u/a/d )
November 2, 2009, )
)
                    Plaintiffs, )
)
        -vs- )
)
Wendy Wellin, Individually and as Trustee of )
the Keith S. Wellin Florida Revocable Living )
Trust u/a/d December 11, 2001, )
)
                    Defendants. )
_____ )

The above referenced case is before this court upon the Special Master's Report and

Recommendation (ECF No. 505), which made the following recommendation:

1.      As to the Wellin Children's engagement letter with NMRS, the motion to compel be
        granted in part as to the production of the first and second redacted communications,
        and denied in part as to the third redacted communication.

2.      As to Keith Plum engagement letter with D&Y, the motion to compel be granted in
        part as to the production of the second redacted communication, and denied in part
        as to the first and third redacted communications.

This court is charged with conducting a de novo review of any portion of the Special

Master's report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However,

absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the

district court to review the factual and legal conclusions of the Special Master. Thomas v Arn, 474

U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special

Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the

appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S.

1208 (1984).[1]  **No objections have been filed to the magistrate judge's report and recommen**

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se
litigant must receive fair notification of the consequences of failure to object to a

**dation**.

A <u>de</u> <u>novo</u> review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law.  Accordingly, the Special Master's report and recommendation is **ADOPTED**, plaintiff Larry S. McDevitt and counterclaim defendant Lester S. Schwartz's motion to compel an un-redacted copy of the Wellin Children's engagement letter with NMRS is **GRANTED IN PART and DENIED IN PART**, and  plaintiff Larry S. McDevitt and counterclaim defendant Lester S. Schwartz's motion to compel an un-redacted copy of Keith Plum's engagement letter with D&Y is **GRANTED IN PART AND DENIED IN PART**.

**AND IT IS SO ORDERED**.

_____

David C. Norton
United States District Judge

March 31, 2017
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.