# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | ) ) | **ORDER** |
| -vs- | ) ) | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | ) ) ) | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | ) ) | |
| -vs- | ) ) | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | ) ) ) ) ) ) | |
| Counterclaim Defendants. _____ | ) ) | |

| | | |
|---|---|---|
| Peter J. Wellin, Cynthia Wellin Plum, and Majorie Wellin King, Individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | ) ) ) ) ) ) | C/A No. 2:14-cv-4067 DCN |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| Wendy Wellin, Individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | ) ) ) ) | |
| Defendants. | ) ) | |

The above referenced case is before this court upon the Special Master's Report and Recommendation that plaintiff's motion for protective order be granted and that the 30(b)(6) deposition notice of the Estate of Keith Wellin, deceased, be quashed.

This court is charged with conducting a <u>de novo</u> review of any portion of the Special Master's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the Special Master. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).[1] **No objections have been filed to the magistrate judge's report and recommen-**

---

[1] In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circum- stances fairly to appraise him of what is required.'" <u>Id.</u> at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.

**dation**.

A de novo review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law. Accordingly, the Special Master's report and recommendation is **ADOPTED**, plaintiff's motion for protective order is **GRANTED**, and the 30(b)(6) deposition notice of the Estate of Keith Wellin, deceased is **QUASHED.**

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

March 31, 2017
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.