# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| WENDY WELLIN, *as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*, <br><br> Plaintiff, <br><br> vs. <br><br> PETER J. WELLIN, *et. al.,* <br><br> Defendants. | No. 2:13-cv-1831-DCN |
| LARRY S. McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, <br><br> Plaintiff, <br><br> vs. <br><br> PETER J. WELLIN, *et. al.*, <br><br> Defendants. | No. 2:13-cv-3595-DCN |
| PETER J. WELLIN, *et. al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> WENDY WELLIN, *individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011*, <br><br> Defendant. | No. 2:13-cv-4067-DCN <br><br> **ORDER** |

These matters are before the court on the Report and Recommendation ("R&R") of Special Master William L. Howard, ECF No. 465,[1] recommending the court deny the Gustav Wellin, Nathaniel Wellin, Nicholas Wellin, Abigail King, Claire King, Mackenzie King, Dr. Ann Plum, and Keith Plum's (collectively, the "Wellin Grandchildren") Motion to Quash and/or for Protective Order, ECF No. 434, but allow the Wellin Grandchildren to redact call information regarding numbers not identified by Wendy Wellin ("Wendy") as numbers of interest. Wendy filed an objection to the R&R.[2] For the reasons that follow, the court rejects the R&R to the extent it permits the Wellin Grandchildren to redact call information from the requested telephone records, and adopts the remainder of the R&R as amended to correct a scrivener's error identified in Wendy's objections.

## I.  BACKGROUND

Because the parties are well-acquainted with these cases, the court will dispense with a recitation of the facts and include only a brief overview of the matters at hand. These cases involve a variety of claims related to the estate plan of Keith Wellin ("Keith"). The R&R ably summarized one of the primary "themes" of the many arguments made by Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King (the "Wellin Children") as follows:

> [T]hroughout his life, Keith [] intended to leave the bulk of his estate to his children and their lineal descendants. But once he became physically and mentally compromised by his failing health, . . . Wendy [] unduly influenced him and manipulated him into changing his estate plan to benefit Wendy to the exclusion of the Wellin Children and

---

[1] All ECF Number citations refer to Case Number 2:13-cv-1831-DCN.

[2] The Wellin Grandchildren also filed an objection to the R&R addressing a separate matter, ECF No. 474, but that objection was withdrawn on September 16, 2016. ECF No. 495.

>their descendants. The Wellin Children maintain Wendy successfully exerted undue influence over Keith by insulating him from his children and grandchildren, in part, by denying them telephone access to Keith Wellin.

R&R at 10. In contrast, "Wendy [] contends the Wellin Children and Grandchildren did not maintain regular contact with Keith [] during his latter years." Id. at 11.

Wendy served a set of subpoenas duces tecum on the Wellin Grandchildren on March 27, 2015, and a supplemental set of subpoenas on March 31, 2016. The supplemental subpoenas requested "[a]ll telephone records from January 1, 2009 to September 14, 2014, including the records from the land lines of any houses owned by you, or the cell phone records of any cell phones owned by you." The Wellin Grandchildren objected to this request as overbroad, irrelevant, and unduly burdensome, and filed the Motion to Quash and/or for Protective Order on April 13, 2016. ECF No. 434. Wendy filed a response on May 2, 2016, ECF No. 442, and the Wellin Grandchildren filed a reply on May 9, 2016. ECF No. 444.

The special master issued the R&R on July 1, 2016.[3] The special master found that the requested telephone records were relevant, noting that "the number of calls attempted by each Grandchild over the relevant time period may provide pertinent information, such as a pattern or trend," that may clarify whether the Grandchildren attempted to maintain a relationship with Keith. R&R at 11. However, the special master found the scope of the request to be "overbroad because it does not limit the requested records to telephone numbers pertinent to the issues,"

---

[3] The above-captioned matters have been consolidated for the purposes of pretrial discovery. ECF No. 271. On February 17, 2015, this court appointed William L. Howard to serve as special master over all non-dispositive, pre-trial matters and motions in these cases, including those pending before this court at the time. ECF No. 270.

and thus, "gives Wendy access to call information regarding communications having no relevance to the issues in these cases." Id. at 12. To remedy this problem, the magistrate judge recommended that Wendy be required "to identify each number and/or call of interest for which she requests the telephone record information, thereby allowing the Grandchildren to redact other call information." Id. Wendy filed her objection to the R&R on July 21, 2016, arguing that the recommended redactions should not be permitted. ECF No. 475. The Wellin Grandchildren did not respond to this objection. The matter is now ripe for the court's review.

