IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| WENDY WELLIN, *as the Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:13-cv-1831-DCN |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.*, | ) ) | |
| Defendants. | ) | |
| LARRY S. McDEVITT, *as Trustee of the Wellin Family 2009 Irrevocable Trust*, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:13-cv-3595-DCN |
| vs. | ) ) | |
| PETER J. WELLIN, *et. al.*, | ) ) | |
| Defendants. | ) | |
| PETER J. WELLIN, *et. al.*, | ) ) | |
| Plaintiffs, | ) ) | No. 2:14-cv-4067-DCN |
| vs. | ) ) | |
| WENDY WELLIN, *individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2011*, | ) ) ) ) | **ORDER** |
| Defendant. | ) | |

The following matter is before the court on Peter J. Wellin, Cynthia W. Plum and Marjorie W. King's (collectively, the "Wellin Children"), and Gustav Wellin, Nathaniel Wellin, Nicholas Wellin, Abigail King, Claire King, Mackenzie King, Dr. Ann Plum, and Keith Plum's (collectively, the "Wellin Grandchildren") motions to clarify the court's

1

September 30, 2016 order ("Order") ruling on Dr. Ann Plum's ("Plum") motion for protective order. ECF Nos. 513, 518.[1] For the following reasons, the court grants the Wellin Chilren and Wellin Grandchildren's motions, and clarifies the Order as follows.

## I. BACKGROUND[2]

The instant dispute arises out of Plum's October 29, 2015 deposition, in which she was asked various questions regarding her understanding of certain factual and legal issues in this litigation. Plum's counsel objected and Plum refused to answer such questions. Following her deposition, Plum filed a motion for a protective order, arguing that these questions implicated a number of privileged communications. ECF No. 370. More specifically, Plum argued that (1) her communications with her attorneys were protected by the attorney-client privilege and the work-product protection, (2) her communications with other Wellin Grandchildren were protected by the joint-client doctrine, and (3) her communications with her mother and her mother's attorneys were protected by the common interest doctrine. Id.

The Special Master issued his Report and Recommendation ("R&R") on March 8, 2016, recommending that the bulk of Plum's communications were protected by either the attorney-client privilege, work-product protection, or the joint-client and common interest doctrines. ECF No. 410, R&R at 11–13, 22–24. Wendy Wellin ("Wendy") and

---

[1] Unless otherwise stated, all citations to ECF Numbers reference Case Number 2:13-cv-1831-DCN.
[2] Because the parties are well-acquainted with facts underlying this litigation, the court dispenses with a lengthy recitation thereof. Moreover, the court has already outlined much of the factual and procedural background relevant to the instant motions in its Order and refers the parties to that order for a more detailed discussion of the matter. ECF No. 503, Order at 2–5.

2

Larry McDevitt ("McDevitt") filed objections to the R&R on April 4, 2016, ECF Nos. 430–32,[3] and Plum filed a reply on April 21, 2016. ECF No. 440.

The court issued its Order on September 30, 2016, granting in part and denying in part Plum's motion for protective order. The Wellin Children filed their motion to clarify the Order on December 21, 2016. ECF No. 513. McDevitt filed a response in opposition on December 30, 2016, ECF No. 515, and Wendy filed a set of responses on January 4, 2017. ECF Nos. 516, 517.[4] The Wellin Grandchildren filed their own motion to clarify the Order on January 4, 2017, ECF No. 518, and McDevitt filed a response in opposition to that motion on January 6, 2017. ECF No. 519. The Wellin Children filed a reply in support of their motion to clarify on January 6, 2017. ECF No. 520. Wendy filed responses in opposition to the Wellin Grandchildren's motion to clarify on January 18, 2017. ECF Nos. 523, 524. The matter is now ripe for the court's review.

