# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | **ORDER** |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | |
| Defendants. | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | |
| Defendants. | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | |
| Counterclaim Plaintiffs, | |
| -vs- | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | |
| Counterclaim Defendants. | |

| Peter J. Wellin, Cynthia Wellin Plum, and | ) | C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) | |
| Co-Trustees and Beneficiaries of the Wellin | ) | |
| Family 2009 Irrevocable Trust u/a/d | ) | |
| November 2, 2009, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Wendy Wellin, Individually and as Trustee of | ) | |
| the Keith S. Wellin Florida Revocable Living | ) | |
| Trust u/a/d December 11, 2001, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced cases are before this court upon the Special Master's recommendation that the 30(b)(6) deposition subpoena of Wellin & Co. Be quashed, and that a protective order be granted prohibiting the Estate from taking the 30(b)(6) deposition of Wellin & Co.

This court is charged with conducting a <u>de novo</u> review of any portion of the Special Master's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the Special Master. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).[1] **No objections have been filed to the Special Master's report and recommenda-**

---

[1] In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Id.</u> at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.

**tion**.

A de novo review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law. Accordingly, the Special Master's report and recommendation is **AFFIRMED**, the Wellin Children's motion to quash the 30(b)(6) deposition subpoena of Wellin & Co. (ECF No. 601 in C/A No. 2:13cv1831 DCN) is **GRANTED**, and a protective order is granted prohibiting the Estate from taking the 30(b)(6) deposition of Wellin & Co.

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

March 22, 2018
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.