**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | **ORDER** |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | |
| Defendants. | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | |
| Defendants. | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | |
| Counterclaim Plaintiffs, | |
| -vs- | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d | |

| | |
|---|---|
| November 2, 2009, | ) |
| | ) |
| Counterclaim Defendants. | ) |
| | ) |
| _____ | ) |
| Peter J. Wellin, Cynthia Wellin Plum, and | )   C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) |
| Co-Trustees and Beneficiaries of the Wellin | ) |
| Family 2009 Irrevocable Trust u/a/d | ) |
| November 2, 2009, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| Wendy Wellin, Individually and as Trustee of | ) |
| the Keith S. Wellin Florida Revocable Living | ) |
| Trust u/a/d December 11, 2001, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court upon the Special Master's Report and Recommendation ("R&R") filed February 20, 2018 regarding the following motions:

> Motion of Claire W. King for Protective Order, ECF No. 652, 2:13-1831 DCN[1]
> Motion of Abigail C. King for Protective Order, ECF No. 653, 2:13-1831 DCN
> Motion of Nicholas Wellin for Protective Order, ECF No. 654, 2:13-1831 DCN
> Motion of Nathaniel Wellin for Protective Order, ECF No. 655, 2:13-1831 DCN
> Motion of MacKenzie King for Protective Order, ECF No. 656, 2:13-1831 DCN
> Motion of Keith C. Plum for Protective Order, ECF No. 657, 2:13-1831 DCN
> Motion of Gustav Wellin for Protective Order, ECF No. 658, 2:13-1831 DCN

The court is charged with conducting a <u>de novo</u> review of any portion of the Special Master's report to which a specific objection is registered. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly

---

[1] The electronic case filing numbers refer to entries submitted in Case Nos. 2:13-cv-1831-DCN, 2:13-cv-3595-DCN, and 2:14-cv-4067-DCN respectively. These cases have been consolidated for pre-trial purposes. Unless otherwise indicated, all references to electronic filing numbers are directed to filings in Case. No. 2:13-cv-1831-DCN only.

or partly reject or reverse, or resubmit" the R&R to the Special Master with instructions. Fed. R. Civ. P. 53(f)(1). The 2003 Advisory Committee Notes state that the "requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony."[2] No objections have been filed to the Special Master's Report and Recommendation.

The court has conducted a <u>de novo</u> review of the record, and concludes that the Special Master's R&R accurately summarizes this case and the applicable law. Accordingly, the Special master's R&R is incorporated into this order. For the reasons articulated by the Special Master, the court makes the following ruling:

A) The motions for protective order as to questions, 1, 8, 9, 10, 11, 12, 18, 23, 24, 25, 26, 27, 29, 30, 32, 33, 36, 37, 41, 42, 43, 45, 46, 52, 54, 55, 59, 60, 66, 68, and 72 are **DENIED**, and the depositions involving these question shall be reconvened to answer the questions;

B) The motions for protective order as to questions 2, 4, 5, 6, 7, 13, 14, 15, 16, 17, 19, 20, 21, 22, 28, 31, 34, 38, 39, 40, 44, 49, 50, 51, 53, 56, 58, 62, 64, 65, 69, 70, 71, and 73 are **DENIED** to the extent the deponent relies on the common interest doctrine or joint-client doctrine as an exception to the waiver of privilege, but **GRANTED** in all other respects, and the depositions involving these question shall be reconvened to answer the questions;

C) The motions for protective order is **GRANTED** as to questions 3, 35, 61, and 63;

---

[2] While this language is drawn from the Committee Notes to Rule 53(g), in the 2003 version of the Federal Rules of Civil Procedure, Rule 53(g)(1) contained the substantive language that is now in Rule 53(f)(1).

D) The motions for protective order as to questions 47, 48, 57, 67, and 74 are

**DENIED AS MOOT.**

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 25, 2018
Charleston, South Carolina**