# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | **ORDER** |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | |
| Defendants. | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | |
| Defendants. | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | |
| Counterclaim Plaintiffs, | |
| -vs- | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | |
| Counterclaim Defendants. | |

| Peter J. Wellin, Cynthia Wellin Plum, and | ) | C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) | |
| Co-Trustees and Beneficiaries of the Wellin | ) | |
| Family 2009 Irrevocable Trust u/a/d | ) | |
| November 2, 2009, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Wendy Wellin, Individually and as Trustee of | ) | |
| the Keith S. Wellin Florida Revocable Living | ) | |
| Trust u/a/d December 11, 2001, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the Special Master's Report and Recommendation (Dkt. No. 672 in 2:13-cv-1831 DCN) on the motion filed by the Wellin Children to issue a protective order prohibiting Lester Schwartz and Larry McDevitt from reconvening the deposition of Marjorie W. King.

This court is charged with conducting a de novo review of any portion of the Special Master's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the Special Master. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1] **No objections have been filed to the magistrate judge's report and recommen**

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received

**dation**.

A de novo review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law. Accordingly, the Special Master's report and recommendation is **ADOPTED**, and the court **ORDERS** that upon reconvening the deposition of Marjorie King and following completion of questioning by the other deponents, McDevitt shall be allowed to re-ask the following question of Ms. King, as well as follow-up questions specific to the subject of the inquiry in that question, but only if the witness answers the question in the affirmative:

> *At any point, did you tell your attorneys that Tina Green, an employee of Keith Wellin and Wendy Wellin, was relaying to you privileged conversations that were taking place between Wendy and her attorneys.*

If the witness answers the above question in the negative, further questioning of the witness is denied.

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

March 12, 2019
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.