# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | **ORDER** |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | |
| Defendants. | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | |
| Defendants. | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | |
| Counterclaim Plaintiffs, | |
| -vs- | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, | |
| Counterclaim Defendants. | |

| Peter J. Wellin, Cynthia Wellin Plum, and | ) | C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) | |
| Co-Trustees and Beneficiaries of the Wellin | ) | |
| Family 2009 Irrevocable Trust u/a/d | ) | |
| November 2, 2009, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Wendy Wellin, Individually and as Trustee of | ) | |
| the Keith S. Wellin Florida Revocable Living | ) | |
| Trust u/a/d December 11, 2001, | ) | |
| | ) | |
| Defendants. | ) | |

The above referenced case is before this court upon the Special Master's Report and Recommendation (Dkt. No. 745 in 2:13-cv-1831 DCN) on the motion filed by the Wellin Children to issue a protective order preventing the production of and deposition testimony related to a draft letter written by Peter Wellin to his father on or before June 30, 2013, alleging to be protected by the attorney-client privilege and work-product doctrine ("Draft Letter").

This court is charged with conducting a de novo review of any portion of the Special Master's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the Special Master. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1] **Objections were timely filed on March 21, 2018 by Wendy C.H. Wellin, as**

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circum-

**Special Administrator of the Estate of Keith S. Wellin. On April 4, 2018, the Wellin Children filed their reply in response to the objections.**

A de novo review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law. Accordingly, the Special Master's report and recommendation is **ADOPTED**, and the motion for protective order is **GRANTED.** Both the Draft Letter and Peter Wellin's requirement to give deposition testimony in regards to the contents of the letter are protected from discovery by the attorney-client privilege.

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

April 2, 2019
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

stances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.