IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001, | C/A No. 2:13-cv-1831 DCN |
| Plaintiff, | **ORDER** |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC, | |
| Defendants. | |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust, | C/A No. 2:13-cv-3595 DCN |
| Plaintiff, | |
| -vs- | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC, | |
| Defendants. | |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust, | |
| Counterclaim Plaintiffs, | |
| -vs- | |
| Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d | |

| | |
|---|---|
| November 2, 2009, | ) |
| | ) |
| Counterclaim Defendants. | ) |
| _____ | ) |
| Peter J. Wellin, Cynthia Wellin Plum, and | ) C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) |
| Co-Trustees and Beneficiaries of the Wellin | ) |
| Family 2009 Irrevocable Trust u/a/d | ) |
| November 2, 2009, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| Wendy Wellin, Individually and as Trustee of | ) |
| the Keith S. Wellin Florida Revocable Living | ) |
| Trust u/a/d December 11, 2001, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court upon the Special Master's Report and Recommendation ("R&R") (Dkt. No. 859 in 2:13-cv-1831-DCN[1]) regarding the motion filed by Wendy C.H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 (the "Estate") for a protective order pursuant to Rules 26(c) and 30(c) of the Federal Rules of Civil Procedure in relation to the Estate's expert Diana S.C. Zeydel, Esquire.

The court is charged with conducting a <u>de</u> <u>novo</u> review of any portion of the Special Master's report to which a specific objection is registered. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit" the R&R to the Special Master with instructions.

---

[1] Unless otherwise indicated, all references to electronic filing number will be directed to filings in Case No. 2:13-cv-1831 DCN.

Fed. R. Civ. P. 53(f)(1).  The 2003 Advisory Committee Notes state that the "requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony."[2] Objections were timely filed on March 19, 2019 by the Estate. On April 2, 2019, the Wellin Children filed their reply to the objections.

The court has conducted a <u>de novo</u> review of the record and concludes that the Special Master's R&R accurately summarizes this case and the applicable law. Accordingly, the Special Master's R&R is incorporated into this order.  For the reasons articulated by the Special Master, it is therefore **ORDERED** that the Estate's motion for protective order is **DENIED**, and the legal memorandum at issue shall be produced along with the emails concerning the same subject matter.

**AND IT IS SO ORDERED.**

---

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 16, 2019**
**Charleston, South Carolina**

---

[2] While this language is drawn from the Committee Notes to Rule 53(g), in the 2003 version of the Federal Rules of Civil Procedure, Rule 53(g)(1) contained the substantive language that is now in Rule 53(f)(1).