# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Keith Wellin, individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,<br><br>    Plaintiff,<br><br>  -vs-<br><br>Peter J. Wellin, Cynthia W. Plum, and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC,<br><br>    Defendants. | C/A No. 2:13-cv-1831 DCN<br><br>**<u>ORDER</u>** |
| Lester S. Schwartz, as Trust Protector of the Wellin Family 2009 Irrevocable Trust,<br><br>    Plaintiff,<br><br>  -vs-<br><br>Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as Co-Trustees and Beneficiaries of the Wellin Family 2009 Irrevocable Trust, Friendship Management, LLC, and Cynthia W. Plum as Manager of Friendship Management, LLC,<br><br>    Defendants. | C/A No. 2:13-cv-3595 DCN |
| Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, as Co-Trustees of the Wellin Family 2009 Irrevocable Trust,<br><br>    Counterclaim Plaintiffs,<br><br>  -vs-<br><br>Lester S. Schwartz, Esq., as Trust Protector of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Keith Wellin, as Grantor of the Wellin Family 2009 Irrevocable Trust u/a/d | |

| | |
|---|---|
| November 2, 2009, | ) |
| | ) |
| Counterclaim Defendants. | ) |
| _____ | ) |
| Peter J. Wellin, Cynthia Wellin Plum, and | ) C/A No. 2:14-cv-4067 DCN |
| Majorie Wellin King, Individually and as | ) |
| Co-Trustees and Beneficiaries of the Wellin | ) |
| Family 2009 Irrevocable Trust u/a/d | ) |
| November 2, 2009, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| Wendy Wellin, Individually and as Trustee of | ) |
| the Keith S. Wellin Florida Revocable Living | ) |
| Trust u/a/d December 11, 2001, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court upon the Special Master's Report and Recommendation ("R&R") (Dkt. No. 862 in 2:13-cv-1831-DCN[1]) regarding the motion filed by the Wellin Children for a protective order upholding the objections and instructions not to answer made by the Wellin Children's counsel during the deposition of Dr. Gordon Teichner.

The court is charged with conducting a de novo review of any portion of the Special Master's report to which a specific objection is registered. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit" the R&R to the Special Master with instructions. Fed. R. Civ. P. 53(f)(1). The 2003 Advisory Committee Notes state that the "requirement

___

[1] Unless otherwise indicated, all references to electronic filing number will be directed to filings in Case No. 2:13-cv-1831 DCN.

that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony."[2] Objections were timely filed on March 26, 2019 by Wendy C.H. Wellin. On April 23, 2019, the Wellin Children filed their reply to the objections.

The court has conducted a de novo review of the record and concludes that the Special Master's R&R accurately summarizes this case and the applicable law. Accordingly, the Special Master's R&R is incorporated into this order. For the reasons articulated by the Special Master, it is therefore **ORDERED** that the Wellin Children's motion for protective order is **GRANTED** as to Questions 1 and 5.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 6, 2019**
**Charleston, South Carolina**

---

[2] While this language is drawn from the Committee Notes to Rule 53(g), in the 2003 version of the Federal Rules of Civil Procedure, Rule 53(g)(1) contained the substantive language that is now in Rule 53(f)(1).