IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy C. H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001,<br><br>                                      *Plaintiff,*<br>vs.<br><br>Peter J. Wellin, Cynthia W. Plum and Marjorie W. King, individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust u/a/d November 2, 2009, and Friendship Management, LLC,<br>                                      *Defendants.* | Civil Action No. 2:13-cv-01831-DCN<br><br>**THE ESTATE'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE TAX STATUS OF THE WELLIN FAMILY 2009 IRREVOCABLE TRUST** |

Wendy C. H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001 (the "Estate"), by and through her undersigned counsel, submits this Reply in Support of the Estate's Motion for Partial Summary Judgment as to the Tax Status of the Wellin Family 2009 Irrevocable Trust. Mot. Summ. J. as to Grantor Trust Status, April 16, 2019, ECF No. 883.[1] Peter Wellin, Cynthia Plum, Marjorie King and Friendship Management, LLC (the "Wellin Children" submitted an Amended Response in Opposition to this Motion on July 23, 2019. Resp. in Opp'n to Mot. as to Grantor Trust Status, July 23, 2019, ECF No. 936.

**ARGUMENT**

**I.     The relief requested in the Motion as to Grantor Trust Status is procedurally appropriate.**

The Wellin Children raise two procedural arguments in opposition to the Estate's Motion as to Grantor Trust Status, arguing that the Motion is improper under Rule 56 and that the Motion

---

[1] All references to electronic case filing numbers are to Civil Action No. 2:13-cv-01831-DCN, unless otherwise noted.

improperly seeks an advisory opinion. Whether this sentiment is rooted in a desire to avoid an adjudication of this matter on the merits or a desire to avoid further scrutiny of the bad faith associated with their November and December 2013 actions, such motivations are not reasons to withhold summary judgment on this issue.

      A.    **The relief requested in the Motion as to Grantor Trust Status is proper under Rule 56.**

Rule 56 of the Federal Rules of Civil Procedure permits parties to move for summary judgment "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The Wellin Children are incorrect in their assertion that the grantor trust status of the Wellin Family 2009 Irrevocable Trust (the "2009 Trust") is not a part of the claims involved in this matter. Indeed, the tax issues associated with the 2009 Trust, and the Wellin Children's breach of fiduciary duties to Keith Wellin relating to the same, are expressly referenced throughout the Estate's operative Second Amended Complaint.

The tax status of the 2009 Trust determines whether Keith Wellin, as grantor of the 2009 Trust, or the 2009 Trust itself, was responsible for the income tax associated with the sale of the underlying Berkshire Hathaway stock. The tax status of the 2009 Trust is therefore relevant to a determination of the scope of the breach of the fiduciary duties owed to Keith Wellin with respect to the sale of the Berkshire Hathaway stock by the Partnership in December 2013. With respect to the Estate's Eighth, Ninth and Tenth Causes of Action, the damages to Keith Wellin (and now the Estate) resulting from the sale of Berkshire Hathaway stock by the Partnership are impacted by whether or not the 2009 Trust was a grantor trust at the time of such sale. Furthermore, the Estate's claim of bad faith on the part of Cynthia Plum, which is a material part of the Estate's Eight Cause of Action is impacted by the determination of the 2009 Trust's tax status. The Court

should not deny the Estate's Motion as to Grantor Trust Status when the question of the 2009 Trust's tax status is so plainly embedded in the issues involved in this case.

### B. The Motion as to Grantor Trust Status does not seek an advisory opinion.

The Wellin Children also attempt to characterize the Estate's Motion as to Grantor Trust Status as a request for an advisory opinion. This position ignores the fact that grantor trust status is an issue embedded in many of the Estate's claims, as discussed above. *See supra* § I.A. The Estate properly moved for summary judgment on this issue, as the request does not involve any hypothetical facts. Though the Wellin Children characterize it as such, a determination of the validity or invalidity of the release or removal of the two Article IX express powers is not in fact hypothetical. The Estate has requested only what it expressly stated it requested – a request for <u>partial</u> summary judgment. If this Court determines that a genuine issue of material fact exists as to the release or removal of the power to substitute and the power to add spouse beneficiaries, the Estate requests only that the Court determine whether as a matter of law any other provision of the 2009 Trust resulted in grantor trust status during the relevant time period. While the Wellin Children have apparently surmised this request is related to some hypothetical future litigation with the IRS, in actuality, the Estate simply wishes to resolve the purely legal issues relating to this complex matter to simplify what must be determined by the trier of fact.

