IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WENDY C.H. WELLIN, *as Special Administrator of the Estate of Keith S. Wellin and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PETER J. WELLIN, CYNTHIA W. PLUM AND MARJORIE W. KING, *individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust, u/a/d November 2, 2009*, and FRIENDSHIP MANAGEMENT, LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| LARRY S. MCDEVITT, *as Trust Protector of the Wellin Family 2009 Irrevocable Trust*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PETER J. WELLIN, CYNTHIA W. PLUM AND MARJORIE W. KING, *individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust, u/a/d November 2, 2009*, FRIENDSHIP MANAGEMENT, LLC, and CYNTHIA W. PLUM *as manager of Friendship Management, LLC*, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| PETER J. WELLIN, CYNTHIA W. PLUM AND MARJORIE W. KING, *individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust* | ) ) ) ) ) |

No. 2:13–cv–01831–DCN

**ORDER**

No. 2:13–cv–03595–DCN

1

|                                                                                                                                                                                                                                                    |                  |
| -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------- |
| Counterclaim Plaintiffs,                                                                                                                                                                                                                           | )<br>)           |
| vs.                                                                                                                                                                                                                                                | )<br>)           |
| LARRY S. MCDEVITT, *as Trust Protector of the Wellin Family 2009 Irrevocable Trust*, LESTER SCHWARTZ *as Trust Protector of the Wellin Family 2009 Irrevocable Trust, u/a/d November 2, 2009*, and WENDY C.H. WELLIN, *as Special Administrator of the Estate of Keith S. Wellin*, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Defendants.                                                                                                                                                                                                                           | )<br>)<br>)      |
| PETER J. WELLIN, CYNTHIA W. PLUM AND MARJORIE W. KING, *individually and as co-Trustees and beneficiaries of the Wellin Family 2009 Irrevocable Trust, u/a/d November 2, 2009*, FRIENDSHIP MANAGEMENT, LLC, | No. 2:14-cv-4067-DCN |
| Plaintiffs,                                                                                                                                                                                                                                        | )<br>)           |
| vs.                                                                                                                                                                                                                                                | )<br>)           |
| WENDY WELLIN, *individually and as Trustee of the Keith S. Wellin Florida Revocable Living Trust u/a/d December 11, 2001*                                                                                                                          | )<br>)<br>)<br>) |
| Defendant.                                                                                                                                                                                                                                         | )<br>)           |

This matter is before the court on Peter J. Wellin, Cynthia Wellin Plum, Marjorie Wellin King – in their individual capacities, their capacities as co-Trustees and beneficiaries Wellin Family 2009 Irrevocable Trust ("2009 Irrevocable Trust"), and Marjorie Wellin King in her role as Manager of Friendship Management, LLC – and Friendship Management, LLC (collectively, the "Wellin children") motion for partial summary judgment based on the statute of limitations for all claims related to the establishment and the initial transactions involving the 2009 Irrevocable Trust ("2009

2

Transaction")[1]. For the reasons outlined below, the court grants the Wellin children's motion for partial summary judgment.

## I. BACKGROUND

Because the parties are well-acquainted with these cases, the court will dispense with a recitation of facts and include only a procedural history of the matters at hand.

The instant motion for partial summary judgment involves three cases centered around a collection of disputes by and among the Wellin children, their stepmother Wendy C.H. Wellin, in her individual capacity ("Wendy"), and in her official capacity as trustee of the Keith S. Wellin ("Keith") Florida Revocable Living Trust u/a/d December 11, 2001 ("trustee Wendy"), on behalf of the Estate of Keith as its duly Appointed Special Administrator ("Estate"), and Larry S. McDevitt and Lester S Schwartz, each as Trust Protector of the Wellin Family 2009 Irrevocable Trust ("McDevitt).