## II.  STANDARDS

In reviewing a special master's order, report, or recommendation, the court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The court is required to review all objections to any findings of fact or conclusions of law made or recommended by a special master de novo. Fed. R. Civ. P. 53(f)(3), (4); Wellin I, ECF No. 270. However, the special master's rulings on procedural matters will only be set aside for abuse of discretion. Fed. R. Civ. P. 53(f)(5); Wellin I, ECF No. 270, 6.

> The Federal Rules of Civil Procedure provide that a party may
>
> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Such information "need not be admissible in evidence to be discoverable." Id.

4

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)); see also U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion . . . in managing discovery").

### III.  DISCUSSION

Wendy argues that the court should reject the R&R's recommendation that the Wellin Grandchildren be allowed to redact call information that is not connected to the telephone numbers she identifies as "numbers of interest." R&R at 12. Wendy notes that the court has twice rejected previous attempts in this litigation to make relevance-based redactions of this sort, see Wellin v. Wellin, No. 2:13-cv-1831-DCN, 2015 WL 5781383 (D.S.C. Sept. 30, 2015); Wellin v. Wellin, No. 2:13-cv-1831-DCN, 2014 WL 3496514 (D.S.C. July 14, 2014), and argues that there is no reason to depart from this rule here. The court agrees.

The special master reasoned that the proposed redactions were necessary because without them Wendy would have access to irrelevant call information. R&R at 12. However, the court does not find the prospect of allowing Wendy access to irrelevant call information to be particularly troubling. The fact that a document contains both relevant and irrelevant information is by no means extraordinary.

Bartholomew v. Avalon Capital Grp., Inc., 278 F.R.D. 441, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information."). Much of the material that parties exchange in discovery contains irrelevant information, but this is not ordinarily viewed as problem. Thus, relevance, in and of itself, does not seem a particularly compelling reason to depart from the ordinary practice of providing responsive documents in full. Id. at 452 ("[C]ourts view 'documents' as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words . . . ."). Moreover, as the court has previously observed, "relevance-based redactions are disfavored, because they 'breed suspicions, and they may deprive the reader of context.'" Wellin, 2015 WL 5781383, at *5 (quoting In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig., 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009)); see also David v. Alphin, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010) ("[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.").

The court finds that this concern applies in this situation. If the telephone records are restricted to particular "[telephone] number[s] and/or call[s] of interest," then they will only disclose patterns that can be discovered by looking at calls between those numbers. But it is certainly possible that the Wellin Grandchildren's calls to these "numbers of interest" might be part of a broader pattern that involves calls to other numbers. Perhaps this argument is too speculative to make all of the numbers contained in the Wellin Grandchildren's telephone records "relevant," but the court remains convinced that the additional context provided by the full records

6

will be beneficial, even if the only benefit is to prevent the suspicion that might arise if redaction were allowed.

The court also finds it significant that it has prohibited other parties and non-parties in this litigation from making similar redactions.  See Wellin, 2015 WL 5781383 (prohibiting Wendy from redacting specific vendor information from credit card records subpoenaed by the Wellin Children); Wellin, 2014 WL 3496514, at *4 (requiring non-parties—Wendy's daughter and brother—to reproduce subpoenaed documents without redactions).  In the interest of fairness, the court finds that the Wellin Grandchildren must comply with the same rule.  This is not to say that there may not be some situation in which relevance-based redactions might be appropriate. For instance, if redactions were necessary to protect parties or non-parties from harassment or to prevent the disclosure of sensitive information, the court would be more inclined to consider them.  But the law already provides tools that are generally sufficient to address these concerns—namely, confidentiality orders and legally recognized privileges.  There is no suggestion that such concerns are at stake here. Wendy has explained that the parties' have a standing agreement that, if one party has a question about a number contained in the telephone records produced by another party, the first party may request additional information from the producing party, but it may not call the number.  ECF No. 475 at 7.  Therefore, the court concludes that even if there may be some situations in which relevance-based redactions would be permitted, this is not one.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R in part and **REJECTS** the R&R in part.  The court rules that the Wellin Grandchildren shall not be permitted to redact the requested telephone records.  The court also **AMENDS** the R&R to correct the scrivener's error on page 25 of the R&R attributing the Motion to Quash and/or for Protective Order to the Wellin Children, rather than the Wellin Grandchildren.  The remainder of the Wellin Grandchildren's motion shall be **DENIED** as set forth in the R&R, except that the court does not intend to disturb any agreement the parties have reached regarding the matters addressed therein.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 31, 2017**
**Charleston, South Carolina**