## II.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 60(a), the court may, on a motion or on its own, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The court's power to correct "clerical mistakes" is limited to "blunders in execution," such as transcription errors, inadvertent omissions, and miscalculations. Sartin v. McNair Law Firm PA, 756 F.3d 259, 265 (4th Cir. 2014) (quoting Rhodes v. Hartford Fire Ins. Co.,

---

[3] Wendy filed one set of objections in her individual capacity and another in her representative capacity. ECF Nos. 430, 432. However, the objections filed in her representative capacity simply adopt and incorporate her individual objections. ECF No. 432.

[4] Again, Wendy filed one response in her individual capacity and another in her representative capacity, and again, Wendy's filing in her representative capacity incorporated the arguments presented in her individual response.

3

548 F. App'x 857, 859–60 (4th Cir. 2013)). However, the court's power to correct "a mistake arising from oversight or omission" allows the court to conform the text of an order to the court's original intent, or address "unintended ambiguit[ies] that obfuscate[] the court's original intent." Id. Still, a court may not use Rule 60(a) to correct intended, albeit erroneous, results. Rivera v. PNS Stores, Inc., 647 F.3d 188, 194 (5th Cir. 2011) (explaining that "missteps involving substantive legal reasoning" fall outside of the scope of Rule 60(a)).

### III. DISCUSSION

The parties have reached conflicting interpretations of one aspect of the court's Order—its holding that the common interest and joint-client doctrines did not apply to those communications between Plum and the Wellin Children/Grandchildren that took place outside the presence of an attorney. ECF No. 513 at 3–4; see also Order at 32 (ruling that "the common interest doctrine does not extend to communications that do not involve at least one of the clients' attorneys," and applying that rule to hold that the common interest doctrine did not apply to the challenged communications). The Wellin Children and Wellin Grandchildren ask the court to clarify whether this holding was intended to overrule its previous decision in Hohenwater v. Roberts Pharm. Corp., where it addressed the standards governing a party's waiver of the work-product protection. 152 F.R.D. 513, 516 (D.S.C. 1994) (stating that the Fourth Circuit "appears to be in agreement with" the rule that "'disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information.'" (quoting 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024 (1993 Supplement))).

### A. Procedural Objections

McDevitt and Wendy offer several procedural objections to this request.[5] McDevitt contends that the instant motions seek an advisory opinion, "essentially ask[ing] the [c]ourt to issue a general pronouncement regarding privilege law or how that law would apply to a hypothetical document even though no actual document has been raised." ECF No. 515 at 5. Wendy raises a similar concern in her response, noting that the Wellin Children's motion poses a hypothetical question involving information communicated to a party's spouse, a factual scenario which was not presented by Plum's initial motion. ECF No. 517 at 7. To the extent the Wellin Children and Wellin Grandchildren ask the court to address facts or legal questions that were not presented by Plum's motion for protective order, the court would agree that the instant motion seeks an advisory opinion. For this reason, the court declines to address any hypothetical factual scenarios. However, the court does not believe it is advisory to clarify what issues the Order did and did not address. Therefore, the court will not dismiss the instant motions

---

[5] Certain of these objections are directed exclusively at the Wellin Grandchildren's citation to Federal Rule of Civil Procedure 54(b). ECF Nos. 519, 523. Rule 54(b) allows the court to reconsider decisions made before the entry of a judgment adjudicating all the claims in an action. But it is not clear that the Wellin Grandchildren are actually asking the court to reconsider the Order, given that their motion simply incorporates the arguments and request for relief made in the Wellin Children's motion. ECF No. 518 at 2 ("Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, as well as Rule 54(b), the Wellin Grandchildren respectfully request that the [c]ourt clarify its September 30, 2016 Order [] with respect to the issues raised in the Wellin Children's [m]otion to [c]larify."). Nevertheless, the court observes that "reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." Ashmore v. Williams, No. 8:15-cv-03633, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017). Because the Wellin Grandchildren have not addressed how their request satisfies any of these grounds, the court finds that they are not entitled to relief under Rule 54(b).

as a request for an advisory opinion, but it will craft its clarification so as not to exceed the bounds of the controversy presented by Plum's motion for protective order.