The Wellin Children cannot have their cake and eat it too. If the Wellin Children truly believe that litigation relating to the grantor trust status of the 2009 Trust will develop in another forum, then the millions in income taxes that would be borne by Keith Wellin (now, the Estate) from the 2009 Trust as a result of the Berkshire Hathaway stock sale is a significant component of the damages associated with the Estate's claims. The burden of the income taxes allocable to the partnership interests held by the 2009 Trust could be the liability of Keith Wellin only if the 2009

Trust was a grantor trust at the time the stock sale occurred. Alternately, if the absence of such IRS litigation as of the date of this filing is an indication that such litigation will not develop, then there will be no other forum which might adjudicate this issue.

**II.   The Wellin Children have not demonstrated a genuine issue of material fact with respect to the actions taken by Keith Wellin or Lester Schwartz on November 20, 2013.**

In their Response, the Wellin Children argue there is a dispute of material fact by incorporating by reference their Response in Opposition to the Motion for Summary Judgment filed by Larry S. McDevitt in related case C/A No. 2:13-cv-03595. The Estate disagrees with the Wellin Children's assertion and adopts and incorporates Mr. McDevitt's Reply to the same, which the Estate understands is also being filed on August 28, 2019.

**III.   The Wellin Children's arguments with respect to I.R.C. § 674 are neither persuasive nor compelling.**

The Estate anticipated the majority of the Wellin Children's argument with respect to the applicability of I.R.C. § 674. *See* Mot. as to Grantor Trust Status at 15–34, ECF No. 883; Wellin Children's Resp. at 8–29, ECF No. 936. As the Estate argued in its Motion as to Grantor Trust Status, even if the Court does determine that there is an issue of material fact surrounding the November 20, 2013 actions taken by Keith Wellin and/or Lester Schwartz, the Court should nevertheless dispense with the issue of the application of I.R.C. § 674 because such an analysis does not involve a dispute of fact. Addressing the I.R.C. § 674 issues at this stage would streamline the issues for trial in the event that the Court declined to rule on the November 20, 2013 actions directly. While the majority of the Wellin Children's I.R.C. § 674 arguments are addressed in the Estate's Motion and need not be restated here, the Estate does respond to three specific and additional arguments raised by the Wellin Children in their Response.

4

The Wellin Children first argue that the Estate is misconstruing the language of the 2009 Trust by arguing that the "conclusive and binding" language applies only to the Trustee and not the Distribution Committee, but that the distribution standard of health, education, maintenance or support (including a college education and professional or post-graduate study) ("HEMS") applies to both the Trustee and the Distribution Committee.  The Wellin Children are wrong for two reasons.

First, the Paragraph B of Article VII states in relevant part that "any member [of the Distribution Committee] who is also a beneficiary hereunder shall be precluded from participating in decisions involving discretionary distributions to that member personally, except to the extent governed by and made *pursuant to a standard under this instrument* which constitutes an ascertainable standard within the meaning of Sections 2041 and 2514 of the [Internal Revenue] Code." 2009 Trust § VII.B, available at ECF No. 883-1 (emphasis added).  Were the distribution standard of Article IV, Paragraph B.1.a and b determined not to apply to the Distribution Committee, this language would be rendered superfluous, as there would be <u>no</u> distribution standard applicable to the Distribution Committee.  For this provision of Article VII, Paragraph B to have meaning, the distribution standard of Article IV, Paragraph B.1. a and b must apply to the Distribution Committee.