Case No. 2:13-cv-1831 is by and between defendants the Wellin children and plaintiffs trustee Wendy and the Estate ("Wellin I"). Case No. 2:13-cv-3539 is by and between defendants-counterclaim plaintiffs the Wellin children and plaintiffs-counterclaim defendants McDevitt ("McDevitt"). Case No. 2:14-cv-4067 is by and between plaintiffs the Wellin children and defendants Wendy and trustee Wendy ("Wellin II").[2]

On June 30, 2017, the Wellin children filed the partial motion for summary judgment based on the issue of statute of limitations in Wellin I, ECF No. 599, McDevitt,

---

[1] Both parties agree that the scope of this motion is limited to the aspects of the First, Second, Third, Eighth, Ninth and Tenth causes of action from Wellin I that relate to the 2009 Transaction. ECF No. 599 at 8–9; ECF No. 960 at 3.

[2] Unless otherwise specified, all ECF No. citations refer to Wellin I.

ECF No. 638, and Wellin II, ECF No. 387. On September 22, 2017, the Estate, on behalf of the parties adverse to the Wellin children, filed a response in Wellin I, ECF No. 640, McDevitt, ECF No. 757, and Wellin II, ECF No. 503. On October 13, 2017, the Wellin Children filed a reply in Wellin I, ECF No. 663, McDevitt, ECF No. 699, and Wellin II, 445. On December 16, 2019, both parties filed supplemental briefings at the court's request. ECF No. 960; ECF No. 961. The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non–moving party and draw all inferences in its favor. Id. at 255.

## III. DISCUSSION

### A. Statute of Limitations

The Wellin children ask the court to grant a partial summary judgment on the claims based on the 2009 Transaction on the grounds that the statute of limitations expired by the time Keith filed his initial complaint against the Wellin children in July 2013. ECF No. 599 at 8. "A federal court sitting in diversity must follow state law in determining whether an action is commenced for the purposes of applying the statute of limitations." Burgess v. Elliott, 2017 WL 1505421, at *3 (D.S.C. Apr. 27, 2017), aff'd, 696 F. App'x 125 (4th Cir. 2017), cert. dismissed, 202 L.Ed.2d 3, 3 (2018); see also Thornton v. Cessna Aircraft Co., 886 F.2d 85, 88 (4th Cir. 1989); Alday v. Techphy Div. Firminy, 10 F. Supp. 2d 562, 563 (D.S.C. June 8, 1998). In a tort claim, a federal court "considering a diversity action . . . applies . . . the procedural law of the [forum state]." Burgess v. Elliott, 2017 WL 1505421, at *3 (D.S.C. Apr. 27, 2017), aff'd, 696 F. App'x 125 (4th Cir. 2017); see also Sokolowski v. Flanzer, 769 F.2d 975, 977 (4th Cir. 1985). Under South Carolina law, "statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action.'" In re Ashe, 2016 WL 1084282, at *2 (Bankr. D.S.C. Mar. 18, 2016) (quoting Capco of Summerville, Inc. v. J.H. Gayle Const. Co., 628 S.E.2d 38, 41 (S.C. 2006); see also Thornton v. Cessna Aircraft Co., 703 F.Supp. 1228, 1230 (D.S.C.1988), aff'd and remanded, 886 F.2d 85 (4th Cir. 1989) ("A statute of limitations, which requires an action to be brought within a fixed time following accrual of a cause of action, is generally procedural because it affects the remedy rather than the right."). Because the statute of limitations is procedural under South Carolina law, the court will apply South Carolina

law[3] in its analysis of the statute of limitations and any equitable tolling or estoppel of the same.

Under South Carolina law, this action is governed by a three-year statute of limitation period. S.C. Code § 15-3-530(1) (Supp. 2012) (stating that the statute of limitations is three years for "an action upon a contract"); S.C. Code § 15-3-530(5) (stating that the statute of limitations is three years for "any injury to the person or rights of another, not arising on contract and not enumerated by law"); Graham v. Welch, Roberts & Amburn, LLP, 743 S.E.2d 860, 862 (S.C. Ct. App. 2013).