McDevitt also argues that the instant motions seek to alter or amend, rather than clarify, the Order because the Order already held that when communications do not include an attorney "they are not privileged in the first place[6] or, alternatively, the

---

[6] The instant motions seek clarification of an issue regarding the <u>waiver</u> of the work-product protection, not the initial determination of whether the protection applies at all. However, the court wishes to address a separate ambiguity on the latter issue. Fed. R. Civ. P. 60(a) (allowing the court to correct oversights and omissions "on motion or on its own").
In the Order, the court found that:

> Plum has failed to show that her answers to Questions 21, 22, and 27 would reveal privileged information. These questions dealt with communications between Plum and the Wellin Children regarding the possibility of Plum becoming a trustee and the background facts of this litigation. Because it is clear that the conversations were between Plum and the Wellin Children, there is no indication that privileged communication was involved.

Order at 26. However, it was imprecise for the court to discuss whether a "communication" is considered protected work-product. While the attorney-client privilege protects communications, the work-product doctrine protects an attorney's "mental processes . . . , providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975). Thus, the court's statement that "[b]ecause it is clear that the conversations were between Plum and the Wellin Children, there is no indication that privileged communication was involved," does a much better job of describing why such conversations were not protected by the attorney-client privilege than it does of describing why the information conveyed in those conversations was not entitled to work-product protection.
To clarify, the court was simply not convinced that the subject matter of the conversations implicated protected work-product. The fact that no attorney was present during the conversations in question bolstered this conclusion. Taking the subject matter of the conversations and the attorneys' absence into consideration, the court found that "Plum had failed to demonstrate that these communications" contained privileged or protected information. Order at 32 n.16. It was not the court's intention to hold that the manner in which a client discusses a matter with a third-party bears on whether the attorney's mental impressions constitute work-product at all. Had that been the court's reasoning, it would have been unnecessary to analyze whether common interest and joint-client doctrines require an attorney to be present during the subject communications, as

privilege is waived." ECF No. 515 at 9. Of course, this argument is premised on McDevitt's interpretation of the Order. Thus, to accept this argument, the court must take a position on the very question posed by the Wellin Children and Wellin Grandchildren's motions: what does the Order hold with respect to Plum's waiver of the work-product protection?[7] Consequently, the court sees no reason why it should not answer this question, thereby clarifying the Order.

### B. Clarification on the Issue of Waiver

The Order addressed four primary issues: (1) a choice of law question—which has no bearing on the instant matter; (2) whether the questions posed during Plum's deposition sought information protected by either the attorney-client privilege or work-product protection; (3) whether Plum waived the attorney-client privilege or work-product protection by filing an affidavit with the court; and (4) whether the common interest or joint-client doctrines applied to certain communications. The common interest and joint-client doctrines are not privileges themselves. Tobaccoville USA, Inc. v. McMaster, 692 S.E.2d 526, 531 (S.C. 2010). Instead, they are "exception[s] to the waiver of an existing privilege." Id. (quoting John Freeman, The Common Interest Rule, S.C. Law., May/June 1995, at 12). The Order found that, for either exception to apply, an attorney must be present during the communication in question, and therefore, neither

---

the court could have simply held that the work-product protection did not apply to the information conveyed during such communications in the first place.

[7] At times, McDevitt appears to suggest that this question is beyond the scope of Rule 60(a). ECF No. 151 at 11 (arguing that "Rule 60(a) cannot be used to seek 'additional instruction regarding the contours of the' initial judgment" (quoting Loren Data Corp. v. GXS, Inc., 2011 WL 3946484, *2 n. 5 (D. Md. 2011))). The court finds that the requested relief—or, at least, the relief that the court has provided—falls well within the court's authority to resolve "an unintended ambiguity that obfuscates the court's original intent." Sartin, 756 F.3d at 266.

exception applied to the communications between Plum and her family members.  Order at 31–35.