Second, the language of Paragraph B.1 of Article VII, as cited by the Wellin Children in their Response, states that the "Distribution Committee shall not be authorized to direct the Trustee to make any distributions that would violate the provisions of this Agreement." *See* Resp. at 17–18, ECF No. 936; *see also* 2009 Trust § VII.B.1, available at ECF No. 883-1.  The Trust specifically incorporates the requirement that distributions directed by the Distribution Committee be in accordance with the terms of the Trust Agreement, which would include the distribution

5

standard cited above.  Notably, the language does not incorporate any protections given to the Trustee, specifically the "conclusive and binding" language.  Article VII, Paragraph B.2 addresses protections for the Distribution Committee and does not make any reference to decisions of the Distribution Committee being "conclusive and binding", though clearly the drafter could have done so.

The next new argument raised by the Wellin Children is that the Wellin Children, in analyzing the issue of whether or not they are considered subservient to Keith Wellin, state that there is no evidence that Mr. Wellin requested the Wellin Children to exercise distribution powers related to the 2009 Trust, with which they failed to comply.  *See* Resp. at 27, ECF No. 936.  In determining whether a Trustee is subservient to the grantor, no authority exists for the proposition that the grantor must make a request, which is then denied by the Trustee, for the presumption that a Trustee is subservient to be overcome.  In the instant case, such a request by Keith Wellin at the relevant time period (November 2013) would have been futile.  The 2009 Trust had *de minimis* liquid assets on November 20, 2013, such that the Trustees would have been unable to make a distribution at the request of Keith Wellin, even if they were so inclined to do so, and any failure to make a distribution would have been due to circumstances, not Trustees' agreement or disagreement with the wishes of Keith Wellin.  There is no evidence in the record that the Wellin Children were subject to Keith Wellin's "dominion and control" during the relevant time period, which is the necessary inquiry.  *See Eisenmann v. Comm'r*, 17 T.C. 1426, 1433–34 (1952) (Trustee not deemed subservient where he "fully and capably discharged his duties without any dominion or control being exercised over him by [the grantor].").  To the contrary, the existence of this litigation and the underlying actions resulting in this litigation should be sufficient for any trier of

fact to determine the Wellin Children were not acquiescing to Keith Wellin's wishes in November of 2013.

The last new argument raised by the Wellin Children is that a literal reading of I.R.C. § 674 suggests that the exception of I.R.C. § 674(c) cannot apply to the Wellin Children in their capacity as members of the Distribution Committee, as they are not "trustees". The relevant inquiry with respect to I.R.C. § 674(c) is the nature of the power over beneficial enjoyment held by the fiduciary and the fiduciary's relationship to the grantor, not the title of the fiduciary. The Estate maintains and has demonstrated that the Wellin Children were not, in any capacity, subservient to Keith Wellin during November 2013, and as such fall under the I.R.C. § 674(c) exception to I.R.C. § 674(a). The I.R.S., in analyzing the application of I.R.C. § 674 in multiple private letter rulings, has not placed any significance on the title of the fiduciary possessing distribution authority, and has analyzed powers possessed by a "Distribution Committee" in determining whether a trust is classified as a grantor trust. *See* P.L.R. 201310002 and 201848002 (providing examples of such an analysis). This Court should likewise not place any emphasis on the title under which the Wellin Children possess certain powers under the 2009 Trust, and should find that the exception of I.R.C. § 674(c) applies in this case.

## CONCLUSION

None of the Wellin Children's arguments against the Estate's Motion as to Grantor Trust Status are compelling. The Court therefore should award partial summary judgment in favor of the Estate.

Respectfully submitted,

HOOD LAW FIRM, LLC
172 Meeting Street/Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435/Facsimile: (843) 722-1630
Email: Info@hoodlaw.com

**s/ James B. Hood**
Robert H. Hood (1939)
Molly H. Craig (6671)
James B. Hood (9130)
Virginia Rogers Floyd (12212)

*Attorneys for Wendy C. H. Wellin, as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*

**August 28, 2019**
Charleston, South Carolina

8