---

[3] Both parties agree that South Carolina law governs the issue of the application of statute of limitations, equitable tolling and equitable estoppel. ECF No. 599 at 14–15; ECF No. 640 at 27. However, the Estate also makes the argument that Delaware law governs the substantive law relating to the Eighth, Ninth and Tenth causes of action from Wellin I based on the governing law provision of the Friendship Partners, L.P. operating agreement. ECF No. 960 at 23–24. The law is quite clear that a federal court sitting in diversity will apply the laws of the forum state to address procedural issues, such as the statute of limitations, regardless of the presence of a choice of law provision. In re Ashe, 2016 WL 1084282 at *2–4 (applying South Carolina law to the statute of limitations claim even though contract contained a choice of law provision that provided that the laws of Utah governed its enforceability); see also MedCap Corp. v. Betsy Johnson Health Care Sys., Inc., 16 F. App'x. 180, 182 (4th Cir. 2001) (applying the statute of limitations of the forum state, North Carolina, even though the contract included a choice of law provision providing that the law of Indiana governs its construction); In re Lewis, 517 B.R. 615, 619 (Bankr. E.D.Va. 2014) (applying Virginia law to procedural issues despite a choice of law clause in the agreement); Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC, 702 F.Supp.2d 826, 834 (N.D. Ohio 2010) ("Absent express language in the choice of law provision indicating that the parties intend another state's statute of limitations to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract."); Gas Tech. Inst. v. Rehmat, 524 F.Supp.2d 1058, 1069 (N.D. Ill. 2007) ("Illinois applies forum law to procedural matters, which include statutes of limitations. This is true even where the litigants are parties to a contract containing a choice of law provision.") (internal quotations omitted); Zanfardino v. E–Sys., Inc., 652 F.Supp. 637, 639 (S.D.N.Y. 1987) ("Under New York law, a choice of law clause is honored, but operates only to import the substantive law of the selected state."). Therefore, even if the Estate were to have made an argument that Delaware law applies to the statute of limitations, and any equitable tolling or estoppel of the same, such an argument would fail.

These statutes of limitations are modified by a doctrine known as the "discovery rule." "Under the discovery rule, the limitations period commences when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against another party might exist." Stokes–Craven, 787 S.E.2d at 489; see S.C. Code Ann. § 15–3–535 (2005) ("[A]ll actions initiated under Section 15–3–530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."). "This standard as to when the limitations period begins to run is <u>objective</u> rather than subjective." Stokes–Craven, 787 S.E.2d at 489 (quoting <u>Burgess v American Cancer Society, South Carolina Division, Inc</u>, 386 S.E.2d 798, 800 (S.C. Ct. App. 1989) (emphasis in original)). "Therefore, the statutory period of limitations begins to run when a person <u>could or should have known</u>, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto." <u>Id</u>. at 490 (emphasis in original).

The South Carolina Supreme Court has "interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on <u>notice</u> that a claim against another party might exist." <u>Dean v. Ruscon Corp.</u>, 468 S.E.2d 645, 647 (S.C. 1996). The date on which a plaintiff should have discovered the cause or causes of action is an objective question. <u>Graham</u>, 743 S.E.2d at 862. In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a

person of common knowledge and experience on notice that some right has been invaded, or that some claim against another party might exist. Bayle v. S.C. Dep't of Transp., 542 S.E.2d 736, 740 (S.C. Ct. App. 2001) (internal citations omitted). "[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial." Dorman v. Campbell, 500 S.E.2d 786, 789 (S.C. Ct. App. 1998) (citing Dean, 468 S.E.2d at 647). However, "[i]f there is conflicting evidence as to whether a claimant knew or should have known he or she had a cause of action, the question is one for the jury." Manios v. Nelson, Mullins, Riley & Scarborough, LLP, 697 S.E. 2d 644, 654 (S.C. Ct. App. 2010); see Moriarty v. Garden Sanctuary Church of God, 534 S.E.2d 672, 681 (S.C. 2000) ("[T]he determination of the date the statute [of limitations] began to run in a particular case [is a question] of fact for the jury when the parties present conflicting evidence."); Maher v. Tietex Corp., 500 S.E.2d 204, 207 (S.C. Ct. App. 1998) ("The jury must resolve conflicting evidence as to whether a claimant knew or should have known he had a cause of action.").