The bulk of the Order was not concerned with the question of how—or indeed, whether—a waiver actually occurred.[8]  None of the court's formal rulings stated that Plum "waived" the work-product protection.  Instead, the court addressed each of the questions posed during Plum's deposition and issued either a generic denial of Plum's request for a protective order or denied Plum's request "to the extent she relies on the common interest doctrine as an exception to the waiver of privilege."[9]  Order at 36–37.  Notably, the court issued generic denials of Plum's motion as to questions 21 and 22, which Plum's counsel objected to on the basis of work-product protection.  Id. at 36.  While the court ruled that these questions did not seek protected work-product for the reasons discussed in footnote 7 above, it made an alternative finding, stating that "[Plum's communications with the Wellin Children] would have waived the privilege covering any of the information conveyed in these conversations."  Id. at 26 n.13.  The court discussed this finding in part III.C. of the Order, which addressed the common interest exception.  Id. at 32–33.  There, the court applied the rule "that the common interest doctrine does not extend to communications that do not involve at least one of the clients' attorneys" to find that, because "no attorney was involved in [Plum's] conversation with her mother, aunt, and uncle about becoming a trustee," any privilege or

---

[8] The Order did discuss the application of the "at-issue" waiver doctrine in connection with Plum's affidavit, but this issue does not impact the instant request for clarification, which deals with the issue of waiver through communications of protected information.

[9] The court also granted the motion in part and denied portions of the motion as moot.  These rulings do not impact the instant analysis.

protection that may have applied to the information conveyed during that conversation "was waived." Id. at 32.

It is clear that the court viewed Plum's conversations with her family members as a waiver of the work-product protection. Thus, it is easy to see why McDevitt and Wendy are convinced that the court found that the communication of protected work-product by a client to a third party outside the presence of an attorney necessarily waives that protection. But this was not the court's intent. While the court did indicate that Plum's conversations "waived" the work-product protection in footnote 13 and on page 32 of the Order, the court never discussed the standard governing such waiver. Rather, the court was focused on whether the common interest or joint-client doctrines excused an underlying waiver. This focus is evidenced by the careful phrasing of the court's rulings on Questions 6, 23–26, 28, 29, 33, 34, and 39, denying Plum's motion "to the extent she relies on the common interest doctrine as an exception to the waiver of privilege." Order at 36–37. The only reason the court did not include such language in its denial of Plum's motion with respect to Questions 21 and 22 was because the court also held that those questions did not implicate protected work-product in the first place. Id. at 26.

Still, one might argue that if the court's findings were limited to whether the common interest or joint-client doctrines applied, then the court's analysis did not support its denial of Plum's request of a protective order. After all, the application of the common interest and joint-client doctrines presupposes that the underlying communication would have otherwise waived the applicable privilege or protection. However, the court's application of this underlying assumption to Plum's conversations

9

with her family members simply mirrored the analysis of the special master and the parties themselves. One must remember that "the proponent of the attorney-client and work-product privileges . . . has the burden of establishing that he has not waived them," Schlossberg v. B.F. Saul Ins. Agency of Md., Inc., 2015 WL 1522879, at *7 (D. Md. Apr. 1, 2015) (quoting Wells v. Liddy, 37 Fed. Appx. 53, 65 (4th Cir. 2002)). Neither the R&R nor Plum's reply to McDevitt and Wendy's objections questioned the underlying assumption that Plum's conversations with her family would have waived the work-product protection absent the common interest and joint-client doctrines. Because Plum offered these exceptions as her only defense against McDevitt and Wendy's waiver arguments, the court did not need to look beyond that issue in denying Plum's motion once it determined that neither exception applied. Thus, the court was never presented with the question of how a party waives the work-product protection, nor was it necessary for the court to address that issue. It was enough for the court to find that Plum failed to carry her burden to establish that a waiver did not occur. As such, the court's Order should not be read to take a position on when or how a party waives the work-product protection.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the Wellin Children and Wellin Grandchildren's motions, and clarifies that its Order was not intended to adopt or reject any standard governing the waiver of the work-product protection.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 23, 2017
Charleston, South Carolina**