Before beginning an analysis of when the statute of limitations accrued and when it expired, the court must consider the Estate's assertion that either equitable estoppel or equitable tolling prevents the Wellin children from claiming the statute of limitations as a defense. The Wellin children argue that, based on "the absence of any allegations in the operative complaint supporting equitable tolling combined with Keith's deposition testimony", the Estate should be precluded from asserting equitable tolling. ECF No. 599 at 9. Under South Carolina law, there is no bright-line standard the Estate must meet to justify the court's consideration of equitable tolling. Hooper v. Ebenezer Sr. Services and Rehabilitation Center, 687 S.E.2d 29, 32 (S.C. 2009) ("The equitable power of a court is

person of common knowledge and experience on notice that some right has been invaded, or that some claim against another party might exist. Bayle v. S.C. Dep't of Transp., 542 S.E.2d 736, 740 (S.C. Ct. App. 2001) (internal citations omitted). "[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial." Dorman v. Campbell, 500 S.E.2d 786, 789 (S.C. Ct. App. 1998) (citing Dean, 468 S.E.2d at 647). However, "[i]f there is conflicting evidence as to whether a claimant knew or should have known he or she had a cause of action, the question is one for the jury." Manios v. Nelson, Mullins, Riley & Scarborough, LLP, 697 S.E. 2d 644, 654 (S.C. Ct. App. 2010); see Moriarty v. Garden Sanctuary Church of God, 534 S.E.2d 672, 681 (S.C. 2000) ("[T]he determination of the date the statute [of limitations] began to run in a particular case [is a question] of fact for the jury when the parties present conflicting evidence."); Maher v. Tietex Corp., 500 S.E.2d 204, 207 (S.C. Ct. App. 1998) ("The jury must resolve conflicting evidence as to whether a claimant knew or should have known he had a cause of action.").

Before beginning an analysis of when the statute of limitations accrued and when it expired, the court must consider the Estate's assertion that either equitable estoppel or equitable tolling prevents the Wellin children from claiming the statute of limitations as a defense. The Wellin children argue that, based on "the absence of any allegations in the operative complaint supporting equitable tolling combined with Keith's deposition testimony", the Estate should be precluded from asserting equitable tolling. ECF No. 599 at 9. Under South Carolina law, there is no bright-line standard the Estate must meet to justify the court's consideration of equitable tolling. Hooper v. Ebenezer Sr. Services and Rehabilitation Center, 687 S.E.2d 29, 32 (S.C. 2009) ("The equitable power of a court is

not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other. . . .Equitable tolling may be applied where it is justified under all the circumstances." (internal citation omitted)). Since there is no singular determinative disqualifier that requires the court to decline the application of equitable tolling, the Estate is entitled to bring an equitable tolling argument. Therefore, the court will evaluate this argument, and the Estate's argument for equitable estoppel, as prescribed under South Carolina law.

### A. Equitable Estoppel

The Estate argues that equitable estoppel should apply because the Wellin children's actions hindered Keith's ability to discover the existence of claims against the Wellin children arising from the 2009 Transaction. ECF No. 640 at 32–37. "Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." Kleckley v. Northwestern National Casualty Company, 526 S.E.2d 218, 220 (S.C. 2000). "The doctrine is, of course, most clearly applicable where the aggrieved party's delay in bringing suit was caused by his opponent's intentional misrepresentation; but deceit is not an essential element of estoppel. It is sufficient that the aggrieved party reasonably relied on the words and conduct of the person to be estopped in allowing the limitations period to expire." Magnolia North Property Owners Ass'n v. Heritage Communities, Inc., 725 S.E.2d 112, 125 (S.C. Ct. App. 2012) (emphasis in original). "The essential elements of equitable estoppel are divided between the estopped party and the party claiming estoppel."

9

Rodarte v. Univ. of S.C., 799 S.E.2d 912, 916 (S.C. 2017); Strickland v. Strickland, 375 76, 84, 650 S.E.2d 465, 470 (S.C. 2007). The essential elements of equitable estoppel required to toll the running of the statute of limitations are as follows:

> The elements of estoppel as to the party estopped are (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts. As to the party claiming estoppel, the elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; and (2) reliance upon the conduct of the party estopped.

Maher v. Tietex Corp., 500 S.E.2d 204, 209 (S.C. Ct. App. 1998); see also Southern Dev. Land and Golf Co. v. South Carolina Pub. Serv. Auth., 426 S.E.2d 748, 751 (S.C. 1993). A necessary element of equitable estoppel is the Estate proving it had a "lack of knowledge and the means of knowledge of the truth as to facts in question." It cannot. As the court stated in its January 22, 2014 order "Keith signed the documents on the advice of his estate attorney, who crafted the . . . 2009 Transaction. South Carolina courts impute knowledge to a principal when his or her attorney understands the contents of a document."[4] ECF No. 91 at 7–8 (citing Dorman v. Campbell, 500 S.E.2d 786, 789;

---

[4] When addressing the issue of imputed knowledge in its January 22, 2014 order, the court stated, "Keith's complaint makes no claims against his former estate attorney, and there appears to be no reason why that attorney's knowledge of the transaction should not be imputed." ECF No. 91 at 8. The court did not intend for this dictum to be perceived as a prompt for the Estate to file a legal malpractice claim against Keith's estate attorney, Tom Farace ("Farace"), and his law firm (together with Farace, "Farace defendants"). Nevertheless, the Estate did file a legal malpractice claim against the Farace defendants ("Farace claim"). Wellin v. Farace et. al, No. 2:16-cv-0414, ECF No. 9. Additionally, the court never indicated that by bringing such a claim, it would necessarily negate imputation to Keith of Farace's knowledge of the 2009 Transaction. In its research, the court found no South Carolina case law indicating that bringing a claim of legal malpractice against one's lawyer would negate the imputation of knowledge from that lawyer to their client. The Estate also provides no such evidence nor made any arguments to support that bringing a claim of legal malpractice against one's lawyer would negate the imputation of knowledge from that lawyer to their client.

Faulkner v. Millar, 460 S.E. 2d 378, 381 (S.C. 1995); Crystal Ice Co. of Columbia, Inc. v. First Colonial Corp., 257 S.E.2d 496, 497 (S.C. 1979)). The Estate contends that Keith "hardly heard" from his estate attorney regarding the 2009 Transaction and that his estate attorney was permitted to communicate with the Wellin children because Keith "had faith in them and trusted them." ECF No. 640 at 5. The Estate also argues that the Wellin children had more information regarding the 2009 Transaction than Keith as a result of their communication with his estate attorney and if the Wellin children informed Keith of the tax liability he could face as a result of the 2009 Transaction, then "he would not have consented to it." Id. Even taking these facts as true and in the light most favorable to the Estate, it does not negate that fact that under South Carolina law, Keith's estate attorney's

---

Even if bringing a legal malpractice claim were to negate the imputation of knowledge, the court granted summary judgment in favor of Farace defendants. Wellin v. Farace et. al, No. 2:16-cv-0414, ECF No. 210. Even if the court were not to have granted summary judgment in favor of Farace defendants and assumed instead that the court found in favor of the Estate in the Farace claim, the Estate provided no evidence that it would meet the "adverse interest exception" that is required to relieve Keith from having Farace's knowledge imputed to him. See In re Infinity Bus. Group, Inc., 497 B.R. 794, 812 (Bankr. D.S.C. 2013) (predicting that South Carolina Supreme Court would apply a standard that requires total abandonment of the principal's interest and no benefit to the principal in order to apply the adverse interest exception (citing Citizens' Bank v. Heyward, 133 S.E. 709, 713 (S.C. 1925) (extensively examining the law regarding imputation of an agent's knowledge to a principal, noting that the proper inquiry for imputation is "whether the act was done in the course of the agency and by virtue of the authority as agent[, and i]f it was, then the principal is responsible, whether the act was merely negligent or fraudulent."))). Even if the court were to assume the Estate proved that it would meet the "adverse interest exception", the "sole actor rule" would prevail and Farace's knowledge would be still be imputed to Keith. See In re Derivium Capital LLC, 716 F.3d 355, 368 (4th Cir. 2013) (finding that if an agent is the sole representative of a principal, then that agent's fraudulent conduct is imputable to the principal regardless of whether the agent's conduct was adverse to the principal's interests under South Carolina law).

In short, there is no legal basis for the court to find that Farace's knowledge of the 2009 Transaction is not imputed to Keith.

knowledge of the full impact of the 2009 Transaction is imputed to Keith. Because of the imputation of this knowledge, the Estate cannot prove lack of knowledge of the truth to the facts in question.[5] Therefore, the court declines to apply equitable estoppel to suspend or extend the three–year statute of limitations.

### B. Equitable Tolling

The Estate also argues that equitable tolling should apply because the Wellin children's actions hindered Keith's ability to discover the existence of claims against the Wellin children arising from the 2009 Transaction. ECF No. 640 at 32–37. "[I]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations." Hooper, 687 S.E.2d 29 at 32 (citing 54 C.J.S. Limitations of Actions § 115 (2005)). "Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period to ensure fundamental practicality and fairness." Id. (citation and internal quotation marks omitted). In Hooper, the South Carolina Supreme Court noted that equitable tolling "typically applies in cases where a litigant was prevented from filing suit because of an

---

[5] Although South Carolina law imposes a duty on a person signing a document to exercise reasonable care to protect himself and learn the contents of a document before signing it, Regions Bank v. Schmauch, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003), the Estate also argues that the Wellin children's failure to describe to Keith the risks and consequences of the 2009 Transaction entitles the Estate to equitable estoppel under the doctrine of "estoppel by silence." ECF No. 640 at 31–32 (citing Provident Life & Accident Ins. Co. v. Driver, 451 S.E.2d 924, 928 (S.C. Ct. App. 1994). Assuming that the Estate could prove "estoppel by silence" to meet the essential elements of estoppel as to the party estopped, it would still fail to prove all essential elements necessary to the party claiming estoppel because of the imputation of the knowledge of the truth to the facts in question from Farace to Keith. Because all essential elements need to be proven for an equitable estoppel defense to prevail, the court need not address this argument.

12

extraordinary event beyond his or her control." Id. Hooper held that, in general, equitable tolling is appropriate:

> (1) where the plaintiff has actively pursued his or her judicial remedies by filing a timely but defective pleading; (2) where extraordinary circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert his or her claim; or (3) where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim.
>
> Equitable tolling applies either where the defendant is shown to have actively misled or prevented the plaintiff in some extraordinary way from discovering the facts essential to the filing of a timely lawsuit, or where the plaintiff has timely raised the same claim in the wrong forum.

Id. The Hooper court stated that these circumstances were not an "exclusive list of circumstances that justify the application of equitable tolling," but may be applied only when "in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." Id. at 33. The Hooper court cautioned that equitable tolling "should be used sparingly and only when the interests of justice compel its use." Id. "The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." Id. at 32.

The Estate relies on four cases to support its argument that the court should apply equitable tolling in this instance. ECF No. 640 at 29–30. In Magnolia North, the plaintiff-homeowners' association sued the defendant-developer for defects in construction eight months after gaining control of the homeowners' association from defendant-developer, but more than three years after the first meeting of the association, which would be outside the statute of limitations. 725 S.E.2d 112 at 125. The South Carolina Court of Appeals found the statute of limitations was equitably tolled during the period of time the defendant-developer controlled the homeowners' associations because

"an organization they controlled would [not] have initiated an action against itself during this period" and that their lack of control prevented the plaintiff-homeowners' association from bring suit until after defendant-developer lost control of the homeowners' association. Id. In Orlando Residence, Ltd. v. Hilton Head Hotel Investors, the court invoked equitable tolling to pause the statute of limitations for the period the defendant controlled the confession of judgment that was entered by the plaintiff. 2013 WL 1103027, at *12 (D.S.C. Mar. 15, 2013), aff'd sub nom. Orlando Residence, Ltd. v. Nelson, 565 F. App'x 212 (4th Cir. 2014). The court found the facts to be similar to Magnolia North, and that because the defendant's control of the confession of judgment prevented the plaintiff from bringing suit, applying equitable tolling was appropriate. Id.

In Hooper, the defendant failed to properly list its register agent for service with the Secretary of State as required by state law. 687 S.E.2d at 33–34. As a result, plaintiff "diligently pursued service on what turned out to be a nonexistent agent" but nonetheless was unable to effect service until one month after the running of the statute of limitations. Id. at 34. The South Carolina Supreme Court found that the plaintiff was diligent in pursuing its claim and the running of the statute of limitations was "caused by [defendant]'s own failure to supply the correct information regarding its agent to the Secretary of State as required by law," and justified equitable tolling. Id. In Wright v. Officer BJ Sawyer & Officer 2 Unknown, the defendant delayed its response to discovery and the court issued an order allowing the plaintiff to file a Motion to Amend after the running of the statute of limitation. 2016 WL 3633445, at *6 (D.S.C. June 15, 2016), report and recommendation adopted sub nom. Wright v. Sawyer, 2016 WL 3615655 (D.S.C. July 6, 2016). The court found that equitable tolling was justified because the

delay in filing had been caused by the defendant and the court. Id. A delay in filing the claim, not discovering the claim, caused by external factors outside the plaintiff's control is the dispositive fact in each of these cases. In other words, in South Carolina equitable tolling is a remedy most often grounded in procedural law, not substantive law.

The Estate makes many arguments about how the Wellin children engaged in behavior that purported to prevent the Estate from discovering the claims related to the 2009 Transaction. ECF No. 640 at 32–37. However, the Estate makes no arguments that anyone engaged in behavior that purported to prevent the Estate from filing the claims related to the 2009 Transaction. As the court explained in detail above, the Estate did have knowledge of the full impact of the 2009 Transaction based on the imputation of knowledge to Keith from his estate attorney. Because the Estate had the knowledge necessary to bring a claim and did not make any arguments trying to prove the Wellin children, or any other actor, caused the Estate's failure to bring a claim within the statute of limitations, the Estate cannot meet the burden of proving equitable tolling should be applied in this case.

After considering the facts of this case, and mindful of the South Carolina Supreme Court's instruction that equitable tolling should only be used "sparingly," the court declines to apply equitable tolling to suspend or extend the three–year statute of limitations.

**C. Accrual**

The statue of limitations period begins to run when "the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against another party might exist." Stokes–Craven, 787 S.E.2d at 489; see

S.C. Code Ann. § 15–3–535 (2005) ("[A]ll actions initiated under Section 15–3–530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."). The parties disagree regarding when the Estate knew or should have known that a cause of action for claims arising out of the 2009 Transaction, and therefore, when the statute of limitations began to run. This case was filed on July 3, 2013. Therefore, to determine if the statute of limitations has run, there must be objective proof that the Estate knew or should have known that a cause of action against the Wellin children for failure to disclose the risks and consequences of the 2009 Transaction existed prior to July 3, 2010.

The Wellin children argue that the Estate's claims that arise out of the 2009 Transaction began to run when the 2009 Transaction was executed on November 30, 2009. ECF No. 599 at 2. On the other hand, the Estate argues that the statute of limitations did not begin running until the hiring of new tax and estate counsel in 2013. ECF No. 640 at 5. No new evidence has been uncovered to change the court's position its January 22, 2014 order that the statute of limitations for the Estate's claims that arise out of the 2009 Transaction began to run when the 2009 Transaction was executed on November 30, 2009. ECF No. 91 at 7. Because the court finds that neither equitable estoppel nor equitable tolling are appropriate in this instance, the Estate brought their claims that arise out of the 2009 Transaction after the statute of limitations had run. Therefore, the court grants the defendants' motion for summary judgment because on all the claims arising out of the 2009 Transaction brought by the Estate are barred by the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motion for partial summary judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**January 8, 2020
Charleston, South Carolina**